USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/9/2022

**MEMO ENDORSED**

**THE CITY OF NEW YORK**

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**GREGORY ACCARINO**
Assistant Corporation Counsel
gaccari@law.nyc.gov
Phone: (212) 356-1945

May 9, 2022

**BY ECF**
Honorable Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> 5/9/2022
> I will enter a 60 day stay. Stay open pending the fact that this is a matter of getting to the queue. I expect investigation to be conducted expeditiously. W

Re:   Kwaine Thompson v. City of New York, et al.
      22 CV 01458 (CM)

Your Honor:

    I am an Assistant Corporation Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney assigned to represent defendant City of New York ("City") in the above-referenced matter. The City writes to respectfully request a stay of the present civil proceeding in its entirety pending the resolution of an open investigation by the New York City Department of Correction Investigation Division ("DOC ID") into the underlying allegations in this case regarding plaintiff, Kwaine Thompson. This is the first such request in this matter. Plaintiff's counsel, Mr. Philip Hines, consents to a sixty (60) day stay, or a stay until the end of the DOC ID investigation, whichever is earlier.

    By way of background, plaintiff brings this action, pursuant to 42 U.S.C. § 1983, alleging that from September 2020 until August 2021, while in the custody of the New York City Department of Correction ("DOC"), he was sexually assaulted by various DOC officers including Correction Office Nicole Bloomfield, Correction Officer Jessica Simmons, and Captain Debbie Palmer-Campbell. Plaintiff further alleges that during this period of time, Correction Officers Tiffany Francis and Chandra Davis observed Correction Officers Bloomfield and Simmons sexually assault Plaintiff, and that they failed to stop or report the alleged abuses. Plaintiff claims that he reported the purported assaults to Captain Tony Montague who failed to intervene and report the alleged abuses, and that he was threatened with and actually retaliated against for reporting these incidents. Finally, plaintiff alleges that he suffers severe physical and emotional injuries from these incidents and that he also contracted a sexually transmitted disease as a result.

    On February 22, 2022, plaintiff filed the federal Complaint. See ECF No. 1, Complaint, February 22, 2022. On March 14, 2022, defendant City requested an extension on consent from March 16, 2022 until May 16, 2022 to file its answer or otherwise respond to the Complaint, and

1

on March 14, 2022, this Court granted such request. See ECF No. 20, Letter Motion for Extension of Time to File Answer, March 14, 2022; see also ECF No. 21, Order granting Letter Motion for Extension of Time to Answer, March 14, 2022. On March 29, 2022, the Department of Correction returned an executed waiver of service for Correction Officer Nicole Bloomfield, Captain Tony Montague, and Captain Debbie Palmer-Campbell, setting their deadline to respond to the Complaint for May 31, 2022. See ECF No. 22, Waiver of Service Returned Executed, March 29, 2022. On April 8, 2022, plaintiff filed a First Amended Complaint. See ECF No. 23, First Amended Complaint, April 8, 2022. On April 4, 2022, the parties jointly filed a Civil Case Management, which was endorsed by the Court on April 8, 2022. See ECF No. 27, Civil Case Management Plan, April 8, 2022. On May 6, 2022, the Department of Correction returned an executed waiver of service for Correction Officers Chandra Davis, Jessica Simmons, and Tiffany Francis, setting their deadline to respond to the Complaint for July 5, 2022. See ECF No. 32, Waiver of Service Returned Executed, May 6, 2022.

This Office is informed by the New York City Department of Corrections ("DOC") that an investigation into the alleged incident underlying this action is currently pending, specifically, an alleged sexual harassment incident from June 13, 2021 at the Vernon C. Bain Center Facility, which plaintiff describes in the Complaint. See ECF No. 23, First Amended Complaint, Paragraph 44. There are several reasons why the pending DOC ID investigation necessitates a stay of the instant action.

First, the investigation may affect the representation of one or more of the individual defendants, depending on the investigation's outcome. Before this Office may assume representation of the individual defendants, it is required by General Municipal Law § 50-(k) to conduct an investigation into whether each officer is eligible for representation. See N.Y. Gen. Mun. Law § 50-(k); Mercurio v. City of New York, 758 F.2d 862, 864-65 (2d Cir. 1985). Pursuant to § 50-(k)(2), this Office must first determine whether an individual employee "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." See id.; see also Mercurio, 758 F.2d at 864-65; Muniz v. City of New York, No. 12 Civ. 719 (TPG), 2012 U.S. Dist. LEXIS 99826, at *4 (S.D.N.Y. July 17, 2012) (granting stay as to individual defendants pending resolution of internal agency investigation).

Because of the open DOC ID investigation, this Office cannot make a determination at this time as to whether each correction officer "was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred," nor whether this Office can represent each correction officer in the current action. Moreover, best practices prevent this Office from even communicating with the individual correction officers until the resolution of the DOC ID proceedings. This is because if any individual defendants are found to have violated DOC procedures, there would be a conflict of interest between this Office and the individual correction officers. Indeed, if this Office assumes representation of the individual defendants before the investigation is complete, but it later becomes apparent that any were ineligible for representation, the undersigned, and indeed the entire Special Federal Litigation Division, may be conflicted off of the case. Such a result would cause significant and undue expenditure of resources and delay.

Moreover, until the investigation concludes, both parties will have limited access to any documents, recordings, or other information regarding the incidents alleged in this case, or to any

2

relevant materials generated by the DOC ID during the investigation, because they are protected from disclosure during the investigation's pendency by the deliberative process privilege. See Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 356 (2d Cir. 2005) (noting that inter-agency or intra-agency documents that are both pre-decisional and deliberative may be subject to the deliberative process privilege) (internal citations and quotation marks omitted). Consequently, should a stay be denied, and should this action therefore proceed concurrently with the DOC ID investigation, all parties will suffer from an informational deficit, and this Office will be unable to effectively respond to plaintiff's Complaint or adequately prepare discovery.

Finally, plaintiff will not be prejudiced by a temporary stay in this case. As an initial matter, any potential prejudice to plaintiff would be diminished by the fact that DOC ID is investigating the incident. That investigation likely will aggregate relevant documents and information, streamlining discovery for all parties, including plaintiff. Therefore, a temporary stay of the proceedings would be in the interest of judicial economy and all parties involved.

Based on the foregoing, the undersigned respectfully requests that the Court: (1) stay the instant matter; and (2) adjourn *Sine Die* all deadlines and conferences in this case pending the conclusion of the DOC ID investigation into the underlying incident. With the Court's approval, the undersigned is prepared to provide the Court with a periodic update as to the status of DOC ID investigation every 30 day, until it has been concluded.

In the event that the Court denies this stay request, the undersigned notes to the Court that he will be out of the Office on leave from May 16, 2022 and returning May 31, 2022, and therefore, respectfully requests that the Court grant a thirty (30) day extension of time from May 16, 2022 until June 15, 2022 for defendant City to answer or otherwise respond to the Complaint, *sua sponte* grant a fifteen (15) day extension of time from May 31, 2022 until June 15, 2022 for defendants Bloomfield, Montague, and Palmer-Campbell to answer or otherwise respond to the Complaint, and grant a twenty-seven (27) day extension of time from May 19, 2022 until June 15, 2022 for both parties to serve discovery pursuant to Federal Rule of Civil Procedure Rule 26(a). Plaintiff's counsel consents to this alternative request. Furthermore, should the Court deny the instant stay request and instead grant the requested extension of time, the undersigned further respectfully requests a corresponding extension of all subsequent deadlines and notes that he will confer with plaintiff's counsel and submit an updated case management plan for the Court's approval.

Defendant City thanks the Court for its time and attention to this matter.

Respectfully submitted,

/s/ *Gregory J.O. Accarino*
Gregory J.O. Accarino
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: **By ECF**
Philip Michael Hines, Esq.
*Attorney for Plaintiff*

3