USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/26/22



**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**GREGORY ACCARINO**
Assistant Corporation Counsel
gaccari@law.nyc.gov
Phone: (212) 356-1945

July 7, 2022

MEMO ENDORSED
7/26/22
Stay Extended through September 6, 2022, on the condition that the City file a Status Update with the Court on the pending investigation by letter no later than August 8, 2022.

**BY ECF**
Honorable Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Kwaine Thompson v. City of New York, et al.
       22 CV 01458 (CM)

Your Honor:

     I am an Assistant Corporation Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney assigned to represent defendant City of New York ("City") in the above-referenced matter. The City writes to respectfully request that the present sixty (60) day stay of the civil proceeding, from May 9, 2022 until July 8, 2022, be extended an additional sixty (60) days, from July 8, 2022 until September 6, 2022, pending the resolution of an open investigation by the New York City Department of Correction Investigation Division ("DOC ID") into the underlying allegations in this case regarding plaintiff, Kwaine Thompson. Plaintiff's counsel, Mr. Philip Hines, consents to the additional sixty (60) day stay, but requests that more information be provided about the status of the DOC ID investigation before the end of the requested stay, should it be granted. To that end, defendant City respectfully proposes filing a Status Letter concerning the DOC ID investigation to the Court after thirty (30) days, by August 8, 2022.

     By way of background, plaintiff brings this action, pursuant to 42 U.S.C. § 1983, alleging that from September 2020 until August 2021, while in the custody of the New York City Department of Correction ("DOC"), he was sexually assaulted by various DOC officers including Correction Office Nicole Bloomfield, Correction Officer Jessica Simmons, and Captain Debbie Palmer-Campbell. Plaintiff further alleges that during this period of time, Correction Officers Tiffany Francis and Chandra Davis observed Correction Officers Bloomfield and Simmons sexually assault Plaintiff, and that they failed to stop or report the alleged abuses. Plaintiff claims that he reported the purported assaults to Captain Tony Montague who failed to intervene and report the alleged abuses, and that he was threatened with and actually retaliated against for

1

reporting these incidents. Finally, plaintiff alleges that he suffers severe physical and emotional injuries from these incidents and that he also contracted a sexually transmitted disease as a result.

On May 9, 2022, defendant City filed a Letter Motion requesting a stay pending a Department of Correction Investigation into the above-mentioned incident. See ECF No. 33, Letter Motion, May 9, 2022. This Office was informed by the New York City Department of Corrections ("DOC") that an investigation into the alleged incident underlying this action was currently pending, specifically, an alleged sexual harassment incident from June 13, 2021 at the Vernon C. Bain Center Facility, which plaintiff describes in the Complaint. See ECF No. 23, First Amended Complaint, Paragraph 44. On May 9, 2022, this Court granted a sixty (60) stay while the investigation was pending. See ECF No. 34, Order, May 9, 2022. The current stay ends on July 8, 2022. On July 1, 2022, this Office was informed by DOC that the investigation into the alleged incident is still pending and open. Therefore, defendant City respectfully renews its request for a stay in the case.

In the event that the Court denies this stay request, defendant City respectfully requests that the Court grant a fifty-three (53) day extension of time from July 15, 2022 until September 6, 2022 for defendant City to answer or otherwise respond to the Complaint, *sua sponte* grant a thirty-eight (38) day extension of time from July 30, 2022 until September 6, 2022 for defendants Bloomfield, Montague, and Palmer-Campbell to answer or otherwise respond to the Complaint, and grant a fifty (50) day extension of time from July 18, 2022 until September 6, 2022 for both parties to serve discovery pursuant to Federal Rule of Civil Procedure Rule 26(a). The current date for defendants Davis, Simmons, and Francis to answer or otherwise respond to the Complaint is September 6, 2022. Plaintiff's counsel consents to this alternative request. Furthermore, should the Court deny the instant stay request and instead grant the requested extension of time, the undersigned further respectfully requests a corresponding extension of all subsequent deadlines and notes that he will confer with plaintiff's counsel and submit an updated case management plan for the Court's approval by September 6, 2022.

Defendant City thanks the Court for its time and attention to this matter.

Respectfully submitted,

/s/ *Gregory J.O. Accarino*
Gregory J.O. Accarino
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: **By ECF**
   Philip Michael Hines, Esq.
   *Attorney for Plaintiff*