

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/23/2023

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

GREGORY ACCARINO
*Senior Counsel*
phone: (212) 356-1945
gaccari@law.nyc.gov

MEMO ENDORSED

May 23, 2023

5/23/2023
This case is being reassigned.

**BY ECF**
Honorable Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Kwaine Thompson v. City of New York, et al.
       22 CV 01458 (CM)

Your Honor:

    I am a Senior Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney assigned to represent defendants City of New York, Katrese Brumfield, Jessica Simmons, Debbie Palmer-Campbell, Tiffany Francis, Chandra Davis, and Tony Montague ("defendants") in the above-referenced matter. The defendants write to respectfully request the Court (1) instruct plaintiff to confirm his current address for the docket, (2) instruct plaintiff to respond to the defendants' interrogatories and document demands, served on December 1, 2022, by July 7, 2023, (3) permit an additional forty-five (45) day period thereafter, until August 22, 2023, to conduct plaintiff's deposition and complete fact discovery. This request does not affect any Court scheduled conferences. The defendants have confirmed that plaintiff is currently incarcerated in New York State Department of Corrections and Community Supervision's ("NYS DOCCS") Mid-State Correction Facility. The undersigned was unable to expeditiously confer with plaintiff concerning these requests due to his incarceration status.

    By way of background, plaintiff brings this action, pursuant to 42 U.S.C. § 1983, alleging that from September 2020 until August 2021, while in the custody of the New York City Department of Correction ("DOC"), he was sexually assaulted by various female DOC officers, while others failed to report said sexual assaults. On February 8, 2023, in the middle of fact discovery, before plaintiff responded to the defendants' interrogatories and document demands, which had been served on December 1, 2022, and before plaintiff confirmed a date for his

deposition, plaintiff's former counsel submitted a letter to the Court requesting to withdraw as plaintiff's counsel and further requesting a ninety (90) day stay for plaintiff's former counsel to transfer the case file to plaintiff, as plaintiff wished to proceed *pro se*. See ECF No. 53, Letter Motion, February 8, 2023. On February 21, 2023, the Court granted plaintiff's former counsel's February 8, 2023 application. See ECF No. 56, Memo Endorsement, February 21, 2023. The defendants have calculated the 90 day stay ended on May 22, 2023.

Prior to plaintiff's former counsel asking to be relieved, the parties engaged in significant paper discovery, with the parties exchanging initial disclosures and the defendants producing, *inter alia*, several Department of Corrections ("DOC") investigative files (determining plaintiff's claims to be unfounded or unsubstantiated), multiple surveillance video files, numerous recorded phone calls and interviews, over two thousand (2000) pages of plaintiff's Correctional Health Services ("CHS") medical records, and plaintiff's DOC inmate file. On December 1, 2022, the defendants served interrogatories and document demands, as well as a notice of deposition for plaintiff, on plaintiff's former counsel. In January 2023, the defendants followed up concerning the discovery responses as well as scheduling plaintiff's deposition before the Court-ordered January 14, 2023 deadline. See ECF No. 42, Civil Case Management Plan, October 17, 2022. Plaintiff's former counsel indicated to the defendants that he would seek additional time to meet with plaintiff and review the discovery produced before responding to defendants' discovery requests and conducting plaintiff's deposition. As the undersigned was on trial in early January, the parties wrote jointly to the Court to request an extension of time to conduct plaintiff's deposition, as well as submitted a new case management plan. See ECF No. 51, Joint Letter Motion, January 11, 2023. On January 12, 2023, the Court granted the extension, but did not endorse the case management plan. See ECF No. 52, Order, January 12, 2023.

The defendants have been attempting to determine plaintiff's address of incarceration, which has changed over the past several months. On April 25, 2023, the defendants confirmed that plaintiff was incarcerated at Greenhaven Correctional Facility. However, on May 8, 2023, the defendants learned that plaintiff had moved facilities and is currently incarcerated at Mid-State Correctional Facility (this was confirmed again today, May 23, 2023). The defendants sent a letter to plaintiff at his current address at Mid-State Correctional Facility on May 9, 2023 requesting his position, as well as a courtesy copy of the defendants' previously-served interrogatories and document demands. However, because plaintiff has not responded, and has not filed any address on the docket since proceeding *pro se*, the defendants respectfully request that the Court instruct plaintiff to confirm his current address. The defendants confirmed the following address with NYS DOCCS as plaintiff's current location:

Kwaine Thompson
Plaintiff *Pro Se*
#23B0962
Mid-State Correctional Facility
9005 Old River Road
Marcy, New York 13403

Accordingly, the defendants write to respectfully request the Court (1) instruct plaintiff to confirm his current address for the docket, (2) instruct plaintiff to respond to the defendants'

2

interrogatories and document demands, served on December 1, 2022, by July 7, 2023, (3) permit an additional forty-five (45) day period thereafter, until August 22, 2023, to conduct plaintiff's deposition and complete fact discovery.

The defendants thank the Court for its consideration.

Respectfully submitted,

/s/ Gregory J.O. Accarino

Gregory J.O. Accarino
*Senior Counsel*
Special Federal Litigation Division

Cc: **By U.S. Mail**:
Kwaine Thompson
Plaintiff *Pro Se*
#23B0962
Mid-State Correctional Facility
9005 Old River Road
Marcy, New York 13403

## DECLARATION OF SERVICE BY MAIL

I, Gregory J.O. Accarino, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on May 23, 2023, I served the annexed:

- COURT LETTER, DATED MAY 23, 2023

- DEFENDANTS' INTERROGATORIES AND DOCUMENT DEMANDS, DATED DECEMBER 1, 2023

upon the following Plaintiff *Pro Se* by serving copies of the same to be deposited, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to Plaintiff at the address set forth below, being the address designated by Plaintiff for that purpose:

Kwaine Thompson
Plaintiff *Pro Se*
#23B0962
Mid-State Correctional Facility
9005 Old River Road
Marcy, New York 13403

Dated: New York, New York
    May 23, 2023

/s/ *Gregory J.O. Accarino*
Gregory J.O. Accarino
*Senior Counsel*
Special Federal Litigation Division