UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KWAINE THOMPSON,

                Plaintiff,

-against-

CITY OF NEW YORK et al.,

                Defendants.

22-CV-1458 (JPO) (KHP)

**ORDER**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE.**

In civil cases, courts may, in their discretion, request that an attorney volunteer to represent an indigent litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989). Courts must make such requests sparingly and with reference to public benefit in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989). Before the Court considers whether to make such a request, as a threshold matter, (1) the litigant must demonstrate that they are indigent, meaning they do not have the resources to pay for a lawyer themselves, and (2) the court must find that the litigant's claim "seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).

Here, the Court finds that Plaintiff's claims seem likely to be of substance[1], and that Plaintiff may benefit from the assistance of counsel in opposing the Defendants' anticipated Motion for Summary Judgment. However, the Court does not know whether Plaintiff is

---

[1] To be clear, the Court does not make any substantive finding as to the merits of Plaintiff's claims at this time, but only notes that, considering the facts alleged in the Complaint and the Court's limited understanding of the discovery that has been produced, there appears to be "some chance" that Plaintiff's claims could be successful. *See Hodge*, 802 F.2d at 60-61.

indigent.  The Court also does not know whether Plaintiff would like the assistance of pro bono counsel or if he would prefer to continue to represent himself.

Accordingly, if Plaintiff is indigent and would like the Court to seek out a volunteer attorney to represent him, Plaintiff shall complete the attached Application to Proceed Without Prepaying Fees or Costs and the Prisoner Authorization Form, and Plaintiff shall write a short letter requesting the appointment of pro bono counsel to represent him.  Plaintiff shall then mail the two forms and his letter to the Pro Se Intake Unit at: <u>Pro Se Intake Unit, 500 Pearl Street, New York, NY 10007.</u>

If Plaintiff is *not* indigent (i.e. he has the financial resources to afford an attorney), and/or if Plaintiff does *not* want the assistance of counsel in opposing the Defendant's Motion for Summary Judgment but would prefer to represent himself, then Plaintiff should not complete and return the attached forms, and does not need to take any further action at this time.

**<u>The Clerk of Court is respectfully directed to mail a copy of this order and the attached forms to Plaintiff.</u>**

SO ORDERED.

Dated: November 29, 2023
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge