USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/19/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KWAINE THOMPSON,

                Plaintiff,

-against-

CITY OF NEW YORK et al.,

                Defendants.

22-CV-1458 (JPO) (KHP)

**ORDER GRANTING IN FORMA PAUPERIS APPLICATION AND GRANTING APPLICATION FOR PRO BONO COUNSEL**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE.**

Before the Court is Plaintiff's application to proceed *in forma pauperis* and his application for pro bono counsel. For the reasons stated below, both applications are GRANTED.

## BACKGROUND

Plaintiff Kwaine Thompson brought this action on February 22, 2022. Plaintiff was initially represented by counsel and paid the filing fee in full. The complaint alleges, inter alia, that while Plaintiff was a pretrial detainee at Rikers Island, he was repeatedly sexually abused by corrections officers, and that the individuals in charge of the facility took no action to stop or prevent the abuse.

Plaintiff's counsel withdrew as counsel on February 9, 2023. (ECF No. 54.) The Undersigned was referred for General Pretrial management on May 25, 2023. Discovery was completed in November 2023, and Defendants moved for summary judgment on December 5, 2023. Defendants have argued, inter alia, that video and deposition evidence contradicts Plaintiff's allegations.

On December 15, 2023, Plaintiff filed an application to proceed *in forma pauperis* and requested that the Court seek out a volunteer lawyer to represent him in opposing the motion for summary judgment. Plaintiff filed a declaration stating that he has no income and has only $75 in cash or in any checking, saving, or inmate account. (ECF No. 89). Plaintiff also declared that he has medical debt.

**ANALYSIS**

In civil cases, courts may, in their discretion, request that an attorney volunteer to represent an indigent litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989). Courts must make such requests sparingly and with reference to public benefit in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989). As a threshold matter, the litigant must demonstrate that they are indigent, meaning they do not have the resources to pay for a lawyer themselves, and the court must find that the litigant's claim "seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). The Court should also consider other factors, including the indigent's ability to investigate the crucial facts, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason why appointment of counsel would be more likely to lead to a just determination. *Id*.

Here, the Court finds, based on Plaintiff's application to proceed *in forma pauperis*, that Plaintiff is indigent. Additionally, without making any substantive finding as to the merits of Plaintiff's claims, and based only on the allegations in the Complaint and the Court's

2

understanding through case management conferences of the discovery that has been produced, the Court finds that at least some of Plaintiff's claims seem likely to be of substance.

The Court further finds that Plaintiff's ability to respond to the motion for summary judgment is hindered by the fact that he is incarcerated. Specifically, Defendants' motion references and relies on video evidence, and Plaintiff cannot easily view this evidence by virtue of his incarceration. Although the Court directed the correctional facility where Plaintiff is currently detained to permit Plaintiff to view the video evidence once, the Court understands that Plaintiff likely will not be permitted to view this evidence at his own discretion or as many times as he may need. The issues raised in the motion for summary judgment are also somewhat complex. Accordingly, in this particular case, representation would likely "lead to a quicker and more just result." *Hodge*, 802 F.2d at 61.

## CONCLUSION

For the foregoing reasons, Plaintiff's application to proceed *in forma pauperis* is **granted**, and his application for the Court to request counsel to represent him in opposing the motion for summary judgment is also **granted**. **The Clerk of the Court is respectfully directed to search for a volunteer lawyer to represent Plaintiff in opposing the motion for summary judgment.**

If a volunteer lawyer agrees to take this case, the lawyer will contact Plaintiff directly. Plaintiff is advised that it may be the case that no lawyer volunteers to represent him, in which case Plaintiff will continue representing himself, and will need to draft and file the opposition to the motion for summary judgment himself.

To allow time for the Clerk of the Court to seek out a volunteer lawyer, the deadline for Plaintiff to oppose Defendants' motion for summary judgment is extended from **Tuesday, February 6, 2024** to **Tuesday, March 5, 2024.** Defendants' reply is due **Tuesday, March 19, 2024.** In the event a volunteer lawyer agrees to come on board, the lawyer may write to the Court to request a reasonable extension of time to allow the lawyer to get up to speed.

**The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff.**

**SO ORDERED.**

Dated: December 19, 2023
New York, New York

_____Katharine H Parker_____
KATHARINE H. PARKER
United States Magistrate Judge