# The Atlantic Foundation

April 15, 2024

**BY ECF**

The Honorable Katherine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    <u>Thompson v. City of New York, et al.</u>
              No. 1:22-cv-1458 (JPO) (KHP)

Dear Judge Parker:

    Plaintiff Kwaine Thompson ("Plaintiff") respectfully submits this letter motion, along with his redacted declaration, ECF No. 116, as more fully explained below, consistent with the Court's order, which set a deadline of April 17, 2024, for this submission. ECF No. 110.

    By way of background, in responding to Defendants' summary judgment motion, Plaintiff requested (and received) the Court's permission to submit certain exhibits under provisional seal until his counsel had an opportunity to review the materials and, if appropriate, make redactions. *See* ECF Nos. 109 & 110. Earlier today, Plaintiff filed a redacted version of his declaration and exhibits, ECF 116.

    Defendants do not have any objections to Plaintiff's proposed redactions, as outlined below. Note that Defendants had previously redacted certain exhibits during discovery. In other words, some redactions were done by the City, and thus, Plaintiff cannot speak to them.

    I.    <u>The Exhibits and Proposed Redactions</u>

| Ex. | Description/Title | **Plaintiff's Redactions** |
|---|---|---|
| 1 | Plaintiff's Deposition Transcript | None |
| 2 | 50-H Transcript | None |
| 3 | Plaintiff's Medical Records | • Social Security number<br>• Date of birth |

|   |   |   |
|---|---|---|
|   |   | - Medical diagnoses/history |
| 4 | DOC Investigation File No. 1 | - Date of birth |
| 5 | Logbook entry by Defendant Brumfield | None |
| 6 | DOC Investigation File No. 2 | - Date of birth |
| 7 | DOC Investigation File No. 3 | - Date of birth |
| 8 | Facebook post | None |
| 9 | Security camera footage (screenshots) | - Inmates' faces who witnessed the altercation and are seen in the footage. |
| 10 | Plaintiff's lockdown order | - Plaintiff's specific criminal charges as alleged in his indictment(s). |
| 11 | Screen recordings showing gaps in the footage | None |

As illustrated above, a majority of Plaintiff's exhibits need not be redacted whatsoever and can be publicly filed. Most of the exhibits with redactions are limited to protecting sensitive information like Plaintiff's Social Security number and date of birth (Exs. 3, 4, 6, 7), as well as his past medical history/diagnoses well before, and unrelated to, the present lawsuit (Ex. 3).

Apart from those, there are two other exhibits with redactions (Exs. 9 and 10). Exhibit 9 contains still images from the purported altercation that erupted between Plaintiff and Defendant Brumfield in a dayroom at the George R. Vierno Center (GRVC). Some inmates' faces are blurred or redacted. Lastly, Exhibit 10 is a lockdown order issued by a New York state court in Plaintiff's criminal proceedings. Several lines are redacted related to the specific criminal charges against Plaintiff.

## II. Discussion

In the Second Circuit, courts rely on a three-part analysis to determine whether a filing or document should be made available to the public. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016); *Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022).

*First*, a court determines whether the filing is a judicial document. *Lugosch*, 435 F.3d 110 at 120. *Second*, if the filing is a judicial document, a presumptive right of access attaches.[1] *Third*, and finally, "the court must balance competing considerations against" the value of public disclosure. *Lugosch*, 435 F.3d at 120 (internal quotation marks and citation omitted); *see Bernstein*, 814 F.3d 132 at 143.

As relevant here, "documents submitted to a court for its consideration in a summary judgment motion are — as a matter of law — judicial documents to which a strong presumption of access attaches…" *See Lugosch*, 435 F.3d at 121; *Bernstein*, 814 F.3d 132 at 142. Thus, assuming Plaintiff's submissions are judicial documents, the Court must evaluate whether any countervailing factors outweigh the relatively strong presumption of public access to them.

Plaintiff's proposed redactions essentially fall into one of four categories, each of which is taken in turn below.

Sensitive information (e.g., SSN, DOB). An individual's Social Security number and date of birth are permissible redactions under Fed. R. Civ. P. 5.2(a)(1)-(4). Had Plaintiff filed the documents publicly, he would have "waive[d] the protection of Rule 5.2(a)." Fed. R. Civ. P. 5.2(h).

Medical history and diagnoses. Most of Plaintiff's medical records are unredacted with one exception, specifically one page that catalogs Plaintiff's past medical history and diagnoses. The redacted information is unrelated to these proceedings—it does not affect adjudication or either party's substantive rights. *See Bernstein*, 814 F.3d 132 at 142-43. Plus, courts frequently grant motions to seal or redact medical records. *See, e.g., Dunham v. City of New York*, No. 11-CV-01223 (ALC), 2021 WL 918373, at *1 n.1 (S.D.N.Y. Mar. 10, 2021) (granting motion to seal medical records) (citing *McGuirk v. Swiss Re Fin. Servs. Corp.*, No. 14-cv-9516, 2015 WL 13661685, at *1 (S.D.N.Y. Mar. 30, 2015)); *see also* Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. 104-191 (1996).

Lockdown order/criminal-related history. Plaintiff's lockdown order redacts the specific criminal charges raised in Plaintiff's criminal proceedings. Otherwise, the does not contain any redactions related to the court-ordered restrictions on Plaintiff's calls/communications while at Rikers. The redactions are appropriate for several reasons. For starters, Plaintiff criminal proceedings, including the related filings, have generally remained private and unavailable to the public. Put another way, they are "traditionally considered private rather than public." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir.1995). Beyond all of that, the document would neither "assist the public in understanding the issues before the court," nor "in evaluating the fairness and integrity of the court's proceedings." *Bernstein*, 814 F.3d 132 at 139 (citing *Newsday LLC*, 730 F.3d at 166-67) (alteration omitted); *see Olson*, 29 F.4th 59 at 90.

---

[1] That presumption "exists along a continuum," *Olson*, 29 F.4th 59 at 87. The weight of the presumption is at its zenith when the document directly affects an adjudication or a litigant's substantive rights. *Id.* at 88-90. And it weakens "where the documents play only a negligible role in the performance of Article III duties." *Id.* at 90.

<u>The non-party inmates.</u> The faces of inmates who were pictured in the security camera footage are redacted, although both Plaintiff and Defendant Brumfield's faces remain unedited. To begin with, the inmates are considered innocent third parties who are not associated with this case. *See Olson*, 29 F.4th 59 at 91-2 (quoting *In re Application of Newsday, Inc.,* 895 F.2d 74, 79-80 (2d Cir. 1990)). Thus, the security footage implicates the inmates' privacy interests, which should weigh heavily in a court's balancing equation." *See Amodeo*, 71 F.3d at 1050-51 (citing cases).

Last but not least, consider that Plaintiff does not request to seal, but rather, to make limited redactions. *See Olson*, 29 F.4th at 93 (courts consider whether redactions rather than wholesale sealing will be sufficient).

III. **Conclusion**

For all of the above reasons, Plaintiff respectfully requests the Court accept his declaration and letter-motion. In the alternative, should the Court deny the letter-motion, Plaintiff respectfully requests an opportunity to brief the request and present additional arguments to the Court.

\*   \*   \*

Thank you very much. I sincerely appreciate the Court's attention to this matter.

Very truly yours,

Sami Elamad