Docket No. 22 Civ. 01458 (JPO) (KHP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KWAINE THOMPSON,

Plaintiff,

-against-

CITY OF NEW YORK, CORRECTION OFFICER
KATRESE BRUMFIELD, CORRECTION OFFICER
JESSICA SIMMONS, CAPTAIN DEBBIE PALMER-
CAMPBELL, CORRECTION OFFICER TIFFANY
FRANCIS, CORRECTION OFFICE CHANDRA
DAVIS, and CAPTAIN TONY MONTAGUE,

Defendants.

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Gregory J.O. Accarino*
*Tel: (212) 356-1945*
*Matter No: 2022-010134*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................. iii

PRELIMINARY STATEMENT ........................................................................1

ARGUMENT

       POINT I

              PLAINTIFF'S CLAIMS SHOULD STILL BE
              LIMITED TO THREE DISTINCT INCIDENTS OF
              SEXUAL ASSAULT ...................................................................1

       POINT II

              PLAINTIFF'S REQUEST TO RE-OPEN
              DISCOVERY SHOULD BE DENIED ........................……………1

       POINT III

              PLAINTIFF'S TESTIMONY CONCERNING
              ALLEGED SEXUAL ASSAULTS IS STILL
              INCREDIBLE AS A MATTER OF LAW ...............……………………3

       POINT IV

              PLAINTIFF'S CLAIMS OF FAILURE TO
              INTERVENE STILL FAILS ...................................................….6

       POINT V

              PLAINTIFF'S FAILURE TO PROTECT CLAIM
              STILL FAILS................................................................................7

       POINT VI

              PLAINTIFF'S NEGLIGENCE CLAIM STILL
              FAILS ........................................................................................7

       POINT VII

              PLAINTIFF'S NEGLIGENT HIRING, TRAINING,
              SUPERVISION, FAILS ..............................................................8

**Page**

POINT VIII

      PLAINTIFF'S CLAIM OF INTENTIONAL AND
NEGLIGENT INFLICTION OF EMOTION
DISTRESS STILL FAILS ........................................................................9

POINT IX

      PLAINTIFF'S GENDER-MOTIVATED
VIOLENCE PROTECTION LAW CLAIM STILL
FAILS ......................................................................................................9

POINT X

      PLAINTIFF'S STATE LAW CLAIMS AGAINST
DEFENDANT PALMER-CAMPBELL STILL
FAIL .......................................................................................................9

POINT XI

      THERE IS NO MUNICIPAL LIABILITY CLAIM
IN THIS CASE ......................................................................................10

CONCLUSION..............................................................................................................10

## **TABLE OF AUTHORITIES**

**Cases**                                                                                          **Pages**

*Bernard v. United States*,
    25 F.3d 98 (2d Cir. 1994).......................................................................................8

*Douglas v. Victor Capital Group*,
    21 F. Supp. 2d 379 (S.D.N.Y. 1998)....................................................................1

*Hawana v. New York*,
    230 F. Supp. 2d 518 (S.D.N.Y. 2002).................................................................10

*House v. City of New York*,
    No. 18 Civ. 6693 (PAE), 2020 WL 6891830
    (S.D.N.Y. Nov. 24, 2020) .....................................................................................8

*Jeffreys v. City of New York*,
    426 F.3d 549 (2d Cir. 2005)..................................................................................3

*L.S. v. Webloyalty.com, Inc.*,
    954 F.3d 110 (2d Cir. 2020)...............................................................................2, 7

*Miller v. Wolpoff & Abramson, L.L.P.*,
    321 F.3d 292 (2d Cir. 2003)..................................................................................2

*Rheingold v. Harrison Town Police Dep't*,
    568 F. Supp. 2d 384 (S.D.N.Y. 2008)..................................................................8

*Rush v. Fisher*,
    923 F. Supp. 2d 545 (S.D.N.Y. 2013)..................................................................1

*Taylor v. City of New York*,
    269 F. Supp. 2d 68 (E.D.N.Y. 2003) ...................................................................1

**Statutes**

N.Y. Gen. Mun. Law § 50-e ........................................................................................9

## PRELIMINARY STATEMENT

Plaintiff, now represented by counsel for the purpose of summary judgment only, fails to meaningfully oppose defendants' arguments shining light on his wildly inconsistent, contradictory, and incredible testimony regarding his allegations of sexual assault.  Nor does plaintiff even attempt to address the video surveillance, medical evidence, or recorded interviews that directly refute his allegations.  As explained in defendants' initial memorandum and further below, plaintiff's testimony regarding his alleged sexual assaults is incredible as a matter of law, and the Court should dismiss this matter in its entirety, with prejudice.

## ARGUMENT

## POINT I: PLAINTIFF'S CLAIMS SHOULD STILL BE LIMITED TO THREE DISTINCT INCIDENTS OF SEXUAL ASSAULT

As an initial matter, plaintiff has provided no meaningful opposition to defendants' argument that plaintiff's claims should be limited to three distinct incidents of sexual assault, based on his own testimony: once by defendant Brumfield, once by defendant Simmons, and once by defendant Palmer-Campbell.  (*See* Defendants Memorandum of Law in Support of Defendant's Motion for Summary Judgement ("Def. Memo"), at 4).  Accordingly, any other alleged incidents should be abandoned.  *See Taylor v. City of New York*, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003) ("Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way.") (citing *Douglas v. Victor Capital Group*, 21 F. Supp. 2d 379, 393 (S.D.N.Y. 1998) (collecting cases)); *see also Rush v. Fisher*, 923 F. Supp. 2d 545, 548, 554 (S.D.N.Y. 2013).

## POINT II: PLAINTIFF'S REQUEST TO RE-OPEN DISCOVERY SHOULD BE DENIED

Plaintiff's improper request to re-open discovery should be denied.  In response to defendants' arguments concerning plaintiff's federal failure to protect claim and all of plaintiff's

state law claims, plaintiff requests to re-open discovery (*See* Plaintiff's Opposition Motion ("Pl. Opp.") at 11-13).   A party resisting summary judgment on the basis that it needs discovery must submit an affidavit showing: "(1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." *Miller v. Wolpoff & Abramson*, L.L.P., 321 F.3d 292, 303 (2d Cir. 2003) (internal quotations and citation omitted).   Plaintiff has not only failed to do so, but has also failed to provide any justification, has failed to specifically articulate what facts he seeks as well as any efforts to obtain them, and has only speculated as to what information could exist without any specificity whatsoever.   In addition, further discovery would not affect the arguments, or basis for the arguments, supporting summary judgment as stated in Points V-IX, *infra.*   Accordingly, plaintiff's request to-reopen discovery in his summary judgment opposition should be denied for these reasons alone.   S*ee L.S. v. Webloyalty.com, Inc.*, 954 F.3d 110, 117 (2d Cir. 2020) (finding that request for discovery was "too speculative to justify further discovery").

By way of background, plaintiff was initially represented by counsel when this lawsuit was filed, as well as through part of discovery, before proceeding *pro se*.   *See* ECF No. 1, Complaint, February 22, 2022; ECF No. 53, Letter Motion to Substitute Attorney, February 8, 2023.   Discovery lasted for one full year from the filing of the Case Management Plan on October 17, 2022 until the close of discovery October 16, 2023, with multiple Court appearances, and plaintiff had ample opportunity to seek discovery while he was represented and also while he proceeded *pro se*.   *See* ECF No. 42, Civil Case Management Plan, October 17, 2022; ECF No. 73, Order, October 10, 2023.   At no point during fact discovery did plaintiff raise the issue of additional discovery or seek a discovery extension.   Nor is it currently clear what discovery plaintiff would

seek or how plaintiff would seek this speculative discovery, as Mr. Elamad is only representing plaintiff for the limited purpose of "the motion for summary judgment, dated Dec. 5, 2023," and plaintiff would be conducting the additional discovery and subsequent briefing *pro se*. *See* ECF No. 105, Notice of Limited Appearance, March 20, 2024, *see also* Pl. Opp. at 12, ("plaintiff respectfully requests an opportunity to submit additional briefing or a sur-reply, especially if he continues as a ***pro se* litigant**.") (emphasis added).  Accordingly, plaintiff's request to re-open discovery for plaintiff's federal failure to protect and state law claims should be denied.

## POINT III: PLAINTIFF'S TESTIMONY CONCERNING ALLEGED SEXUAL ASSAULTS IS STILL INCREDIBLE AS A MATTER OF LAW

In response to defendants' arguments, plaintiff superficially skims and, at times, outright ignores plaintiff's wildly inconsistent and contradictory testimony concerning his alleged sexual assaults by defendants Brumfield, Simmons, and Palmer-Campbell.  It is very telling that in his argument plaintiff fails to even address the video surveillance, medical evidence, or his own video recorded interviews that refute his own claims.  Plaintiff argues his inconsistencies are not significant, however that is false.  As discussed in defendants' initial memorandum, plaintiff's testimony regarding his allegations in this case is incredible as a matter of law because it is contradicted by his 311 calls, statements to DOC investigators, Notice of Claim, sworn 50-H testimony, federal civil complaint, sworn deposition testimony, video surveillance footage, and medical records, and no reasonable jury would believe that any defendant used excessive force or sexually assaulted plaintiff  (*See* Def. Memo. at 5-13).  Contrary to plaintiff's contention, plaintiff's testimony is the only evidence that supports his allegations. *See also Jeffreys v. City of N.Y.,* 426 F.3d 549, 554 (2d Cir. 2005).  To the extent plaintiff asserts there is some video proving his allegations, there is no basis for that contention, and the video that does exist directly refutes his allegations.  Plaintiff has not pointed to any videos, pictures, medical records, witness

statements, or anything else other than his own incredible and self-serving testimony to support his allegations. In his opposition, plaintiff does not even attempt to address any single specific inconsistency mentioned in defendants' initial memorandum, and instead, his counsel attempts to provide reasons as to why his testimony is so inconsistent, when plaintiff himself never meaningfully testified to having "[1] fear of retaliation …. [2] issues of masculinity and manhood … or [3] hesitancy to withhold information from authorities." *See* Pl. Opp. at 5-7. In fact, plaintiff's own actions contradict his counsel's reasoning, as plaintiff reported the alleged incidents involving defendant Brumfield and defendant Palmer-Campbell the day after they allegedly occurred. (*See* Investigation File re: Brumfield, at DEF02235, Elamad Declaration, Exhibit 4, Investigative File re: Palmer-Campbell, at DEF02360, Elamad Declaration, Exhibit 7).

In regard to plaintiff's allegations concerning an alleged sexual assault by defendant Palmer-Campbell, as stated in defendants' initial memorandum, *inter alia,* video surveillance directly contradicts plaintiff's claims as the video shows that defendant Palmer-Campbell never made any physical contact with plaintiff or even attempted to touch him. (*See* Def. Memo. at 6-8; GRVC Video Surveillance from December 18, 2021, C1 and C2, Exhibit C). Plaintiff addresses none of this in his argument, but does state "I'm sure they got cameras in the clinic." *See* Pl. Opp. at 7. Well, they do, and the video surveillance directly refutes plaintiff's claims. (*See* GRVC Video Surveillance from December 18, 2021, C1 and C2, Exhibit C). Even though plaintiff's complaints against defendant Palmer-Campbell shifted from alleged verbal harassment, to her allegedly attempting to grab plaintiff's crotch, to her allegedly performing oral sex on plaintiff, all in the medical clinic, the surveillance video from the medical clinic shows that defendant Palmer-Campbell did not reach for plaintiff's crotch, or even touch plaintiff in anyway. (*See Id.*; 311 call re Palmer-Campbell, at timestamp 3:17-5:58, Exhibit H; Summary of plaintiff's interview with

DOC investigators on December 19, 2021 regarding allegations against defendant Palmer-Campbell, Exhibit I; SAC at ¶ 50; and Pl. Dep at 77:2-9, Exhibit A).  Accordingly, plaintiff's claims against defendant Palmer-Campbell should be dismissed.

In regard to plaintiff's allegations concerning an alleged sexual assault by defendant Brumfield, as stated in defendants' initial memorandum, *inter alia,* plaintiff's own statements to DOC investigators contradict his allegations of sexual assault concerning defendant Brumfield. (*See* Def. Memo. at 8-11).  Plaintiff himself stated, in the video recorded interview, that he was never sexually abused by defendant Brumfield.  (*See* DOC Video Interview, at timestamp, 8:44-8:59, Exhibit B).  This is not addressed in plaintiff's argument.  Furthermore, plaintiff never contracted chlamydia in the time period he alleges he was sexually assaulted by defendant Brumfield.  (*See* Second Amended Complaint, October 21, 2022, ECF No. 45, at ¶ 33-34; CHS Records, Exhibit F; and Plaintiff's Medical Records, Exhibit 1).  Again, this is not addressed in plaintiff's argument.  Instead, plaintiff attempts to distract the Court by referencing a medical condition of priapism and a urinary tract infection, but neither support his allegation of chlamydia, and are immaterial and not relevant to plaintiff's claims.  (*See* Plaintiff's Response and Counterstatement to Defendants' Local Rule 56.1 Statement, at ¶ 12-14.).  Nor is the shifting account, under oath, of the alleged assault by defendant Brumfield ever discussed.  Accordingly, plaintiff's claims against defendant Brumfield should be dismissed.

In regard to plaintiff's allegations concerning an alleged sexual assault by defendant Simmons, as stated in defendants' initial memorandum, *inter alia,* plaintiff's own statements to DOC investigators once again contradict his allegations of sexual assault, this time with defendant Simmons.  (*See* Def. Memo. at 12-13).  When plaintiff asked if he ever had sexual contact with Officer Simmons, plaintiff emphatically responded **"No!"** to DOC investigators on a video

recorded interview. (*See* DOC Video Interview, at timestamp 8:44-8:59, Exhibit B).  Once again, this contradictory testimony is not addressed whatsoever, nor are the varying and inconsistent sworn statements of plaintiff concerning this incident ever addressed.  Accordingly, plaintiff's claims against defendant Simmons should be dismissed.

Plaintiff's testimonies regarding the nature and extent of his alleged sexual assaults by defendants Brumfield, Simmons, and Palmer-Campbell, are wildly inconsistent, contradicted by video evidence, contradicted by medical evidence, and contradicted by plaintiff's own words.  In his argument, plaintiff takes extreme steps to not even address his unreliable testimony whatsoever.  As previously mentioned, the only consistency about plaintiff's testimony is that it is inconsistent.  Accordingly, no reasonable jury could credit plaintiff's testimonies regarding his alleged sexual assaults, and all of plaintiff's claims, which stem from his incredible testimony, should be dismissed with prejudice.

**POINT IV: PLAINTIFF'S CLAIMS OF FAILURE TO INTERVENE STILL FAILS**

Plaintiff has not cited to any evidence in the record that demonstrates that defendants Francis, Davis, and Montague had any reasonable opportunity to intervene for any alleged sexual assault.  *See* Pl. Opp at 10-11.  In response to defendants' argument, plaintiff states that these defendants had an opportunity to stop the alleged assault because plaintiff "spoke[] to numerous investigators." *See Id.* at 11.  However, the record is clear that plaintiff only ever spoke to investigators *after* any alleged assault occurred.  (*See* Investigation File re: Brumfield, at DEF02235, Elamad Declaration, Exhibit 4).  Plaintiff cannot overcome his own testimony, which demonstrates that (1) when plaintiff was allegedly assaulted by a defendant, no other defendant was present, and (2) plaintiff was allegedly assaulted by defendants Brumfield, Simmons, and Palmer-Campbell once, so there was no way defendants Francis, Davis, and Montague could have

known or had an opportunity to intervene. (*See* Pl. Dep at 12:1-13:3, 14:5-25, 47:14-48:22, 54:17-55:11, 62:3-11, Exhibit A).   Lastly, plaintiff alleges he was assaulted by defendant Palmer-Campbell in GRVC while defendants Francis, Davis, and Montague were stationed in VCBC, and therefore, defendants Franics, Davis, and Montague had no opportunity to intervene in this alleged assault. (*See* SAC at ¶ 27-28, 30, 35).   Accordingly, these claims should be dismissed.

## POINT V: PLAINTIFF'S FAILURE TO PROTECT CLAIM STILL FAILS

Plaintiff has simply chosen not to substantively address defendants' argument concerning this claim and accordingly, this claim should be deemed abandoned.   In response to defendants' argument, plaintiff offers no meaningful response and merely requests that plaintiff "should be afforded an opportunity to adequately conduct discovery."   *See* Pl. Opp. at 11. However, as discussed in Point II, *supra*¸ plaintiff has had an adequate opportunity to conduct discovery, and cannot request to open discovery based on mere speculation.   S*ee L.S.*, 954 F.3d 110, 117.   Nor can plaintiff overcome his own testimony, as discussed in Point IV, *supra*, and defendants' initial memorandum, including, *inter alia*, that there was no possible way that defendants Francis, Davis, and Montague could have been aware of defendants Brumfield, Simmons, and Palmer-Campbell's alleged propensity to sexually assault plaintiff because, according to plaintiff's sworn testimony, there was only one (1) alleged instance of sexual assault each with defendants Brumfield, Simmons, and Palmer-Campbell, with no prior instance.   (See Pl. Dep at 12:1-13:3, 47:14-48:22, 62:3-11, Exhibit A).   Accordingly, this claim should be dismissed.

## POINT VI: PLAINTIFF'S NEGLIGENCE CLAIM STILL FAILS

Plaintiff does not meaningfully address any of defendant's arguments regarding plaintiff's state law claims, and accordingly, these claims should be deemed abandoned.   Without any support whatsoever, plaintiff states "there is no need to reach that issue [deciding plaintiff's

state law claims], especially if the Court denies the City's motion for summary judgement on plaintiff's federal claims." *See* Pl. Opp. at 12.  Plaintiff further then requests an opportunity for plaintiff to file a *pro se* sur-reply, citing *House v. City of New York*, which does not support this proposition whatsoever, and involves the Court fully dismissing a plaintiff's case on summary judgment.  *See House v. City of New York,* No. 18 Civ. 6693 (PAE), 2020 WL 6891830, at *11 (S.D.N.Y. Nov. 24, 2020).  Plaintiff made a deliberate decision not to address the defendants' argument, as discussed in defendants' initial memorandum, including, *inter alia*, that plaintiff's negligence claim fails as plaintiff alleges intentional conduct, which would not require any further discovery.  See, e.g., Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994); Rheingold v. Harrison Town Police Dep't, 568 F. Supp. 2d 384, 396 n.3 (S.D.N.Y. 2008).  Plaintiff could have addressed this argument but chose not to.  Accordingly, this claim should be dismissed.

Although plaintiff does not address defendants' arguments concerning plaintiff's state law claims, he further contends that these claims should not be deemed waived or abandoned, without providing any appropriate citation.  However, defendants' arguments concerning plaintiff's state law claims remain unopposed, without substantive response.  Accordingly, plaintiff's state law claims should all be deemed abandoned and dismissed on these grounds.

## POINT VII: PLAINTIFF'S NEGLIGENT HIRING, TRAINING, SUPERVISION, FAILS

As an initial matter, for the reasons stated above in Point VI, *supra*, plaintiff did not offer any meaningful opposition to defendants' argument as to this claim, and accordingly this claim should be dismissed.  Furthermore, this claim should be dismissed because, *inter alia,* there is no evidence in the record that demonstrates that the City knew or should have known of some propensity by defendants Brumfield, Simmons, or Palmer-Campbell to allegedly sexually assault an inmate, and plaintiff himself testified concerning three alleged incidents with these defendants,

stating he was never previously sexually assaulted by these defendants, as discussed in Point V, *supra*. (See Pl. Dep at 12:1-13:3, 47:14-48:22, 62:3-11, Exhibit A). Accordingly, plaintiff's state law claim of negligent hiring, training, supervision, and retention should be dismissed.

## POINT VIII: PLAINTIFF'S CLAIM OF INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTION DISTRESS STILL FAILS

As an initial matter, for the reasons stated above in Point V, *supra*, plaintiff did not offer any meaningful opposition to defendants' argument as to this claim, and accordingly this claim should be dismissed. As stated in defendants' initial memorandum, plaintiff cannot prevail on his intentional and negligent infliction of emotional distress claims because, *inter alia*, they are duplicative of his traditional tort claims because they arise from the same conduct as his sexual assault claims. (*See* Def. Memo. at 19-20). Accordingly, plaintiff's claim of intentional and negligent infliction of emotional distress should be dismissed.

## POINT IX: PLAINTIFF'S GENDER-MOTIVATED VIOLENCE PROTECTION LAW CLAIM STILL FAILS

As an initial matter, for the reasons stated above in Point V, *supra*, plaintiff did not offer any meaningful opposition to defendants' argument as to this claim, and accordingly this claim should be dismissed. As stated in defendants' initial memorandum, this claim should be dismissed because, *inter alia*, there is no evidence in the record that demonstrates that any alleged sexual assault was motivated by plaintiff's gender. (*See* Def. Memo. at 20-21). Accordingly, this claim should be dismissed.

## POINT X: PLAINTIFF'S STATE LAW CLAIMS AGAINST DEFENDANT PALMER-CAMPBELL STILL FAIL

Plaintiff fails to offer any meaningful opposition that overcomes New York state's notice of claim requirements for claims against defendant Palmer-Campbell. See N.Y. Gen. Mun. Law, § 50-e. In fact, plaintiff focuses on the PLRA, which is irrelevant to defendants' argument.

Plaintiff filed a Notice of Claim on July 9, 2021, in relation to the alleged incidents involving defendants Brumfield and Simmons, but never filed a Notice of Claim in relation to the alleged incident on December 18, 2021, involving defendant Palmer-Campbell.  (See NOC, Exhibit E). Accordingly, plaintiff is procedurally barred from bringing New York state law claims because he failed to comply with General Municipal Law, and said state law claims against defendant Palmer-Campbell should be dismissed.

## POINT X: THERE IS NO MUNICIPAL LIABILITY CLAIM IN THIS CASE

For the first time in the entire pendency of the lawsuit, on the last page of his opposition, plaintiff raises a municipal *(Monell)* liability claim.  (*See* Pl. Opp. at 13).  This claim should not be considered by the Court, nor should the Court permit additional discovery related to it.  *See Hawana v. New York*, 230 F. Supp. 2d 518, 534 (S.D.N.Y. 2002) ("The plaintiff cannot raise new claims in a response to a motion for summary judgment.").

## CONCLUSION

For the foregoing reasons, and for the reasons outlined in their initial memorandum of law, defendants respectfully request that the Court grant their motion for summary judgment pursuant to Fed. R. Civ. P. 56, together with such costs, fees, and other and further relief as the Court deems just and proper.

Dated:        New York, New York
              April 19, 2024

                                          /s/ Gregory Accarino
                                          Gregory Accarino
                                          *Attorney for Defendants*

CC:    **By ECF:**
       Sami Elamad
       *Attorney for Plaintiff*