

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Acting Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **GREGORY ACCARINO**<br>*Senior Counsel*<br>phone: (212) 356-1945<br>gaccari@law.nyc.gov |

October 25, 2024

**BY ECF**
Honorable Katherine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Kwaine Thompson v. City of New York, et al.
               22 Civ. 1458 (JPO) (KHP)

Your Honor:

      I am a Senior Counsel in the office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, and the attorney assigned to represent defendants City of New York, Katrese Brumfield, Jessica Simmons, Debbie Palmer-Campbell, Tiffany Francis, Chandra Davis, and Tony Montague ("defendants") in the above-referenced matter. The defendants respectfully write in response to plaintiff's motion to compel discovery, filed on October 16, 2024. *See* Dkt. No. 147, Letter Motion, October 16, 2024.[1]

      **A.  Plaintiff's Failure to Properly Meet and Confer**

      As an initial matter, plaintiff did not properly meet and confer, in accordance with this Court's Individual Rules, regarding the discovery issues outlined his October 16, 2024 letter, as plaintiff's counsel did not even inform the defendants what issues he would be writing to the Court about until October 16, 2024 at 7:23 p.m. by email, before filing his motion to compel discovery that same night at 9:26 p.m., without waiting for a response from defendants. Therefore, plaintiff's motion to compel should be denied on this ground alone.

---

[1] The undersigned respectfully notes that he will be unavailable from November 4, 2024 until November 12, 2024 due to previously scheduled leave.

On July 9, 2024, plaintiff served his discovery requests and, on August 6, 2024, defendants served their objections and responses. On September 13, 2024, five weeks after defendants served their discovery responses, plaintiff's counsel emailed the defendants regarding purported deficiencies in their responses, and defendants responded by letter on September 20, 2024. The parties met and conferred on September 25, 2024 by telephone regarding plaintiff's requests for (1) additional videos, (2) PREA investigation documents and emails, and (3) the individual defendants' "employee files." Defendants were under the impression that these issues were resolved after the September 25, 2024 meet and confer session, until plaintiff emailed the defendants on October 7, 2024 regarding **only** his request for the defendants' "employee files." On October 7, 2024, the parties again met and conferred by telephone, but this time regarding only plaintiff's request for the defendants' "employee files," and the defendants agreed to produce Memoranda of Complaint regarding allegations made against the individual defendants that are similar in nature to the allegations in the Complaint – sexual assault – as well as allegations regarding truthfulness, even though, as further explained below, defendants did not believe these documents were properly discoverable under the Court's Order concerning the proper scope of discovery. Those documents were produced to plaintiff the next day on October 8, 2024, and the defendants heard nothing further from plaintiff, believing that all discovery issues were resolved. On October 14, 2024, plaintiff's counsel emailed asking if the parties had entered into an ESI agreement or protocol in this case, without raising any other issues and, on October 15, 2024, defendants responded that there was no such agreement or protocol.

On October 16, 2024, at 3:05 p.m., plaintiff's counsel informed the defendants that he intended to file a pre-motion letter "sometime today or tomorrow to seek the Court's assistance regarding the outstanding discovery requests. It's unlikely that any further meet-and-confer efforts will help the parties' discovery dispute," without any explanation of what discovery disputes were outstanding. Almost thirty minutes later, at 3:39 p.m., the defendants emailed plaintiff's counsel asking essentially, what discovery disputes there were, as none had been raised after the defendants produced additional documents on October 8, 2024. The defendants informed plaintiff's counsel that this issue was not ripe for Court intervention as they were not sure which issues plaintiff was intending to raise with the Court or if the parties could not come to an agreement. At 7:23 p.m., plaintiff's counsel then responded by email outlining the discovery issues addressed in the October 16, 2024 letter, and, without waiting for a response, plaintiff, shortly thereafter, at 9:26 p.m., that same evening, filed a motion to compel, without properly conferring with the defendants about the issues. Accordingly, plaintiff's motion to compel should be denied in its entirety due to plaintiff's failure to comply with this Court's Individual Rules because he did properly meet and confer prior to filing his motion.

In addition, plaintiff's motion to compel should be denied on other grounds as well.

### B. Photographs and Video and Audio Recordings

Prior to his filing his motion to compel, defendants informed plaintiff that they already have searched for and produced to plaintiff all retained documents responsive to plaintiff's requests for "[a]ll recordings, videos, photographs, and other audio-visual materials that captured Plaintiff," insofar as they relate to the allegations in this lawsuit, including, *inter alia*, video surveillance, video recorded interviews, audio recorded complaints and photographs taken of

plaintiff. Defendants further produced, upon plaintiff's request, DOC's video retention policies. Thus, plaintiff's motion to compel in this regard should be denied as there is nothing to compel.

### C. PREA Investigation Documents

Plaintiff has requested PREA Investigation documents and correspondence related to the allegations in plaintiff's complaint. The defendants have produced three PREA investigation files, including video and audio attachments, as well as email correspondence, relating to the investigations that were conducted by DOC in regard to the allegations in plaintiff's Complaint. Upon information and belief, these are all the DOC documents related to the PREA investigations of the allegations in plaintiff's Complaint, and this information was relayed to plaintiff's counsel during the parties' September 25, 2024 meet and confer telephone call. Thus, again, plaintiff's motion to compel in this regard should be denied as there is nothing to compel.

Although plaintiff faults defendants for failing to produce back to him correspondence between his prior counsel and DOC from June and August 2021, first, plaintiff never raised this with defendants at any point prior to filing his motion to compel. In any event, such correspondence does not relate to the PREA investigations at all because correspondence with DOC Constituent Services is considered to relate to grievances. In any event, now that plaintiff has made defendants aware of this concern for the first time, defendants are conducting a search of plaintiff's relevant grievance records, and related correspondence, and supplement their document production. Thus, again, there is no dispute here and plaintiff's motion to compel should be denied.

With respect to plaintiff's request for "certain logbooks related to plaintiff's allegations," the defendants have previously produced logbook entries related to two of the three incidents – June 13, 2021, related to defendant Brumfield, and December 17, 2021 into December 18, 2021, relating to defendant Palmer-Campbell. Upon information and belief, and based on plaintiff's own sworn deposition testimony, plaintiff never reported the third alleged incident of sexual assault with him and defendant Simmons. Therefore, defendants submit that no other logbook dates are relevant to the allegations in plaintiff's Complaint, nor defendants' summary judgment motion.

In regard to their logbook production, the defendants previously produced the VCBC housing area logbook entries from June 13, 2021, the date of plaintiff's alleged incident with defendant Brumfield, which includes a reference to an interaction between plaintiff and defendant Brumfield, as well as the GRVC housing area and clinic logbook entries from the evening of December 17, 2021 into December 18, 2021, the date plaintiff alleges he was sexually assaulted by defendant Palmer-Campbell, which documents plaintiff and defendant Palmer-Campbell's actions and locations. At the time of their production, these logbook entries were redacted to only include entries related to plaintiff. Now that plaintiff seeks to determine whether correction officers were actively supervising these areas at the times of the alleged incidents in compliance with PREA, the defendants, on October 24, 2024, reproduced the previously produced logbook entries with nearly no redactions, as well as additional VCBC housing area control room logbook entries for June 13, 2021, which do not refence plaintiff, and additional entries from the VCBC housing area logbook for the full day of June 13, 2021, which also do not reference plaintiff, to demonstrate the active supervision steps the correction officers took on those dates, in those areas.

3

In regard to this production, the only redactions made were to unrelated inmate names and their book and case numbers, as this information may be sealed pursuant to C.P.L. 160.50. Accordingly, defendants respectfully submit that they have produced all logbooks relevant to plaintiff's claims and, thus, there is no dispute.

### D. Defendants' "Employment Records"

As a preliminary matter, plaintiff's request for "employment records" is vague, ambiguous, not properly limited in time or scope, overbroad and, generally unclear. Nevertheless, defendants understand plaintiff to be requesting disciplinary records in particular.

Defendants first note that it does not appear that such records are even properly discoverable because when the Court re-opened discovery in this matter, it instructed plaintiff's counsel to serve discovery requests that are **specifically** "tailored to facts relevant to the motion for summary judgment." *See* Dkt. No. 129, Discovery Order, June 25, 2024. In this regard, defendants note that they did not rely on the testimony of any individual defendant in making their motion for summary judgment and defendants' disciplinary records are not relevant to the arguments raised in defendants' summary judgment motion.

In any event, defendants still produced to plaintiff the Employee Performance Service Reports for each of the individual defendants, which includes their assignments, training, and an outline of their disciplinary history. The defendants made redactions to personal protective information as well as allegations that are not similar in nature to the allegations in plaintiff's Complaint, *i.e.* sexual assault, or truthfulness, in accordance with Second Circuit precedent. *See, e.g., Walston v. City of New York*, 2016 U.S. Dist. LEXIS 199251, at *3 (E.D.N.Y. July 14, 2016) ("The law is clear that only disciplinary records involving complaints of a similar nature, or relating to false statements, need be produced.") (citing cases).

On October 7, 2024, the parties met and conferred regarding the relevance of the individual defendants' employee records to plaintiff's motion for summary judgment, and plaintiff stated they were necessary to demonstrate notice as to whether an employee has a propensity for such conduct outlined in plaintiff's Complaint, *i.e.* sexual assault, which plaintiff again states in his motion to compel. To that extent, the Employee Performance Service Reports the defendants produced would be all plaintiff needs to demonstrate this point, as defendants did not redact allegations similar in nature to the allegations in the complaint or related to truthfulness. Therefore, these documents are sufficient for that purpose.

Nevertheless, in an effort to compromise and avoid Court intervention on the **only** issue plaintiff ever properly raised and pursued with defendants prior to filing his motion to compel, and to provide more details regarding the disciplinary allegations against the individual defendants that were reflected on the documents already produced, on October 8, 2024, the defendants produced the Memoranda of Complaint for each of the individual defendants that are listed in the Employee Performance Service Reports relating to allegations that are similar in nature to the allegations in the complaint, *i.e.* sexual assault, or relate to truthfulness. Each Memorandum of Complaint contains a specific factual description, usually a paragraph or more, outlining, with clarity, the alleged actions the individual defendant took, as well as a listing of the departmental rules that

4

those actions were alleged to have violated. These documents are more than sufficient in light of the rationale behind plaintiff's request. The defendants further note that plaintiff has failed to describe what he is even specifically asking for, or for what purpose, and any further request without explanation can only be considered a fishing expedition.

### E. Redactions

Prior to filing his motion to compel, plaintiff never once raised any issues concerning any of defendants' redactions to any documents produced. In every instance where the defendants produced a document containing redactions, the defendants specifically included a cover letter describing what type of information was redacted and the grounds for each redaction, including, *inter alia*, that the information redacted was personal protective information, related to disciplinary allegations that are unrelated to the allegations in the complaint or truthfulness, and/or may be sealed as a matter of law pursuant to C.P.L. 160.50. Defendants did not make any redactions on the basis of any privilege and so no privilege log is necessary or required.

### F. Conclusion

Accordingly, for the foregoing reasons, plaintiff's October 16, 2024 motion to compel discovery should be denied in its entirety.

The defendants thank the Court for its consideration.

Respectfully submitted,

*/s/ Gregory J.O. Accarino*
Gregory J.O. Accarino
*Senior Counsel*
Special Federal Litigation Division

cc:   **BY ECF:**
Sami Elamad, Esq.
*Attorney for Plaintiff*