# *The Atlantic Foundation*

January 21, 2025

**BY ECF**

Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:    Renewed Application for Leave to File Materials Under Seal and With Redactions
> *Thompson v. City of New York, et al.*, No. 22-cv-1458 ( JPO) (KHP)

Dear Judge Parker:

I write respectfully on behalf of Plaintiff Kwaine Thompson to request leave to file Plaintiff's supplemental briefing materials under seal and with redactions, pursuant to section (III)(d) of Your Honor's Individual Rules of Practice and order of January 14, 2025, ECF No. 178. Specifically, this application requests the Court's permission to (1) remove Plaintiff's supplemental briefing materials (ECF Nos. 171 & 172) from the public docket and re-file them under seal; and (2) on the public docket, file Plaintiff's supplemental brief with redactions.

Last week, the Court denied Plaintiff's initial request for leave (ECF No. 176) for its failure to include a copy of the proposed redactions that it seeks to file/apply, as required by Your Honor's Rules. *See* ECF No. 178. The Court directed that Plaintiff may file a corrected version by January 22, 2025. *Id.* Accordingly, Plaintiff renews his request and files this application with proposed redactions.[1] Defendants consent to this request.

## BACKGROUND

As background, Plaintiff filed a supplemental brief, ECF No. 171, in opposition to Defendants' motion for summary judgment on January 3, 2025. Along with his memorandum of law, Plaintiff filed a declaration with one exhibit (ECF No. 172-1), *i.e.,* an internal investigative report by the New York City Department of Corrections ("DOC" or "Department"). The report summarizes a 2015 DOC investigation in connection with an inmate's allegations of abuse against several correctional officers, one of whom is a defendant in this case. Note: There are redactions in the report as-filed, which Defendants had made beforehand as part of discovery.

---

[1] As submitted, the supplemental brief reflects redactions proposed by both parties.

Hon. Katharine Parker
Jan. 21, 25
Page 2 of 2

After the supplemental brief was filed, Defendants contacted Plaintiff advising him that the briefing materials discuss confidential information and should have been filed under seal, pursuant to the terms of the parties' confidentiality stipulation. Defendants added that memorandum of law discusses confidential information and the internal DOC report is designated as confidential. Meaning, Plaintiff was required to request leave from the Court to file under seal prior to filing his briefing materials, which did not occur in this instance.

## DISCUSSION

In the Second Circuit, courts rely on a multi-step framework in considering whether a document may be placed under seal. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016); *Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022).

*First*, a court determines whether the filing is a judicial document. *Lugosch*, 435 F.3d 110 at 120. As relevant here, "documents submitted to a court for its consideration in a summary judgment motion are — as a matter of law — judicial documents to which a strong presumption of access attaches" under the First Amendment and common law. *Lugosch*, 435 F.3d at 121; *see Bernstein*, 814 F.3d 132 at 142. *Second*, if the filing is a judicial document, a presumptive right of access attaches. *See id. Third*, and finally, "the court must balance competing considerations against" the value of public disclosure, such as the danger of impairing law enforcement and the privacy interests of those resisting disclosure. *See Bernstein*, 814 F.3d 132 at 142-43.

Assuming Plaintiff's submissions are considered judicial documents, the Court must evaluate whether any countervailing factors outweigh the strong presumption of public access in this context.

Here, there are several countervailing factors applicable. For starters, the 2015 report discusses sensitive information about several DOC employees. It has historically remained private and unavailable to the public, which supports filing the materials under seal. *Cf. United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). Plus, the report contains information that is likely "embarrassing" or "detrimental" to Defendants if publicly disclosed. *See Bernstein*, 814 F.3d 132 at 145.

\*    \*    \*

Thank you very much. I sincerely appreciate the Court's attention to this matter.

Very truly yours,

Sami Elamad