Docket No. 22 Civ. 1458 (JPO) (KHP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KWAINE THOMPSON,

                                                        Plaintiff,

                        -against-

CITY OF NEW YORK, ET AL.,

                                                        Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION

*__MURIEL GOODE-TRUFANT__*
*Corporation Counsel of the City of New York*
*Attorney for defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Gregory J.O. Accarino*
*Tel: (212) 356-1945*
*Matter No.:  2022-010134*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

LOCAL CIVIL RULE 6.3 STANDARD FOR RECONSIDERATION ...................................... 2

ARGUMENT .......................................................................................................................... 3

      POINT I

            PLAINTIFF'S CLAIMS STEMMING FROM HIS
            ALLEGED SEXUAL ASSAULT BY
            DEFENDANT BRUMFIELD AND ALLEGED
            SEXUAL ASSAULT BY DEFENDANT
            SIMMONS THROUGH JUNE 14, 2021 SHOULD
            BE DISMISSED BECAUSE PLAINTIFF DENIED
            THEY OCCURRED IN A VIDEO-RECORDED
            INTERVIEW ............................................................................. 3

      POINT II

            PLAINTIFF'S REMAINING STATE LAW
            CLAIMS SHOULD BE DISMISSED ........................................ 7

CONCLUSION ....................................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**                                                                                                            **Pages**

*Medisim Ltd. v. BestMed LLC*,
    No. 10-CV-2463 (SAS), 2012 U.S. Dist. LEXIS 56800
    (S.D.N.Y. Apr. 23, 2012)..................................................................................................3

*Ramos v. City of New York*,
    No. 15-CV-6085 (ER), 2017 U.S. Dist. LEXIS 131465, 2017 WL 3575697
    (S.D.N.Y. Aug. 16, 2017) ............................................................................................3

*Shrader v. CSX Transp., Inc.*,
    70 F.3d 255 (2d Cir. 1995).......................................................................................2, 3

**Statutes**

Local Civil Rule 6.3 ..........................................................................................................1, 2

Local Rule 7.2 .......................................................................................................................3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KWAINE THOMPSON,

                                         Plaintiff,

                  -against-

CITY OF NEW YORK, ET AL.,

                                  Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS'
MEMORANDUM OF LAW
IN SUPPORT OF THEIR
MOTION FOR
RECONSIDERATION**

22 Civ. 1458 (JPO) (KHP)

Defendants City of New York, Katrese Brumfield, Jessica Simmons, Debbie Palmer-Campbell, Tiffany Francis, Chandra Davis, and Tony Montague ("defendants"), by their attorney, Muriel Goode-Trufant, Corporation Counsel of the City of New York, respectfully submit this Memorandum of Law in support of their motion for reconsideration pursuant to Rule 6.3 of the of the Local Civil Rules of the United States District Court for the Southern and Eastern Districts of New York.

## PRELIMINARY STATEMENT

By Order dated March 26, 2025, the Court granted defendants' motion for summary judgment with respect to all of plaintiff's claims except for his federal claims for (1) alleged sexual assault against defendants Brumfield, Simmons, and Palmer-Campbell; and (2) failure to intervene by defendants Francis, Davis, and Montague, as well as plaintiff's New York state law claims for (1) alleged sexual assault and battery against defendants Brumfield and Simmons, (2) plaintiff's negligence claims; (3) plaintiff's negligent hiring and retention claim against defendant City; and (4) plaintiff's negligent infliction of emotional distress against defendants Francis, Davis, Montague, and City.  *See* Dkt. No. 198, Order, March 26, 2025.

However, defendants respectfully submit that the Court overlooked plaintiff's June 14, 2021 video-recorded statement to Department of Correction ("DOC") Prison Rape Elimination Act ("PREA") investigators, in which plaintiff denied, on video, the same-day he reported being allegedly sexually harassed by defendant Brumfield, that he was ever sexually abused by defendants Brumfield or Simmons.  *See* Dkt. No. 85-2, Plaintiff's Video-recorded Interview with DOC Investigators on June 14, 2021 regarding allegations against defendant Brumfield ("DOC Video Interview"), annexed to the December 5, 2023 Declaration of Gregory Accarino as "Exhibit B."

Thus, defendants now respectfully move for reconsideration as to the Court's decision regarding the claims stemming from plaintiff's allegations of sexual assault by defendant Brumfield and sexual assault by defendant Simmons through June 14, 2021, which include federal claims of (1) alleged sexual assault against defendant Brumfield and alleged sexual assault against defendant Simmons through June 14, 2021; and (2) failure to intervene by defendants Francis, Davis, and Montague, as it relates to the alleged sexual assault by defendant Brumfield and the alleged sexual assault by defendant Simmons through June 14, 2021, as well as the remaining New York state law claims, pursuant to Rule 6.3 of the Local Civil Rules of the United States District Court for the Southern and Eastern Districts of New York.

Accordingly, as explained below, all of plaintiff's claims stemming from the alleged sexual assault by defendant Brumfield and alleged sexual assault by defendant Simmons through June 14, 2021, should be dismissed as a matter of law.

## LOCAL CIVIL RULE 6.3 STANDARD FOR RECONSIDERATION

A motion for reconsideration should be granted where "the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp.,*

*Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see, also, e.g., Ramos v. City of New York*, No. 15-CV-6085

(ER), 2017 U.S. Dist. LEXIS 131465, 2017 WL 3575697, at *2 (S.D.N.Y. Aug. 16, 2017)[1] ("Rule

6.3 of the Local Civil Rules for this District provides for reconsideration or reargument of a court's

order on a motion only where the court has overlooked controlling decisions or factual matters that

were 'put before it on the underlying motion . . . and which, had they been considered, might have

reasonably altered the result before the court.'") (citation omitted).

Pursuant to Rule 6.3 of Local Civil Rules of the United States District Courts for the

Southern and Eastern Districts of New York, the Court may grant a motion to reconsider a prior

decision to "'correct a clear error or prevent manifest injustice.'" *Medisim Ltd. v. BestMed LLC*,

No. 10-CV-2463 (SAS), 2012 U.S. Dist. LEXIS 56800, at *2-3 (S.D.N.Y. Apr. 23, 2012) (citation

omitted).

## **ARGUMENT**

### **POINT I**

**PLAINTIFF'S CLAIMS STEMMING FROM HIS ALLEGED SEXUAL ASSAULT BY DEFENDANT BRUMFIELD AND ALLEGED SEXUAL ASSAULT BY DEFENDANT SIMMONS THROUGH JUNE 14, 2021 SHOULD BE DISMISSED BECAUSE PLAINTIFF DENIED THEY OCCURRED IN A VIDEO-RECORDED INTERVIEW**

In its March 26, 2025 Order, the Court found an issue of fact regarding plaintiff's sexual

assault claims. The Court stated that "**only notes** kept by DOC employees about Thompson's

PREA interviews are available, rather than transcripts…" *See* Dkt. No. 198, Order at 10-11, March

26, 2025 (emphasis added). However, this is not the case, as plaintiff's video-recorded interview

with DOC PREA investigators on June 14, 2021, taken the same-day plaintiff reported being

---

[1] In accordance with Local Rule 7.2, defendants will provide plaintiff, now proceeding *pro se*, with copies of unpublished cases when serving this memorandum of law.

allegedly sexually harassed by defendant Brumfield, was submitted in connection with defendants' motion for summary judgment. *See* DOC Video Interview, Exhibit B. The Court did not mention this video-recorded interview throughout its March 26, 2025 Order and incorrectly stated that it was able to rely on "only notes kept by DOC employees about Thompson's PREA interviews." *See* Dkt. No. 198, Order at 10-11, March 26, 2025. Accordingly, defendants respectfully submit that the Court overlooked plaintiff's June 14, 2021 interview with DOC PREA investigators, submitted as Exhibit B accompanying defendants' memorandum, when issuing its March 26, 2025 Order.

As stated in defendants' initial memorandum, plaintiff first called 311 on June 14, 2021, alleging defendant Brumfield "made advances" and "sexually harassed" plaintiff verbally, without any mention of a sexual assault or physical contact. *See* Dkt. No. 85-7, Plaintiff's Call to 311 on June 14, 2021 Reporting Allegations against defendant Brumfield, annexed to the December 5, 2023 Declaration of Gregory Accarino as "Exhibit G;" Dkt. No. 87, December 5, 2023 Memorandum of Law in Support of Defendants' Motion for Summary Judgment ("Defs. Memo") at 8-9. That same day, DOC PREA investigators met with plaintiff regarding the allegations he had just made, and that interview was recorded on video. *See* DOC Video Interview, Exhibit B.

In that video-recorded interview, which was specifically to discuss plaintiff's allegations of sexual harassment against defendant Brumfield with DOC PREA investigators on record, plaintiff made no mention of any sexual assault and only stated that defendant Brumfield falsely wrote a logbook entry, yelled at plaintiff, and wrote plaintiff letters. *See id.* However, and most importantly, in that same video-recorded interview, plaintiff stated that he was never sexually abused by defendant Brumfield. *See id.* at timestamp, 8:44-8:59. When asked by DOC PREA investigators, "In regards to you and Ms. [Brumfield] it's only been letters happening, nothing

4

happened physical to you guys," plaintiff responded, "No," denying any physical contact with defendant Brumfield. *See id.*

This denial covers the entire period plaintiff alleged he was sexually assaulted by defendant Brumfield. In plaintiff's Notice of Claim, plaintiff alleges that he was sexually abused by defendant Brumfield from September 2020 through June 13, 2021, the day prior to plaintiff's recorded interview, and denial, with DOC PREA investigators concerning these allegations. *See* Dkt. No. 85-5, Plaintiff's Notice of Claim, filed July 9, 2021 ("NOC"), at page 4 (including the cover page), annexed to the Declaration of Gregory Accarino as "Exhibit E," December 5, 2023. Furthermore, plaintiff's Second Amended Complaint stated that alleged sexual abuse by defendant Brumfield occurred for this very same period, "September 2020 and June 2021." *See*, Dkt. No. 45, Second Amended Complaint ("SAC") at ¶¶ 38, 44-46, October 21, 2022. Accordingly, because plaintiff himself denied that he was sexually abused by defendant Brumfield to DOC PREA investigators in a video-recorded interview, in conjunction with the other reasons stated in defendants' initial memorandum, plaintiff's testimony regarding his alleged sexual assault by defendant Brumfield is incredible as a matter of law, and therefore all claims stemming from plaintiff's alleged sexual assault by defendant Brumfield should be dismissed.

Furthermore, as stated in defendants' initial memorandum, during that same June 14, 2021 video-recorded interview with DOC PREA investigators, plaintiff was asked if he ever had sexual contact with defendant Simmons, to which he emphatically responded "No!" *See* DOC Video Interview, at timestamp 8:44-8:59, Exhibit B; Defs. Memo at 12. Plaintiff, in his July 9, 2021 Notice of Claim, alleged defendant Simmons sexually abused him from September 2020 through January 2021. *See* NOC, at page 4 (including the cover page), Exhibit E. Therefore, plaintiff's June 14, 2021 video-recorded denial of ever being sexually abused by defendant Simmons would cover all of plaintiff's state law claims related to defendant Simmons' alleged sexual assault.

However, defendants acknowledge that plaintiff's Second Amended Complaint covers a period "[b]etween "January 2021 and August 2021," and therefore defendants respectfully submit that only sexual assault allegations related to defendant Simmons from June 15, 2021 through August 2021 should survive.  *See* SAC at ¶ 40.  Accordingly, because plaintiff himself denied he was sexually abused by defendant Simmons to DOC PREA investigators in a video-recorded interview, in conjunction with the other reasons stated in defendants' initial memorandum, plaintiff's testimony relating to his alleged sexual assault by defendant Simmons through June 14, 2021 is incredible as a matter of law, and therefore all claims stemming from plaintiff's alleged sexual assault by defendant Simmons through June 14, 2021 should be dismissed.

Moreover, should plaintiff's claims related to the alleged sexual assault by defendant Brumfield and alleged sexual assault by defendant Simmons through June 14, 2021 be dismissed because plaintiff's testimony related to these alleged sexual assaults is incredible as a matter of law and that these instances of sexual assault did not occur based on plaintiff's own video-recorded denial to DOC PREA investigators, who were there to investigate the very sexual harassment plaintiff reported the same day, defendants respectfully submit that the related federal claim of failure to intervene in the alleged sexual assault by defendant Brumfield and alleged sexual assault by defendant Simmons through June 14, 2021, against defendants Francis, Davis, and Montague should also be dismissed, as defendants Francis, Davis, and Montague were only stationed in VCBC, where defendants Brumfield and Simmons worked, and not in GRVC where defendant Palmer-Campbell was stationed, and plaintiff's claims against defendants Francis, Davis, and Montague only relate to the alleged sexual assaults by defendants Brumfield and Simmons, and not to the alleged sexual assaults by defendant Palmer-Campbell.  *See* SAC at ¶¶ 26-30, 43, 89-109.

6

Accordingly, the defendants respectfully submit that plaintiff's claims related to the alleged sexual assault by defendant Brumfield and the alleged sexual assault by defendant Simmons through June 14, 2021, should be dismissed.

## POINT II

### PLAINTIFF'S REMAINING STATE LAW CLAIMS SHOULD BE DISMISSED

As stated previously, should plaintiff's claims related to the alleged sexual assault by defendant Brumfield and alleged sexual assault by defendant Simmons through June 14, 2021 be dismissed because plaintiff's testimony related to these alleged sexual assaults is incredible as a matter of law and that these instances of sexual assault did not occur, defendants respectfully submit that all of the remaining New York state law claims, including (1) alleged sexual assault and battery against defendants Brumfield and Simmons, (2) plaintiff's negligence claims against defendants Brumfield, Simmons, Francis, Davis, Montague, and City; (3) plaintiff's negligent hiring and retention claim against defendant City; and (4) plaintiff's negligent infliction of emotional distress against defendants Francis, Davis, Montague, and City, should also be dismissed.

As an initial matter, plaintiff's claims described in his July 9, 2021, Notice of Claim, only cover a period from September 2020 through June 13, 2021, the day before plaintiff's video-recorded interview with DOC PREA investigators. *See* NOC, at page 4 (including the cover page), Exhibit E. Therefore, plaintiff's New York state law claims do not cover any allegations subsequent June 13, 2021, as plaintiff did not file a Notice of Claim for any period after June 13, 2021. In addition, in its March 26, 2025 Order, the Court dismissed all state law claims against defendant Palmer-Campbell, and therefore, there are no remaining New York state law claims related to the alleged sexual assault by defendant Palmer-Campbell, which plaintiff states occurred on December 18, 2021. *See* Dkt. No. 198, Order at 15, March 26, 2025; SAC at ¶ 35.

Accordingly, should the Court dismiss plaintiff's claims against defendants Brumfield and Simmons, as discussed in Point I, *supra*, because, *inter alia*, plaintiff denied being sexually assaulted by defendants Brumfield and Simmons in his June 14, 2021 video-recorded interview with DOC PREA investigators, defendants respectfully submit that all of plaintiffs' remaining New York state law claims, which are only noticed in plaintiff's July 9, 2021 Notice of Claim though June 13, 2021 and relate to those allegations of sexual assault against defendants Brumfield and Simmons through June 14, 2021, should also be dismissed. *See id.*

<u>**CONCLUSION**</u>

For the foregoing reasons, defendants City of New York, Brumfield, Simmons, Palmer-Campbell, Francis, Davis, and Montague respectfully request that the Court grant their motion for reconsideration in its entirety and dismiss plaintiff's claims stemming from the sexual assault by defendant Brumfield and the alleged sexual assault by defendant Simmons through June 14, 2021, as well as the remaining New York state law claims, with prejudice, and grant such other and further relief as the Court deems just and proper.

Dated:      New York, New York
                April 1, 2025

                                                        MURIEL GOODE-TRUFANT
                                                        Corporation Counsel for the City of New York
                                                        *Attorney for Defendants*
                                                        100 Church Street
                                                        New York, NY  10007
                                                        (212) 356-1945

                                        By:      */s/ Gregory J.O. Accarino*
                                                        Gregory J.O. Accarino
                                                        Senior Counsel

CC:      **BY U.S. MAIL:**
             Kwaine Thompson
             *Plaintiff Pro Se*
             EMTC, Rikers Island
             10-10 Hazen Street,
             East Elmhurst, New York 11370

8