UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KWAINE THOMPSON,
       Plaintiff,

-v-

CITY OF NEW YORK, *et al.*,
       Defendants.

22-CV-1458 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

  Defendants move for reconsideration of this Court's March 26, 2025 Opinion and Order denying in part their motions to dismiss Plaintiff's claims. *See Thompson v. City of New York*, No. 22-CV-1458, 2025 WL 919435, at *4 (S.D.N.Y. Mar. 26, 2025).

  "A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (quotation marks omitted). To prevail, the movant must demonstrate either "(1) an intervening change in controlling law; (2) the availability of new evidence[;] or (3) a need to correct a clear error or prevent manifest injustice. *Id.* at 696 (citing *Bergerson v. N.Y. State Off. of Mental Health, Central N.Y. Psychiatric*, 652 F.3d 277 (2d Cir. 2011)); *see also Cioce v. County of Westchester*, 128 Fed. App'x 181, 185 (2d Cir. 2005) (summary order) ("Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."). "Importantly, in reviewing motions for reconsideration courts will not tolerate efforts to obtain a second bite at the apple." *Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 581 (S.D.N.Y. 2013), *aff'd*, 602 F. App'x 3 (2d Cir. 2015) (summary order) (cleaned up).

1

Having reviewed the record and the parties' memoranda of law, the Court concludes that it overlooked neither a controlling issue of law nor an outcome-determinative fact in the record. Because Thompson's PREA interviews "were [not] taken under oath," and because Thompson "avers that he was and continues to be afraid of retaliation from Rikers staff," the Court concluded that contradictory statements in those interviews were "not a sufficient basis for summary judgment," even if they do impair Thompson's credibility. *Thompson*, 2025 WL 919435, at *5. As the Court explained, inconsistent prior testimony, even if under oath in a judicial proceeding, compels summary judgment "only in exceptional circumstances," and such circumstances are not present here. *Id.* at *4.

The Court acknowledges that a video recording of Thompson's first PREA interview is available, though Defendants provided only notes for Thompson's second and third interviews. *Cf. id.* at *5. However, because the lack of a transcript for Thompsons's first PREA interview was not a necessary basis for the Court's opinion, Plaintiff's motion to reconsider is DENIED.

The Clerk of Court is directed to close the motion at Docket Number 199.

SO ORDERED.

Dated: April 14, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge