

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**GREGORY ACCARINO**
*Senior Counsel*
phone: (212) 356-1945
gaccari@law.nyc.gov

August 29, 2025

**BY ECF**
Honorable J. Paul Oetken
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    Kwaine Thompson v. City of New York, et al.
               22 Civ. 1458 (JPO) (KHP)

Your Honor:

      I am a Senior Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney assigned to represent defendants City of New York, Katrese Brumfield, Jessica Simmons, Debbie Palmer-Campbell, Tiffany Francis, Chandra Davis, and Tony Montague ("defendants") in the above-referenced matter.

      Pursuant to the Court's Order at the August 22, 2025 Court Conference, the parties write jointly to respectfully (1) advise whether they consent to Magistrate Judge jurisdiction, (2) advise whether they will be available to begin trial on October 27, 2025, and (3) submit proposed pretrial deadlines. *See* Dkt. Entry, Minute Entry, August 22, 2025.

      As an initial matter, (1) defendants do not consent to the jurisdiction of a Magistrate Judge, and (2) the parties will both be prepared to begin trial on October 27, 2025.

      In addition, the parties respectfully propose the following pretrial deadlines:

- October 6, 2025 – Deadline for the parties to confer and file a Joint Pretrial Order ("JPTO");
- October 14, 2025 – Deadline for the Parties to File their Motions *in Limine,* Proposed Jury Instructions, Propose Verdict Sheet, and Proposed *Voire Dire* Questions; and

- October 21, 2025 – Deadline for the Parties to File Oppositions to Motions *in Limine*.

The parties respectfully propose the Court schedule the final pretrial conference on October 22, 2025 or October 23, 2025. The undersigned will be unavailable for a conference on October 20, 2025.

**Issue Requiring Court Intervention:**

On August 29, 2025, the parties unsuccessfully met and conferred by telephone and have come to an impasse requiring Court intervention regarding the scheduling of intermediate deadlines for exchanging draft JPTO documents prior to the proposed October 6, 2025 deadline to file the JPTO with the Court.

**Defendants' Position:**

The defendants proposed (1) a September 15, 2025 deadline for plaintiff to provide a draft JPTO to defendants, and (2) a September 30, 2025 deadline for defendants to provide a revised draft JPTO to plaintiff, prior to the October 6, 2025 deadline to file a JPTO with the Court. Plaintiff's counsel objected to including these two deadlines in this letter and stated that the earliest that he could provide defendants with a draft JPTO would be October 1, 2025, two (2) business days before the deadline to file of the JPTO with the Court.

Plaintiff's proposal does not allow nearly enough time for the parties to review and respond to each other's drafts of the JPTO, or to meet and confer about any issues. The defendants respectfully request the Court include these intermediate deadlines for the parties to exchange draft JPTO documents prior to the October 6, 2025 submission to the Court to provide enough time for (1) defendants to review and respond to plaintiff's draft JPTO, (2) defendants to add their portions to the draft JPTO, (3) plaintiff to review defendants' revised draft JPTO and add responsive sections, and (4) defendants to respond to plaintiff's revisions. The defendants respectfully submit that it is necessary that the Court set these intermediate deadlines to exchange draft JPTOs given the only two (2) month period before the Monday, October 27, 2025 agreed-upon jury selection date.

Accordingly, the defendants respectfully request that the Court set (1) a September 15, 2025 deadline for plaintiff to provide a draft JPTO to defendants, and (2) a September 30, 2025 deadline for defendants to provide a revised draft JPTO to plaintiff, prior to the October 6, 2025 deadline to file a JPTO with the Court.

**Plaintiff's Position:**

Plaintiff objects to Defendants' request for "intermediate deadlines" for several reasons.

Defendants' proposed schedule is unnecessary and unduly burdensome. It would require Plaintiff to prepare and circulate a draft JPTO in only two weeks' time, which does not allow sufficient opportunity to fully prepare his case for trial, meet with counsel, and review evidence.

Moreover, exhibits and witness lists may continue to evolve, and imposing a September 15 deadline would force Plaintiff to prematurely lock in portions of the JPTO.

Defendants have also not explained why they require two full weeks after receiving Plaintiff's draft to provide their revisions. Defense counsel has suggested that this time is needed "to prepare adequate objections" to Plaintiff's exhibits and witnesses, but such objections are meant to be limited to brief notations under Your Honor's Individual Rules. Even if objections were more extensive, fairness would dictate that Plaintiff be given equal time to respond to Defendants' evidence. Yet under Defendants' proposal, Plaintiff would not see Defendants' draft until September 30—just one week before the JPTO is due.

Equally important, Defendants will still have the opportunity to raise evidentiary objections through motions in limine and at trial. They have not identified any rule, case, or practice requiring the imposition of additional interim deadlines.

Plaintiff is fully committed to meeting the Court's October 6 deadline and will provide Defendants with a draft in advance of that date. Plaintiff will endeavor in good faith to circulate a draft in mid- to late September to allow sufficient review and discussion. However, Plaintiff should not be compelled to adhere to rigid "intermediate deadlines" that go beyond what the Rules or the Court require.

The parties thank the Court for its consideration.

Respectfully submitted,

*/s/ Gregory J.O. Accarino*
Gregory J.O. Accarino
*Senior Counsel*
Special Federal Litigation Division

cc: **By ECF:**
Sami Elamad
*Attorney for Plaintiff*