# The Atlantic Foundation

October 6, 2025

**VIA ECF**

The Honorable J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *Thompson v. City of New York, et al.*, No. 22-cv-1458 (JPO)(KHP)

Your Honor:

    Plaintiff respectfully moves this Court, pursuant to Fed. R. Civ. P. 16(b)(4), 26, 34, and 45, and Local Civil Rule 37.2, and Your Honor's Individual Practices, for an order allowing Plaintiff: (1) a limited site inspection of Rikers facilities to prepare accurate demonstrative exhibits for trial; and (2) production or supervised review of DOC employee identification photographs for witnesses listed by both parties to ensure accurate identification and avoid jury confusion.

    Defendants ask that their position be noted as follows: "Defendants object to plaintiff's untimely discovery requests and intend to file a letter in opposition in accordance with Section 3(D) of Your Honor's Individual Rules and Practices."

**Relevant Context**

    Last week, Plaintiff requested limited, escorted access to specified DOC facilities to create demonstrative exhibits for trial and a supervised headshot review (on-premises photo array) for witness identification. Counsel discussed the request by telephone on October 2, 2025, and continued by email on October 2–3, 2025. Plaintiff's October 2 follow-up email is attached as Exhibit 1, and Defendants' October 3 response is attached as Exhibit 2.

    Defendants maintain their opposition despite Plaintiff's proposed security protocols and suggestions, asserting that discovery is closed and raising burden, security, and "official information" privilege objections. *See* Exs. 1–2. Given Defendants' steadfast, categorical refusal and the JPTO deadline today and trial set to begin at the end of this month, Plaintiff submits this letter rather than continue circular meet and confer.

**Hon. J. Paul Oetken**
Oct. 6, 2025
Page 2 of 3

**Demonstrative Exhibits for Trial**

Plaintiff requests a brief, escorted Rule 34(a)(2) entry at the George R. Vierno Center (GRVC) and Vernon C. Bain Center (VCBC) to take non-sensitive photographs and measurements of areas identified in the pleadings (e.g., dayroom, clinic, relevant corridors/cells).[1] Defendants objected on the ground that discovery has closed.

Good cause exists because the request is narrow, non-disruptive, and aimed solely at creating demonstratives to aid the jury's understanding of layout—not to generate new fact discovery. Such materials aid jury comprehension without introducing new substantive evidence. Not only that, allowing limited access promotes juror comprehension and is authorized under FRE 611(a), without expanding the evidentiary record.

To be sure, this request does not seek new fact discovery. The inspection is for demonstratives only—to ensure accurate layout/sightline/distance depictions for jurors—and imposes de minimis operational burden given the tight scope, escort, and off-hours timing. Plaintiff, in total, proposed the following security protocols:

- 60–75 minutes per facility during an off-peak window;
- Plaintiff's counsel and one staff assistant, both of whom were cleared by DOC in the past and maintain DOC legal passes, conduct the inspection and measurements;
    - Alternatively, if the City prefers, a City-retained neutral photographer under Plaintiff's direction;
- With raw images designated Attorneys' Eyes Only (AEO) pending City/DOC review; and
- Copies provided to defense counsel within 48 hours or less.

These conditions fully address DOC's security and privacy concerns while ensuring proportionality under Rule 26(b)(1), which permits targeted, low-burden measures tailored to the needs of the case. The minimal burden is outweighed by the substantial benefit to jury comprehension and the fair presentation of Plaintiff's case.

**Secure Photo Array for Certain Witnesses**

Plaintiff also requests production or supervised review of DOC employee ID photographs (badge/headshot images) for staff on either party's witness list (limited to relevant units and dates). This would help streamline witness identification and avoid confusion at trial, as Plaintiff tried to explain to Defendants.

---

[1] These areas tied to the operative complaint—at GRVC: a housing dayroom, the adjacent corridor, and the intake/clinic waiting area (not patient-care rooms); at VCBC: the counterpart housing dayroom, adjacent corridor, and intake/holding area.

**Hon. J. Paul Oetken**
Oct. 6, 2025
Page 3 of 3

While Plaintiff can describe the physical characteristics of witnesses present during the incident(s), connecting those descriptions to specific named individuals requires visual confirmation, particularly given that multiple staff members share similar titles and worked in overlapping units. To address security concerns, Plaintiff offered the following suggestions:

- A supervised, on-premises review of badge/headshot images (head-and-shoulders only) via photo array at DOC or defense counsel's office;
- No copies and leaving in City/DOC custody; and
- AEO designation.

Defendants indicated they "always object" to producing photos, despite Plaintiff's willingness to accept strict protections. These safeguards eliminate any legitimate privacy or security concerns. Perhaps not surprisingly, that did not seem to make any difference for Defendants, who offered nearly every conceivable ground to object to the request. *See, e.g.,* Ex. 1 (Corporation Counsel "always objects" to such requests); Ex. 2 (timeliness) and (relevance).

Additionally, Defendants argue that Plaintiff's request is unwarranted because, after all, these are "his own proposed witnesses." This overlooks the critical issue that Plaintiff is only able to identify such individuals based on descriptions of their physical characteristics.[2] While Plaintiff can describe the physical characteristics of witnesses, as explained, connecting those descriptions to specific individuals requires visual confirmation.

*   *   *

In sum, both requests are narrowly tailored, impose minimal burden, and are essential for a fair and efficient trial presentation. For the above reasons, Plaintiff respectfully requests that the Court grant this motion and enter an order permitting the site inspection and photo review.

Very truly yours,

_____/s/_____
Sami Elamad

---

[2] *See, e.g.,* ECF No. 119 ¶ 7 ("Thompson has also identified a few clinical staff members— based on their description, physical traits") (quoting, inter alia, "a female psyche, and this white lady"); ECF No. 116-1 7:17-21 ("And I also told the doctor and I also told the psychiatrist. The psychiatrist is the one that recommended that I get a STD test"); ECF No. 116-2 43:5-14.