# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| KWAINE THOMPSON, | No. 22 Civ. 1458 (JPO) (KHP) |
| Plaintiff, | |
| vs. | **JOINT** |
| | **PRETRIAL ORDER** |
| CITY OF NEW YORK, *et al.*, | |
| Defendants. | |

Plaintiff Kwaine Thompson ("Plaintiff" or "Thompson") and Defendants City of New York, Katrese Brumfield, Jessica Simmons, Debbie Palmer-Campbell, Tiffany Francis, Chandra Davis, and Tony Montague (collectively, "Defendants"), in accordance with the Court's Order of September 2, 2025 (ECF No. 219), the Individual Rules of Practice of the Honorable J. Paul Oetken, the Federal Rules of Civil Procedure, and the Local Rules of the Southern and Eastern Districts of New York, submit the following joint pretrial order.

## I.     The full caption of the action

Plaintiff

*Kwaine Thompson v. City of New York, Correction Officer Katrese Brumfield, Correction Officer Jessica Simmons, Captain Debbie Palmer-Campbell, Correction Officer Tiffany Francis, Correction Officer Chandra Davis, and Captain Tony Montague,* ECF No. 1:22-cv-01458 (S.D.N.Y.) (JPO) (KHP)

Defendants

*Kwaine Thompson v. Katrese Brumfield, Jessica Simmons, Debbie Palmer-Campbell, Tiffany Francis, Chandra Davis, and Tony Montague,* Dkt. No. 1:22-cv-01458 (S.D.N.Y.) (JPO) (KHP)[1]

---

[1] Defendants will be moving *in limine* to remove the City of New York from the caption for trial and to preclude the City of New York's status as a defendant from being relayed to the jury.

II.    **The names, addresses, telephone number, and email addresses of trial counsel**

*Plaintiff's counsel*

Sami Elamad
The Atlantic Foundation
450 Lexington Ave.
Box 69
New York, NY 10163
646-685-3954 (tel.)
646-712-9501 (fax)
sami@the-atlantic-foundation.org

*Defendants' counsel*

MURIEL GOODE-TRUFANT
Office of the Corporation Counsel
100 Church Street
New York, New York 10007
By:    Gregory J.O. Accarino
        Tel: (212) 356-1945
        Fax: (212) 356-3509
        gaccari@law.nyc.gov

        Kathleen Reilly
        Tel: (212) 356-2368
        Fax: (212) 356-3509
        kareilly@law.nyc.gov

III.   **A brief statement by plaintiff (or, in a removed case, by defendant) as to the basis of subject-matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject-matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount**

**Plaintiff's Statement:**

The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3)–(4), based on Plaintiff's federal claims under 42 U.S.C. § 1983. Venue is proper under 28 U.S.C. § 1391(b)(2).

---

Defendants will also be moving *in limine* to bifurcate plaintiff's claims against the City of New York that are not based on *respondeat superior*, including plaintiff's negligent infliction of emotional distress claim against the City of New York and plaintiff's negligent hiring/training/supervision claim.

**Defendants' Statement:**

Defendants do not contest subject matter jurisdiction.

IV.   **A brief summary by each party of the claims and defenses that the party asserts remain to be tried, including citations to any statutes on which the party relies. Such summaries shall also identify all claims and defenses previously asserted that are not to be tried.**

Plaintiff's Claims and Defenses

As illustrated in the table below, Plaintiff proceeds to trial on the following claims after:

(1) § 1983 sexual-abuse claims against Brumfield, Simmons, and Palmer-Campbell;
(2) § 1983 failure-to-protect claims against Francis, Davis, and Montague[2];
(3) State law assault/battery tort against Brumfield and Simmons;
(4) State law claims of negligence against the City, Davis, Francis, Montague and negligent hiring/supervision (only as to the City); and
(5) negligent infliction of emotional distress (NIED) against the City, Francis, Davis, and Montague.

Following summary judgment, the following are dismissed or will not proceed to trial:

- *Monell* claims against the City of New York are dismissed.
- The Gender-Motivated Violence claim under NYC Admin. Code § 10-1105 is dismissed.
- The intentional infliction of emotional distress (IIED) claim against Brumfield and Simmons is dismissed.
- All state law claims against Palmer-Campbell are dismissed for lack of a notice of claim.

| Cause of Action | Claim and applicable statute | Defendants involved | Status after summary judgment |
|---|---|---|---|
| No. 1 | 42 U.S.C. § 1983 – Sexual abuse | Brumfield | Survives – proceeds to trial |
| No. 2 | 42 U.S.C. § 1983 – Sexual abuse | Simmons | Survives – proceeds to trial |
| No. 3 | 42 U.S.C. § 1983 – Sexual abuse | Palmer-Campbell | Survives – proceeds to trial |
| No. 4 | 42 U.S.C. § 1983 – Failure to protect / | Francis, Davis, and Montague | Survives – proceeds to trial |

---

[2] Defendants object to plaintiff's classification of this claim as a failure to protect claim/deliberate indifference instead of a failure to intervene claim, as the Court held plaintiff's "Section 1983 claims against Defendants Francis, Davis, and Montague [are] based on their failure to intervene to stop the alleged sexual assaults by Brumfield and Simmons."  *See* Dkt. No. 198, Opinion and Order at 13, March 26, 2025.

| | | | |
|---|---|---|---|
| | deliberate indifference | | |
| No. 5 | Battery, sexual abuse, touching, assault (state tort) | Brumfield, Simmons | Survives in part - proceeds to trial against Brumfield and Simmons only; all state law claims against Palmer-Campbell dismissed for lack of notice of claim |
| No. 6 | Negligence (state tort) | City of New York, Davis, Francis, Montague | Survives – proceeds to trial |
| No. 7 | Negligent hiring, training, supervision (state tort) | City of New York | Survives – proceeds to trial |
| No. 8 | IIED (state tort) | Brumfield and Simmons | Dismissed |
| No. 9 | NIED (state tort) | City of New York, Davis, Francis, Montague | Survives – proceeds to trial |
| No. 10 | Gender-Motivated Violence (NYC Admin. Code § 10-1105) | Brumfield, Simmons, Palmer-Campbell | Dismissed |

To the extent applicable, Plaintiff reserves the right to assert relevant defenses, including to show that he mitigated his damages, for example.

Defendants' Claims and Defenses

On March 26, 2025, the Court issued a Memorandum Decision and Order regarding defendants' Motion for Summary Judgment and dismissed plaintiff's claims of (1) municipal liability, brought pursuant to 42 U.S.C. § 1983[3]; (2) all claims brought pursuant to New York state law against defendant Palmer-Campbell; (3) intentional infliction of emotional distress, brought pursuant to New York state law; (4) negligent infliction of emotional distress, brought pursuant to New York state law, against defendants Brumfield and Simmons, and (5) violations of New York City Administrative Code Section 10-1104. See Dkt. No. 198, Opinion and Order, March 26, 2025.

Plaintiff's remaining federal claims, brought pursuant to 42 U.S.C. § 1983, include (1) sexual assault against defendants Brumfield, Palmer-Campbell, and Simmons and (2) failure to intervene against defendants Davis, Francis, and Montague. Plaintiff's remaining New York state law claims include (1) assault and battery for sexual assault against defendants Brumfield and Simmons; (2) negligence against defendants Davis, Francis, Montague, and the City of New York ("City"); (3) negligent infliction of emotional distress against defendants Davis, Francis, Montague, and City; and (4) negligent hiring/training/retention against defendant City.

___

[3] Defendants respectfully submit that plaintiff never brought any such claim as none is mentioned in plaintiff's operative complaint. See Dkt. No. 45, Second Amended Complaint, October 21, 2022.

<u>Defenses</u>:

1.  Defendants Brumfield, Palmer-Campbell, and Simmons did not sexually assault plaintiff.[4]

2.  Defendants Davis, Francis, and Montague were not aware of any alleged sexual assault of plaintiff.

3.  Defendants Brumfield, Simmons, Palmer-Campbell, Francis, Davis, and Montague have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity. [5]

4.  Defendants City, Brumfield, Simmons, Palmer-Campbell, Francis, Davis, and Montague have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

5.  Any injury alleged to have been sustained results from the plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendants City, Brumfield, Simmons, Palmer-Campbell, Francis, Davis, and Montague. [6]

---

[4] Plaintiff objects to such "defenses" because these are not affirmative defenses, see Fed. R. Civ. P. 8(c); rather, these are denials that are part of the issues to be tried before the jury.

[5] Plaintiff objects to any qualified immunity defense for at least three reasons. First, Defendants did not move for summary judgment on qualified immunity grounds and waived any defense even if asserted in their answer. *See Harris v. Miller*, 818 F.3d 49, 63 (2d Cir. 2016).  Second, on the merits, sexual assault by correctional staff and deliberate indifference to risk of sexual assault were clearly established long before the events of this litigation. *See, e.g., Farmer v. Brennan*, 511 U.S. 825 (1994); *Crawford v. Cuomo*, 796 F.3d 252 (2d Cir. 2015); *Boddie v. Schnieder*, 105 F.3d 857 (2d Cir. 1997). Additionally, as another example, Defendants' discretionary function immunity is inapposite to § 1983 claims. At most, it may apply to Plaintiff's state-law negligence claims, but even then only for discretionary (not ministerial) acts where the City shows a considered judgment. Third, and finally, any ultimate determination on qualified immunity is reserved for the Court, not the jury.

[6] Plaintiff objects to Defendants' proposal on several grounds. For starters, "Plaintiff's own culpable/negligent conduct" is not a defense to intentional constitutional violations or sexual assault. Nor does comparative negligence bar § 1983 liability. Moreover, Defendants' "culpable conduct" theory sounds like impermissible victim-blaming and risks violating Federal Rules of Evidence, including Rule 412 (sexual behavior/predisposition).

6.      Plaintiff failed to mitigate his alleged damages.[7]

7.      At all times relevant to the acts alleged in the Amended Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

8.      At all times relevant to the acts alleged in the Amended Complaint, defendants Brumfield, Simmons, Palmer-Campbell, Francis, Davis, and Montague acted reasonably in the proper and lawful exercise of their discretion.

9.      Plaintiff's claims may be barred, in whole or in part, by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, for failure to exhaust his administrative remedies.[8]

10.      Plaintiff cannot recover damages for alleged emotional injuries under the Prison Litigation Reform Act because there is no showing of physical injury.

11.      Plaintiff's state law claims against defendant Davis should be dismissed for failing to comply with New York General Municipal Law.

12.      Defendant City was not on notice of any defendant correction officers' propensity to allegedly sexually assault an inmate.[9]

13.      Plaintiff alleges defendants were acting in the scope of their employment and, therefore, plaintiff's negligent hiring, training, and

---

[7] Plaintiff submits that Defendants bear the burden to show (a) a reasonable mitigation step (b) Plaintiff unreasonably failed to take, and (c) the dollar amount by which damages would have been reduced. In custodial settings, "reasonable steps" are constrained, and on top of that, speculation about treatment or housing conditions is likely  inadmissible.

[8] Plaintiff submits that any exhaustion argument should be decided by the Court—and, practically speaking, often via a brief evidentiary hearing— not the jury. Plus, exhaustion is required only if remedies were "available," *see Ross v. Blake*, 578 U.S. 632 (2016), which was not the case here. *See* ECF No. 111 at 12 (citing multiple PLRA exceptions). Notwithstanding, separate and independent of the foregoing, even if no physical injury were proven, nominal and punitive damages remain available to Plaintiff in the Second Circuit.

[9] Plaintiff objects. As explained, this is a factual denial of a negligent hiring/retention theory, not a defense as defined under the Federal Rules.

retention claim should be dismissed.[10]

## V.    A statement as to the number of trial days needed and whether the case is to be tried with or without a jury

Plaintiff: Three to five days[11]

Defendants: The defendants estimate that 4 to 5 trial days will be necessary. This case is to be tried by a jury.

## VI.    A joint statement summarizing the nature of the case, to be read to potential jurors during jury selection

Plaintiff's Proposed Statement:  This is a civil rights action brought by Plaintiff Kwaine Thompson, a pretrial detainee who was incarcerated on Rikers Island across various New York City Department of Correction facilities during the relevant period. Plaintiff alleges sexual abuse by correction officers and related failures by other correction staff and the City of New York to deter or stop the abuse. Plaintiff contends that he was subjected to sexual abuse by Defendants Correction Officers Brumfield and Simmons and Captain Palmer-Campbell, and that other named defendants-officers failed to protect him from such abuse. Plaintiff further alleges negligence, negligent supervision, and negligent infliction of emotional distress against the City and certain individual defendants.

Defendants' Proposed Statement:  Plaintiff Kwaine Thompson alleges that, while he was an inmate on Rikers Island, he was sexually assaulted by three correction officers, defendants Katrese Brumfield, Jessica Simmons, and Debbie Palmer-Campbell, and that three other correction officers, defendants Chandra Davis, Tiffany Francis, and Tony Montague, failed to intervene in the alleged sexual assaults.  Defendants deny plaintiff's allegations and contend that plaintiff was never sexually assaulted by any correction officer.[12]

---

[10] Plaintiff objects. Under New York law, negligent hiring/retention is dismissed as duplicative only where the employer concedes vicarious liability for the employee's torts. Here, the City has not conceded vicarious liability and denies the underlying conduct and notice. Accordingly, if the City continues to press this argument, the City should be required to either formally concede vicarious liability or (b) absent such stipulation, the negligent hiring/retention claim should proceed to trial.

[11] Defendants object to plaintiff's estimation of this trial taking "three to five days," if plaintiff is intending to call twenty-nine (29) witnesses as indicated by his witness list.

[12] Defendants object to plaintiff's proposed statement of the case to the extent it refers to the actions of unspecified "correction officers," which are not the subject of this action, and further object to the extent plaintiff's proposed statement of the case references claims against the City directly, which defendants intend to move *in limine* to bifurcate.

**VII.**  **A list of people, places, and institutions (in alphabetical order) that are likely to be mentioned during the course of the trial, to be read to potential jurors during jury selection**

People[13]

- Brumfield, Katrese (CO)
- City of New York
- Davis, Chandra (CO)
- Francis, Tiffany (CO)
- Kingly, Christopher (CO)
- Montague, Tony (Captain)
- Palmer-Campbell, Debbie (Captain)
- Simmons, Jessica (CO)
- Thompson, Kwaine (Plaintiff)

Places[14]

- AMKC (Anna M. Kross Center, Rikers Island)
- Beacon (Rikers Island facility, also known as GRVC)
- Brooklyn House (Rikers Island facility)
- C-71 (Rikers Island facility)
- C-74 (Rikers Island facility)
- C-95 (Rikers Island facility)
- CUNY City College (Manhattan)
- Elmira Correctional Facility (NY State prison)
- GRVC (George R. Vierno Center, Rikers; also "The Beacon")
- Manhattan (borough, also location of Westscott HS)
- Manhattan House (Rikers Island facility)
- MDC (Metropolitan Detention Center, Brooklyn)
- Mid-State Correctional Facility (Marcy, NY)
- OBCC (Otis Bantum Correctional Center, Rikers Island)
- RNDC (Robert N. Davoren Complex, Rikers Island)
- Rikers Island (NYC jail complex)
- VCBC (Vernon C. Bain Correctional Center, "The Boat")
- West Facility (Rikers Island)
- Westscott High School (Manhattan)

---

[13] Defendants object to plaintiff not listing the names of twenty-one (21) of the twenty-nine (29) witnesses plaintiff has named on his list of witnesses.

[14] Defendants object to plaintiff listing the names of different facilities on Rikers Island other than VCBC and GRVC, where the alleged incidents occurred, as well as listing schools and New York State prison facilities which have no relation to this action.

Things[15]

- Logbook (officer entry book)
- PREA Hotline (Prison Rape Elimination Act reporting line)
- Priapism
- STD Test (medical procedure)

**VIII.    A statement as to whether all parties have consented to trial by a magistrate judge, without identifying which parties do or do not consent**

All parties do not consent to trial by a magistrate judge.

**IX.    Any stipulations or agreed statements of fact or law to which all parties consent. In a jury case, the parties should memorialize any such stipulations or agreed statements of fact or law in a standalone document that can be marked and admitted at trial**

None.

**X.    A list of all trial witnesses (in alphabetical order), indicating whether such witnesses will testify in person or by deposition, whether such witnesses will require an interpreter (and, if so, which party will pay the costs for the interpreter),[16] and a brief summary of the substance of each witness's testimony**

Plaintiff's Witnesses (all in person)[17,18]

| No. | Name | Type | Description/summary of expected testimony |
|-----|------|------|-------------------------------------------|
|     |      |      |                                           |

---

[15] Defendants object to plaintiff's list of "things" as this is not required by Your Honor's Individual Rules and further object to the extent this list references specific details of anticipated evidence to the exclusion of others which is likely to be confusing, misleading, and unnecessary for *voir dire* purposes.

[16] None of Plaintiff's proposed trial witnesses will require an interpreter.

[17] Plaintiff reserves the right to (1) supplement and/or call additional witnesses on rebuttal or for purposes of impeachment; (2) call additional witnesses to authenticate or introduce any documents; (3) call one, some, or all of the witnesses listed, as necessary.

[18] Defendants will be moving *in limine* to preclude plaintiff from calling all witnesses he has listed except for plaintiff and the six (6) individually-named defendants, for a variety of reasons including, *inter alia*, that plaintiff did not properly disclose any of these witnesses. In addition, plaintiff has not complied with the Court's Individual Rules requiring that plaintiff provide a brief summary of each witness's testimony.

| 1 | Barone, Alcea | In-person | Clinical psychology staff with first-hand knowledge of Plaintiff's mental-health presentations while in DOC custody; expected to authenticate relevant CHS mental-health notes and explain routine practices for documenting symptoms, referrals, and safety concerns. |
|---|---|---|---|
| 2 | Blackmore, Larry | In-person | CHS provider who repeatedly saw Plaintiff on sick call; documented back/abdominal/genitourinary complaints; ordered a rapid HIV test and urology/sexual-health referrals; will authenticate those orders/notes and explain their medical rationale and timing. |
| 3 | Brumfield, Katrese | In-person (adverse) | Correction officer alleged to have engaged in repeated sexual assaults and related retaliatory conduct; expected to be examined regarding housing-area interactions with Plaintiff, escort practices, clinic access/escorts, incident dates, report requirements, and responses to Plaintiff's complaints. |
| 4 | Cano, Alexander | In-person | Inmate percipient witness; expected to testify to what he observed of Plaintiff's interactions with staff/defendants in the housing area (sightlines, movement, timing), and to Plaintiff's contemporaneous demeanor/efforts to obtain medical attention (non-hearsay observations). |

| 5 | Ceballos, Joanna | In-person | Lead investigator for GRVC case N1186-2021; will authenticate investigative steps, timelines, and interview logistics; expected to explain what records were gathered and the agency's standard practices (offered for foundation/notice, not for hearsay conclusions unless otherwise admitted). |
| 6 | Chukwuneke, Bernard | In-person | CHS physician who signed orders/referrals related to Plaintiff's care; expected to authenticate CHS records, explain what was ordered and why (803(4)/(6) foundation), and address timing of GU/STD referrals and follow-up. |
| 7 | Davis, Chandra | In-person (adverse) | Correction officer/supervisor alleged to have been informed of Brumfield's abuse and failed to act; expected to be examined on knowledge of Plaintiff's reports, required response protocols, and any steps taken or not taken (failure-to-intervene theory). |
| 8 | Epps, Stephanie | In-person | Plaintiff's sister; expected to testify about attempted/actual visits and communications with Plaintiff while in DOC custody, including difficulties accessing visits and Plaintiff's contemporaneous condition and emotional presentation (lay observations; no criminal-case testimony). |
| 9 | Forrest, Trevor | In-person | Inmate percipient witness; expected to testify about events he saw/heard in Plaintiff's housing area relevant to the alleged assaults/retaliation and Plaintiff's efforts to obtain medical care; will identify |

| | | | locations, vantage points, and timing. |
|---|---|---|---|
| 10 | Francis, Tiffany | In-person (adverse) | DOC staff alleged to have been present during at least one encounter with Defendant Simmons; expected to address presence/location, what she saw/heard, report obligations, and responses taken. |
| 11 | Kingly, Christopher | In-person | DOC staff percipient witness to interactions between Plaintiff and certain defendants in housing/common areas; expected to describe movements/escorts, staffing, and Plaintiff's attempts to obtain assistance. |
| 12 | Medard, Frantz | In-person | CHS provider who treated Plaintiff for UTI follow-up and performed urine dipstick testing; will authenticate corresponding records and explain testing/results and medical significance, if any. |
| 13 | Montague, Tony | In-person (adverse) | DOC supervisor to whom Plaintiff states he reported sexual assaults; expected to address receipt of reports, required investigative/notification steps, and whether those steps were taken (failure-to-act/failure-to-protect). |
| 14 | Morais, Milton | In-person | CHS physician who signed GU/STD lab orders; expected to authenticate orders/results and explain the purpose/timing of testing and related care pathways. |

| 15 | Needlman, Michael | In-person | Percipient witness with first-hand knowledge of Plaintiff's condition and/or interactions relevant to the events at issue (e.g., observations of Plaintiff's physical/emotional state and efforts to seek care); will be limited to disclosed topics and personal knowledge. |
| 16 | Newton, Investigator | In-person | Lead investigator for VCBC matter; expected to authenticate investigative file components (intake, assignment, timeline) and describe standard procedures and what materials were collected (foundation/notice only absent separate admissibility ruling). |
| 17 | Otonichar, Joseph | In-person | Psychiatric provider who documented history of priapism and monitored medication side-effects relevant to sexual health; expected to authenticate notes and explain what symptoms/side-effects were reported and how they were evaluated. |
| 18 | Palmer-Campbell, Debbie | In-person (adverse) | DOC staff member alleged to have sexually assaulted Plaintiff in or around December 2021 while Plaintiff was at/near the GRVC clinic; expected to be examined on clinic-area interactions, access/escorts, and contemporaneous reporting/response requirements. |
| 19 | Rene, Deputy Warden | In-person | Supervisory official identified in records; expected to address chain of command, facility policies on reporting/response to sexual-assault allegations, and any notice/steps taken in relation to Plaintiff's complaints. |

| 20 | Robinson-McAulay, Tiffany | In-person | Deputy Director, DOI Investigation Division; expected to explain investigative oversight, referral pathways between DOC and DOI, and to authenticate limited DOI-maintained materials if required (foundation only, not for hearsay conclusions absent leave). |
|---|---|---|---|
| 21 | Runcie, Janet | In-person | CHS provider who diagnosed UTI/GU issues and documented problems; expected to authenticate those records and explain the diagnosis and resulting treatment plan/referrals. |
| 22 | Saldarriaga, Henry | In-person | Investigator linked to prior allegation (COD #3721/21); expected to authenticate the existence and timing of that complaint and related notice to DOC/City (offered for notice/knowledge and foundation; any propensity use expressly disclaimed). |
| 23 | Shaaban, Morsi | In-person | CHS provider who ordered labs and prescribed antibiotics for UTI/STD; signed orders for CHEM7/HIV/STD screenings; expected to authenticate records and explain what was ordered, results routing, and clinical follow-up. |
| 24 | Simmons, Jessica | In-person (adverse) | DOC staff member alleged to have engaged in repeated sexual assaults, including transmitting an STD to Plaintiff; expected to be examined regarding dates/locations, movements/escorts, communications, and any reports/responses. |

| 25 | ■ | In-person | Initials used for privacy. Expected, if called, to testify regarding attempted/actual communications or visits with Plaintiff while in DOC custody and related interactions with DOC staff (identity/contact to be handled through counsel and, if necessary, under seal; no criminal-case merits). |
|----|---|-----------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 26 | Thompson Jr., Kwaine | In-person | Plaintiff's son; expected to testify to out-of-custody observations of Plaintiff's condition, demeanor, and impacts (pain, emotional distress) during the relevant period; may authenticate limited communications/records of scheduling or visits (foundation only). |
| 27 | Thompson, Kwaine | In-person (live testimony) | Plaintiff will testify to alleged sexual assaults and retaliation, his attempts to report/seek care, obstacles to clinic access, the medical sequelae (including STD diagnosis/treatment), and resulting emotional/physical harm. |
| 28 | Thornton, Andrea | In-person | Percipient witness to Plaintiff's condition and/or interactions with staff/inmates relevant to the pleaded events; expected to provide first-hand observations (time/place/manner) consistent with disclosures. |
| 29 | Williams, Alexander | In-person | Inmate percipient witness; expected to corroborate aspects of Plaintiff's account (who was present, movements/escorts, timing, Plaintiff's contemporaneous demeanor/complaints) and |

| | | | | identify relevant housing-area locations and sightlines. |
|---|---|---|---|---|
| | | | | |

Defendants' Witnesses[19]

| No. | Witness Name | Testimony | Interpreter Required | Summary of Testimony |
|---|---|---|---|---|
| 1 | Brumfield, Katrese (Defendant) | In-person | No | Defendant Brumfield will testify about, *inter alia*, her interactions with plaintiff and will deny sexually assaulting plaintiff. |
| 2 | Davis, Chandra (Defendant) | In-person | No | Defendant Davis will testify about, *inter alia*, her interactions with plaintiff and will deny being aware of any alleged sexual assault of plaintiff. |
| 3 | Francis, Tiffany (Defendant) | In-person | No | Defendant Francis will testify about, *inter alia*, her interactions with plaintiff and will deny being aware of any alleged sexual assault of plaintiff. |
| 4 | Montague, Tony (Defendant) | In-person | No | Defendant Montague will testify about, *inter alia*, her interactions with plaintiff and will deny any alleged sexual assault of plaintiff. |

---

[19] This witness list is contingent on the Court's rulings before and after trial and the development of the evidence at trial. The listing of a witness is not a concession that the witness may be properly called by another party in all parts of the trial or for all purposes. Defendants reserve the right to not call listed witnesses or to supplement this witness list in the future. Defendants reserve the right to call any witness listed by plaintiff. Defendants reserve the right to designate the deposition testimony of any witness who is unavailable for trial. Defendants reserve the right to offer deposition testimony in lieu of in person testimony insofar as permitted by the Federal Rules of Civil Procedure and Federal Rules of Evidence, and reserve the right to use deposition testimony on cross-examination.

| 5 | Palmer-Campbell, Debbie (Defendant) | In-person | No | Defendant Palmer-Campbell will testify about, *inter alia*, her interactions with plaintiff and will deny sexually assaulting plaintiff. |
|---|---|---|---|---|
| 6 | Simmons, Jessica (Defendant) | In-person | No | Defendant Simmons will testify about, *inter alia*, her interactions with plaintiff and will deny sexually assaulting plaintiff. |
| 7 | Custodian of the Records from NYC Department of Correction | In-person | No | Representative from NYC Department of Correction will testify about, *inter alia*, authenticating telephone calls made by plaintiff while in DOC custody. |
| 8 | Custodian of the Records from NYC Department of Correction | In-person | No | Representative from NYC Department of Correction will testify about, *inter alia*, authenticating the video surveillance exhibits identified as defendants Exhibits B and D. |
| 9 | DOC Investigator Francis, Shakila | In-person | No | Investigator Francis will testify about, *inter alia*, plaintiff's statement to DOC investigators on June 14, 2021 |
| 10 | DOC Investigator Newton, Johnathan | In-person | No | Investigator Newton will testify about, *inter alia*, plaintiff's statement to DOC investigators on June 14, 2021 |
| 11 | DOC Investigator Reeves, Davon | In-person | No | Investigator Reeves will testify about, *inter alia*, plaintiff's statement to DOC investigators on December 3, 2021 |
| 12 | DOC Investigator Saldarriaga, Henry | In-person | No | Investigator Saldarriaga will testify about, *inter alia*, plaintiff's statement to DOC investigators on December 3, 2021 |

17

| 13 | DOC Investigator Rolon, Eric | In-person | No | Investigator Rolon will testify about, *inter alia*, plaintiff's statement to DOC investigators on December 19, 2021 |
|----|------------------------------|-----------|-----|------------------------------------------------------------------------------------------------------------------------|
| 14 | DOC Investigator Kriley, Alexis | In-person | No | Investigator Kriley will testify about, *inter alia*, plaintiff's statement to DOC investigators on December 19, 2021 |

## XI.    Designations by each party of deposition testimony to be offered in its case-in-chief and any and counter-designations

Plaintiff's Designations: Not applicable[20]

Defendants' Designations

      Defendants do not currently intend to offer any deposition testimony during their case in chief.  However, defendants reserve the right to designate the deposition testimony of any witness who is unavailable for trial.  Defendants further reserve the right to use deposition testimony in any manner authorized by the Federal Rules of Evidence and the Federal Rules of Civil Procedure, including, but not limited to, for impeachment purposes.

---

[20] Plaintiff may use some, but not all, of the designations. Plaintiff intends to present live testimony and, unless required or circumstances change, will not rely on designations. Plaintiff reserves the right to use prior testimony in any manner authorized by the Federal and Local Rules, including for impeachment.

XII.    **A list by each party of all exhibits to be offered in its case-in-chief, with a single asterisk indicating exhibits to which no party objects on any ground. If a party objects to an exhibit, the objection should be noted by indicating the Federal Rule of Evidence that is the basis for the objection. If any party believes that the Court should rule on such an objection in advance of trial, that party should include a notation to that effect (e.g., "Advance Ruling Requested") as well.**

Plaintiff's Exhibits[21, 22]

| Ex. | Description | Bates No. | Defendants' Objections | Advanced Ruling Requested |
|-----|-------------|-----------|------------------------|---------------------------|
| 1 | Plaintiff's medical/history report - diagnoses | DEF0007-13, 104, 2100-5 | *Defendants object pursuant to Fed. R. Evid. 402, 403 and 802 on the grounds that the cited portions of plaintiff's medical records are irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuse the issues, mislead the jury, cause undue delay, waste time, and contain inadmissible hearsay, including statements from the plaintiff, which plaintiff cannot affirmatively offer into evidence and is not independently admissible.* | |
| 2 | Plaintiff's CMC designation/lockdown directive | DEF 2925, 2929 | *Defendants object pursuant to Fed. R. Evid. 402 and 403, on the grounds that the cited exhibit is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, and wastes time.* | |
| 3 | Plaintiff medical notes re erections | DEF620-622 | *Defendants object pursuant to Fed. R. Evid. 402, 403 and* | |

---

[21] Plaintiff reserves the right to (1) supplement and/or introduce additional exhibits in light of future developments or discovery, on rebuttal or for purposes of impeachment, among other things; and (2) introduce/admit one, some, or all of the exhibits listed, as necessary.

[22] Defendants will be moving *in limine* to preclude exhibits that plaintiff did not previously identify pursuant to Rule 26(a).

| | | | |
|---|---|---|---|
| | | *802 on the grounds that the cited portions of plaintiff's medical records are irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuse the issues, mislead the jury, cause undue delay, waste time, and contain inadmissible hearsay, including statements from the plaintiff, which plaintiff cannot affirmatively offer into evidence and is not independently admissible.* | |
| 4 | DOC investigation report (file 1) - excerpts (N559-2021) | DEF02234-2245, 2254-56, 2278-2280, 2283-2295 | *Defendants object pursuant to Fed. R. Evid. 402, 403, and 802 on the grounds that the cited exhibit is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, wastes time, and contains inadmissible hearsay, including statements from the plaintiff, which plaintiff cannot affirmatively offer into evidence and is not independently admissible.*<br><br>*Defendants intend to move in limine to preclude this exhibit.* | **Advanced Ruling Requested** |
| 5 | Logbook (Brumfield entry) | DEF2679, DEF2236 | *Defendants have no objection to the document identified as DEF2679, to the extent such evidence is introduced through a proper witness at an appropriate time and for a relevant purpose.*<br><br>*Defendants object to the document identified as DEF2236 pursuant to Fed.* | |

| | | | | |
|---|---|---|---|---|
| | | | *R. Evid. 402, 403, and 802 on the grounds that the cited exhibit is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, wastes time, and contains inadmissible hearsay, including statements from the plaintiff, which plaintiff cannot affirmatively offer into evidence and is not independently admissible.* | |
| 6* | Security camera footage (N559-2021)[23] | 214.110-214.65 | *Defendants have no objection to the extent such evidence is introduced through a proper witness at an appropriate time and for a relevant purpose.* | |
| 7 | Plaintiff's 8/31/21 UTI diagnosis (med records) | DEF640-661 | *Defendants object pursuant to Fed. R. Evid. 402, 403 and 802 on the grounds that the cited portion of plaintiff's medical records are irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuse the issues, mislead the jury, cause undue delay, waste time, and contain inadmissible hearsay, including statements from the plaintiff, which plaintiff cannot affirmatively offer into evidence and is not independently admissible.* | |
| 8 | Plaintiff's follow-up medical notes re Brumfield | DEF970-71 | *Defendants object pursuant to Fed. R. Evid. 402, 403 and 802 on the grounds that the cited portion of plaintiff's medical records are* | |

---

[23] Defendants will attempt to confer with plaintiff's counsel to identify relevant excerpts of the video surveillance to be used to trial.

| | | | *irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuse the issues, mislead the jury, cause undue delay, waste time, and contain inadmissible hearsay, including statements from the plaintiff, which plaintiff cannot affirmatively offer into evidence and is not independently admissible.* | |
| | | | *Defendants further object to plaintiff's description of this document as misleading and inaccurate as this document makes no mention of defendant Brumfield.* | |
| 9 | 22-R report re Brumfield[24] | DEF 2814 | *Defendants object pursuant to Fed. R. Evid. 402, 403, 404(b), 608, 802 on the grounds that the cited disciplinary report is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, wastes time, contains prohibited character evidence, attempts to admit prohibited extrinsic evidence relating to this witness's character for truthfulness, and contains inadmissible hearsay.* | **Advanced Ruling Requested** |
| | | | *Defendants intend to move in limine to preclude this exhibit.* | |
| 10 | DOC 2019 investigation report/memo (Brumfield) | DEF 2816 | *Defendants object pursuant to Fed. R. Evid. 402, 403, 404(b), 608, 802 on the* | **Advanced Ruling Requested** |

---

[24] Defendants will be moving *in limine* to preclude all documents related to defendants' disciplinary history and alleged prior bad acts.

| | | | | |
|---|---|---|---|---|
| | | | *grounds that the cited disciplinary report is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, wastes time, contains prohibited character evidence, attempts to admit prohibited extrinsic evidence relating to this witness's character for truthfulness, and contains inadmissible hearsay.*<br><br>*Defendants intend to move in limine to preclude this exhibit.* | |
| 11 | DOC 2015 investigation report/memo (Brumfield) | DEF 2988-2996 | *Defendants object pursuant to Fed. R. Evid. 402, 403, 404(b), 608, 802 on the grounds that the cited disciplinary report is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, wastes time, contains prohibited character evidence, attempts to admit prohibited extrinsic evidence relating to this witness's character for truthfulness, and contains inadmissible hearsay.*<br><br>*Defendants intend to move in limine to preclude this exhibit.* | **Advanced Ruling Requested** |
| 12 | Plaintiff's follow-up report re Brumfield | DEF 2835-37 | *Defendants object to the document identified as DEF2835-DEF8236 pursuant to Fed. R. Evid. 802 on the grounds that the cited exhibit contains inadmissible hearsay, including statements from the plaintiff,* | |

| | | | | |
|---|---|---|---|---|
| | | | *which plaintiff cannot affirmatively offer into evidence and is not independently admissible.* <br><br> *Defendants object to the document identified as DEF2837 pursuant to Fed. R. Evid. 402, 403, and 802 on the grounds that the cited exhibit is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, wastes time, and contains inadmissible hearsay.* | |
| 13 | Plaintiff's 311 follow-up re Brumfield | DEF 2323 | *Defendants object pursuant to Fed. R. Evid. 802 on the grounds that the cited exhibit contains inadmissible hearsay, including statements from the plaintiff, which plaintiff cannot affirmatively offer into evidence and is not independently admissible.* | |
| 14 | Plaintiff's follow-up report re Brumfield | DEF 2848-51 | *Defendants object pursuant to Fed. R. Evid. 402, 403, and 802 on the grounds that the cited exhibit is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, wastes time, and contains inadmissible hearsay, including statements from the plaintiff, which plaintiff cannot affirmatively offer into evidence and is not independently admissible.* <br><br> *Defendants intend to move in limine to preclude this exhibit.* | **Advanced Ruling Requested** |

24

| 15 | 22-R report re Simmons | DEF2797-2798 | *Defendants object pursuant to Fed. R. Evid. 402, 403, 404(b), 608, 802 on the grounds that the cited disciplinary report is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, wastes time, contains prohibited character evidence, attempts to admit prohibited extrinsic evidence relating to this witness's character for truthfulness, and contains inadmissible hearsay.* <br><br> *Defendants intend to move in limine to preclude this exhibit.* | **Advanced Ruling Requested** |
|---|---|---|---|---|
| 16 | 22-R report re Francis | DEF2793-2794 | *Defendants object pursuant to Fed. R. Evid. 402, 403, 404(b), 608, 802 on the grounds that the cited disciplinary report is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, wastes time, contains prohibited character evidence, attempts to admit prohibited extrinsic evidence relating to this witness's character for truthfulness, and contains inadmissible hearsay.* <br><br> *Defendants intend to move in limine to preclude this exhibit.* | **Advanced Ruling Requested** |
| 17 | CO Francis - disciplinary report | DEF 2811-2813 | *Defendants object pursuant to Fed. R. Evid. 402, 403, 404(b), 608, 802 on the grounds that the cited disciplinary report is* | **Advanced Ruling Requested** |

| | | | *irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, wastes time, contains prohibited character evidence, attempts to admit prohibited extrinsic evidence relating to this witness's character for truthfulness, and contains inadmissible hearsay.* <br><br> *Defendants intend to move in limine to preclude this exhibit.* | |
|----|----|----|----|----|
| 18 | 22-R report re Davis | DEF 2791-2792 | *Defendants object pursuant to Fed. R. Evid. 402, 403, 404(b), 608, 802 on the grounds that the cited disciplinary report is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, wastes time, contains prohibited character evidence, attempts to admit prohibited extrinsic evidence relating to this witness's character for truthfulness, and contains inadmissible hearsay.* <br><br> *Defendants intend to move in limine to preclude this exhibit.* | **Advanced Ruling Requested** |
| 19 | 22-R report re Capt. Montague | DEF 2795 | *Defendants object pursuant to Fed. R. Evid. 402, 403, 404(b), 608, 802 on the grounds that the cited disciplinary report is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, wastes* | **Advanced Ruling Requested** |

| | | | | |
|---|---|---|---|---|
| | | | *time, contains prohibited character evidence, attempts to admit prohibited extrinsic evidence relating to this witness's character for truthfulness, and contains inadmissible hearsay.* *Defendants intend to move in limine to preclude this exhibit.* | |
| 20 | Capt. Montague/disciplinary reports | DEF 2802-2810 | *Defendants object pursuant to Fed. R. Evid. 402, 403, 404(b), 608, 802 on the grounds that the cited disciplinary report is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, wastes time, contains prohibited character evidence, attempts to admit prohibited extrinsic evidence relating to this witness's character for truthfulness, and contains inadmissible hearsay.* *Defendants intend to move in limine to preclude this exhibit.* | **Advanced Ruling Requested** |
| 21 | DOC investigation report (file 2)/Dec. 3 follow-up/N1131-21 | DEF2234-2330, 2357-2358 | *Defendants object pursuant to Fed. R. Evid. 402, 403, and 802 on the grounds that the cited exhibit is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, wastes time, and contains inadmissible hearsay, including statements from the plaintiff, which plaintiff cannot affirmatively offer* | **Advanced Ruling Requested** |

| | | | | |
|---|---|---|---|---|
| | | | *into evidence and is not independently admissible.* *Defendants intend to move in limine to preclude this exhibit.* | |
| 22 | 22-R report re Palmer-Campbell | DEF 2780-2781 | *Defendants object pursuant to Fed. R. Evid. 402, 403, 404(b), 608, 802 on the grounds that the cited disciplinary report is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, wastes time, contains prohibited character evidence, attempts to admit prohibited extrinsic evidence relating to this witness's character for truthfulness, and contains inadmissible hearsay.* *Defendants intend to move in limine to preclude this exhibit.* | **Advanced Ruling Requested** |
| 23 | Plaintiff's Facebook post/activity (see decl. for MSJ opp.) | ECF No. 112-8 | *Defendants object pursuant to Fed. R. Evid. 402, 403, 802, and 901 on the grounds that the cited Facebook post is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, wastes time, and contains inadmissible hearsay, including a possible statement from the plaintiff, which plaintiff cannot affirmatively offer into evidence and is not independently admissible, and is not authenticated.* | |

| 24 | DOC investigation report (file 3)/12-19-21 - N1186/21 | DEF 2359-2368, 2378, 2405-2424 | *Defendants object pursuant to Fed. R. Evid. 402, 403, and 802 on the grounds that the cited exhibit is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, wastes time, and contains inadmissible hearsay, including statements from the plaintiff, which plaintiff cannot affirmatively offer into evidence and is not independently admissible.*<br><br>*Defendants intend to move in limine to preclude this exhibit.* | **Advanced Ruling Requested** |
| 25* | Security camera footage (N1186/21) - clinic[25] | 76.154-76.181, 10.79 | *Defendants have no objection to the extent such evidence is introduced through a proper witness at an appropriate time and for a relevant purpose.* | |
| 26 | DOC report re Palmer-Campbell (slip and fall) | DEF2799-2801 | *Defendants object pursuant to Fed. R. Evid. 402, 403, 404(b), 608, 802 on the grounds that the cited disciplinary report is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, wastes time, contains prohibited character evidence, attempts to admit prohibited extrinsic evidence relating to this witness's character for* | **Advanced Ruling Requested** |

---

[25] Defendants will attempt to confer with plaintiff's counsel to identify relevant excerpts of the video surveillance to be used to trial.

| | | | *truthfulness, and contains inadmissible hearsay.*<br><br>*Defendants intend to move in limine to preclude this exhibit.* | |
|---|---|---|---|---|
| 27 | Medical note re Palmer-Campbell | DEF00292 | *Defendants object pursuant to Fed. R. Evid. 402, 403, and 802 on the grounds that the cited portion of plaintiff's medical records are irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, wastes time, and contains inadmissible hearsay, including statements from the plaintiff, which plaintiff cannot affirmatively offer into evidence and is not independently admissible.*<br><br>*Defendants further object to plaintiff listing only one page of a three page report, which is identified as DEF0291-DEF0293.* | |
| 28 | Palmer-Campbell 311 - abuse allegation | DEF 2998 | *Defendants object pursuant to Fed. R. Evid. 402, 403, 404(b), 608, 802 on the grounds that the cited disciplinary report is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, wastes time, contains prohibited character evidence, attempts to admit prohibited extrinsic evidence relating to this witness's character for truthfulness, and contains inadmissible hearsay.* | **Advanced Ruling Requested** |

| | | | *Defendants intend to move in limine to preclude this exhibit.* | |
|---|---|---|---|---|
| 29 | DOC Policy 5011-Elimination of Sexual Abuse and Harassment (5-31-19) | public | *Defendants object pursuant to Fed. R. Evid. 402 and 403 on the grounds that the cited policy is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, and wastes time.*<br><br>*Defendants intend to move in limine to preclude this exhibit.* | **Advanced Ruling Requested** |
| 30 | CBS news article - New York City's Vernon C. Bain Correctional Center, the country's last operating prison ship, set to close | https://tinyurl.com/4pkhxmyy | *Defendants object pursuant to Fed. R. Evid. 402, 403, and 802 on the grounds that the cited news article is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, wastes time, and contains inadmissible hearsay.*<br><br>*Defendants intend to move in limine to preclude this exhibit.* | **Advanced Ruling Requested** |
| 31 | NYT news article - A Floating Jail Was Supposed to Be Temporary. That Was 27 Years Ago. | https://tinyurl.com/f94zc6ns | *Defendants object pursuant to Fed. R. Evid. 402, 403, and 802 on the grounds that the cited news article is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, wastes time, and contains inadmissible hearsay.*<br><br>*Defendants intend to move in limine to preclude this exhibit.* | **Advanced Ruling Requested** |

| 32 | Marshall Project - Why I Blew the Whistle on Extreme Confinement on Rikers Island | https://tinyurl.com/yuhyffch | *Defendants object pursuant to Fed. R. Evid. 402, 403, and 802 on the grounds that the cited news article is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, wastes time, and contains inadmissible hearsay.*<br><br>*Defendants intend to move in limine to preclude this exhibit.* | **Advanced Ruling Requested** |
| --- | --- | --- | --- | --- |
| 33 | *Nunez* Remedial Order - 08/05/2020 | ECF No. 1:11-cv-5845, Dkt. 347 | *Defendants object to the use of statements from the <u>Nunez</u> case as it violates the terms of the Consent Judgment in <u>Nunez</u>, which prohibits the admission of such information for use against the City of New York in any proceedings, and will be moving in limine to preclude this exhibit.  See <u>Nunez v. City</u>, No. 11 Civ. 05845, Dkt. No. 249.*<br><br>*Defendants further object to this exhibit pursuant to Fed. R. Evid. 402, 403, and 802 on the grounds that the cited Order is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, wastes time, and contains inadmissible hearsay.* | **Advanced Ruling Requested** |
| 33 | *Nunez* Status Report - 10/05/2023 | ECF No. 1:11-cv-5845, Dkt. 581 | *Defendants object to the use of statements from the <u>Nunez</u> case as it violates the terms of the Consent Judgment in <u>Nunez</u>, which prohibits the admission of such information for use against* | **Advanced Ruling Requested** |

| | | | | |
|---|---|---|---|---|
| | | | *the City of New York in any proceedings, and will be moving in limine to preclude this exhibit. See* <u>Nunez v. City</u>*, No. 11 Civ. 05845, Dkt. No. 249.*<br><br>*Defendants further object to this exhibit pursuant to Fed. R. Evid. 402, 403, and 802 on the grounds that the cited Order is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, wastes time, and contains inadmissible hearsay.* | |
| 34 | Operations Order: Body Worn Camera (BWC), effective 1/24/20 | DEF02738 – DEF02743 | *Defendants object pursuant to Fed. R. Evid. 402 and 403 on the grounds that the cited document is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, and wastes time.*<br><br>*Defendants intend to move in limine to preclude this exhibit.* | **Advanced Ruling Requested** |
| 35 | Operations Order: Body Worn Camera (BWC), effective 11/2/20 | DEF02744 – DEF02749 | *Defendants object pursuant to Fed. R. Evid. 402 and 403 on the grounds that the cited document is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, and wastes time.*<br><br>*Defendants intend to move in limine to preclude this exhibit.* | **Advanced Ruling Requested** |

| 36 | Operations Order: Body Worn Camera (BWC), effective 5/13/22 | DEF02750 – DEF02756 | *Defendants object pursuant to Fed. R. Evid. 402 and 403 on the grounds that the cited document is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, and wastes time.*<br><br>*Defendants intend to move in limine to preclude this exhibit.* | **Advanced Ruling Requested** |
|---|---|---|---|---|
| 37 | Directive: Handheld Video Record Equipment and Electronic Evidence, effective 5/13/22 | DEF02768 – DEF02779 | *Defendants object pursuant to Fed. R. Evid. 402 and 403 on the grounds that the cited document is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, and wastes time.*<br><br>*Defendants intend to move in limine to preclude this exhibit.* | **Advanced Ruling Requested** |
| 38 | Lauren A. Teichner, *Unusual Suspects: Recognizing and Responding to Female Staff Perpetrators of Sexual Misconduct in U.S. Prisons*, 14 Mich. J. Gender & L. 259, 260 (2008) | Available at: https://repository.law.umich.edu/mjgl/vol14/iss2/4 | *Defendants object pursuant to Fed. R. Evid. 402, 403, and 802 on the grounds that the cited article is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, wastes time, and contains inadmissible hearsay.*<br><br>*Defendants intend to move in limine to preclude this exhibit.* | **Advanced Ruling Requested** |

| | | | | |
|---|---|---|---|---|
| 39 | Shana L Maier. *Rape, Victims, and Investigations Experiences and Perceptions of Law Enforcement Officers Responding to Reported Rapes*, Routledge (2014) | Excerpts only, which Plaintiff will produce and circulate | *Defendants object as plaintiff as not sufficiently identified which excerpts he intends to admit into evidence nor has this been produced, as plaintiff has identified a 248 page book.*<br><br>*Defendants further object pursuant to Fed. R. Evid. 402, 403, and 802 on the grounds that the cited book is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, wastes time, and contains inadmissible hearsay.*<br><br>*Defendants intend to move in limine to preclude this exhibit.* | **Advanced Ruling Requested** |
| 40 | New York City Dept. of Corrections, Incarcerated Individual Bill of Rights Handbook for Incarcerated Individuals (revised June 2024) | https://tinyurl.com/4ntt3eky | *Defendants object pursuant to Fed. R. Evid. 402 and 403 on the grounds that the cited policy is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, and wastes time.*<br><br>*Defendants intend to move in limine to preclude this exhibit.* | **Advanced Ruling Requested** |
| 42 | Transcript of Hearing Testimony – New York City Council (Apr. 2024) | https://perma.cc/27G2-MRWJ | *Defendants object pursuant to Fed. R. Evid. 402, 403, and 802 on the grounds that the cited transcript is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, wastes* | **Advanced Ruling Requested** |

| | | | | |
|---|---|---|---|---|
| | | | *time, and contains inadmissible hearsay.* *Defendants intend to move in limine to preclude this exhibit.* | |
| 43 | Report accompanying testimony (see no. 42), *Oversight – Complaint and Grievance Procedures for People in Custody* | https://perma.cc/YWN2-PM4M | *Defendants object pursuant to Fed. R. Evid. 402, 403, and 802 on the grounds that the cited report is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, wastes time, and contains inadmissible hearsay.* *Defendants intend to move in limine to preclude this exhibit.* | **Advanced Ruling Requested** |
| 41 | Press Release, *IN MAJOR MILESTONE DOC ACHIEVES PREA COMPLIANCE: Rose M. Singer Center on Rikers Island Passes PREA Audit, Exceeds National Standards in Several Areas*, (Sept. 10, 2019) | https://perma.cc/4XTE-BRV4 | *Defendants object pursuant to Fed. R. Evid. 402, 403, and 802 on the grounds that the cited press release is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the issues, misleads the jury, causes undue delay, wastes time, and contains inadmissible hearsay.* *Defendants intend to move in limine to preclude this exhibit.* | **Advanced Ruling Requested** |
| 42 | DOC PREA Report - New York City Department of Correction Semi-Annual Sexual Abuse & Harassment Report Bi-Annual Comparison Report July | https://www.nyc.gov/assets/doc/downloads/pdf/FINAL%20LL21%20Jul%20to%20Dec%202023.pdf | *Defendants object pursuant to Fed. R. Evid. 402, 403, and 802 on the grounds that the cited report is irrelevant to the claims at issue, unfairly prejudicial to the defendants, confuses the* | **Advanced Ruling Requested** |

| | | | | |
|---|---|---|---|---|
| | 1, 2023 – December 31, 2023 | | *issues, misleads the jury, causes undue delay, wastes time, and contains inadmissible hearsay.*<br><br>*Defendants intend to move in limine to preclude this exhibit.* | |
| 43 | *Reserved for demonstrative exhibits pending Court intervention | | *Defendants object to plaintiff reserving space for unidentified "demonstrative exhibits."* | |

Defendants' Exhibits[26]

| Ex. | Description | Bates No. | Plaintiff's Objection | Advanced Ruling Requested |
|---|---|---|---|---|
| A | June 14, 2021 Video Recorded Interview of plaintiff | DEF02315 | Plaintiff objects pursuant to Fed. R. Evid. 401/402, 403, 404(b), 608(b), 611, 802, 805, 901, and 1002, on the grounds that the cited recording is irrelevant or low-probative, unfairly prejudicial, confusing, and cumulative; contains inadmissible hearsay and hearsay-within-hearsay; lacks proper authentication and chain of custody; risks improper character/propensity use and extrinsic impeachment; and | |

---

[26] This list does not include exhibits to be offered solely for impeachment or rebuttal purposes pursuant to Your Honor's Individual Rules. Defendants reserve the right to amend this exhibit list. Defendants reserve the right to offer and/or use at trial any exhibit listed by plaintiff. The listing of an exhibit is not an admission that an exhibit is admissible if offered by plaintiff, or that it is relevant and admissible for all parts of the trial or for all phases or purposes at trial. Defendants reserve the right to not use listed exhibits or to supplement this exhibit list in the future. This exhibit list is contingent in part on the Court's rulings before and after trial and the development of the evidence at trial. Defendants reserve the right to offer certain exhibits in redacted form.

| | | | should be excluded or strictly limited with necessary redactions and a completeness protocol under Rule 106 | |
|---|---|---|---|---|
| B | VCBC Video Surveillance Footage from June 13, 2021[27]<br><br>B-1: Video Angle 214.58<br><br>B-2: Video Angle 214.59<br><br>B-3: Video Angle 214.60<br><br>B-4: Video Angle 214.63<br><br>B-5: Video Angle 214.64<br><br>B-6: Video Angle 214.65<br><br>B-7: Video Angle 214.110<br><br>B-8: Video Angle 214.111<br><br>B-9: Video Angle 214.112<br><br>B-10: Video Angle 214.113<br><br>B-11: Video Angle 214.114 | DEF02316 | | |
| C | VCBC Logbook Entry for June 13, 2021 | DEF02821 – DEF02822 | | |
| D | GRVC Video Surveillance Footage | DEF02427 | | |

[27] Defendants intend to offer excerpts of this video footage, but are listing the complete video in an abundance of caution.

| | | | |
|---|---|---|---|
| | from December 18, 2021[28]<br><br>D-1: Video Angle 10.79<br><br>D-2: Video Angle 76.154<br><br>D-3: Video Angle 76.155<br><br>D-4: Video Angle 76.156<br><br>D-5: Video Angle 76.172<br><br>D-6: Video Angle 76.173<br><br>D-7: Video Angle 76.174<br><br>D-8: Video Angle 76.175<br><br>D-9: Video Angle 76.177<br><br>D-10: Video Angle 76.178<br><br>D-11: Video Angle 76.179<br><br>D-12: Video Angle 76.180<br><br>D-13: Video Angle 76.181 | | | |
| E | GRVC Logbook Entry for December 17, 2021 to December 18, 2021 | DEF02787 – DEF02788 | | |
| F | Plaintiff's Lab Report, received date June 16, 2021, including Certification | DEF02162, DEF00001 – DEF00002 | Plaintiff objects under Fed. R. Evid. 401/402, 403, 802, 805, 901, 902(11), 803(6), 803(4), 702–705, 106, on the grounds that the records (a) are irrelevant or minimally probative and risk | |

---

[28] Defendants intend to offer excerpts of this video footage, but are listing the complete video in an abundance of caution.

| | | | | |
|---|---|---|---|---|
| | | | confusing/misleading the jury; (b) contain hearsay and hearsay-within-hearsay (provider notes, embedded third-party statements) without a proper 803(6)/902(11) certification or qualified custodian; (c) include statements beyond 803(4) (diagnosis/treatment) and improper opinions without a Rule 702 foundation; (d) are cherry-picked and require a Rule 106 completeness protocol; and (e) include unrelated medical history whose 403 prejudice and juror distraction substantially outweigh any probative value. Any use should be limited to narrow, foundation-laid excerpts after authentication and certification, with redactions for unrelated conditions and third-party statements | |
| G | Plaintiff's Lab Report, date September 2, 2021, including Certification | DEF2157, DEF00001 – DEF00002 | Plaintiff objects – See above objection to DX-F | |
| H | Plaintiff's Lab Report, received date January 6, 2022, including Certification | DEF02145, DEF00001 – DEF00002 | Plaintiff objects – See above objection to DX-F | |
| I | Plaintiff's Phone Call on June 13, 2021 at 12:59 | DEF02317 | Plaintiff objects pursuant to Fed. R. Evid. 401/402, 403, 404(b), 608(b), 611, 802, 805, 901(b)(5), 1002, and 106, on the grounds that unidentified telephone recordings/transcripts are irrelevant or low-probative, unfairly prejudicial, confusing, and cumulative; contain inadmissible hearsay | Advanced ruling requested*<br><br>Plaintiff requests an advance ruling requiring Defendants to identify each |

| | | | and hearsay-within-hearsay (third-party speakers), lack reliable speaker identification/authentication and chain of custody, risk improper character/propensity and extrinsic impeachment, and require a transcript/excerpt protocol with timestamps and necessary redactions. | call by date/time, participants, and theory of relevance, provide certified transcripts in advance, and address privilege filters before any clip is played |
|---|---|---|---|---|
| J | Plaintiff's Phone Call on June 13, 2021 at 13:24 | DEF02318 | Plaintiff objects – See above objection to DX-I | |
| K | Plaintiff's Phone Call on June 13, 2021 at 13:29 | DEF2323 | Plaintiff objects – See above objection to DX-I | |
| L | Plaintiff's Phone Call on June 13, 2021 at 17:33 | DEF02319 | Plaintiff objects – See above objection to DX-I | |
| M | Plaintiff's Phone Call on June 14, 2021 at 12:37 | DEF02320 | Plaintiff objects – See above objection to DX-I | |
| N | Plaintiff's Phone Call on June 14, 2021 at 12:44 | DEF02321 | Plaintiff objects – See above objection to DX-I | |
| O | Plaintiff's Phone Call on June 14, 2021 at 18:20 | DEF02322 | Plaintiff objects – See above objection to DX-I | |
| P | Plaintiff's Grievance re: CO Brumfield, dated June 16, 2021 | DEF02835 – DEF02836 | Plaintiff objects – See above objection to DX-I | |
| Q | Plaintiff's Phone Call on December 19, 2021 at 12:30 | DEF02426 | Plaintiff objects – See above objection to DX-I | |
| R | Plaintiff's Notice of Claim, dated July 9, 2021 | | | |

XIII.    **A statement of the damages claimed and any other relief sought, including the manner and method used to calculate any claimed damages and a breakdown of the elements of such claimed damages**

Plaintiff's damages and relief sought

According to the operative complaint, Plaintiff seeks compensatory and punitive damages for physical, emotional, and psychological injuries, punitive damages against certain individual defendants, and attorneys' fees and costs under 42 U.S.C. § 1988.

Plaintiff will establish damages through medical records, testimony of Plaintiff regarding emotional distress, and evidence of correctional misconduct. Further, Plaintiff intends to show the harms and damages he's experienced/suffered through testimony of others, third-party records, and other competent evidence.

Moreover, damages recoverable for a constitutional violation are separate from damages related or arising from physical harm, embarrassment, or similar emotional injury. *See, e.g., Kerman v. City of New York,* 374 F. 3d 93, 125–26 (2d Cir. 2004).

XIV.    **A statement of whether the parties consent to less than a unanimous verdict**

All parties do not consent to less than a unanimous verdict.

Dated: October 6, 2025                    Respectfully submitted,
New York, NY


THE ATLANTIC FOUNDATION


By:    _____/s/_____
                Sami Elamad
                450 Lexington Avenue
                Box 69
                New York, NY 10163
                Tel. (646) 685-3954
                Fax (646) 712-9501
                sami@the-atlantic-foundation.org


*Attorneys for Plaintiff*

By:    */s/ Gregory Accarino*
Gregory J.O. Accarino, Esq.
Kathleen D. Reilly, Esq.
MURIEL GOODE-TRUFANT
Office of the Corporation Counsel
Attorneys for Defendants
100 Church Street
New York, NY 10007
Tel. No.: (212) 356-1945
Email: gaccari@law.nyc.gov

*Attorneys for Defendants*

SO ORDERED:    _____
HON. J. PAUL OETKEN
UNITED STATES DISTRICT JUDGE