# The Atlantic Foundation

October 8, 2025

**VIA ECF**

The Honorable J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *Thompson v. City of New York, et al.*, No. 22-cv-1458 (JPO)(KHP)

Dear Judge Oetken:

      I write on behalf of Plaintiff Kwaine Thompson to respectfully request the Court strike or, in the alternative, to disregard Defendants' October 6, 2025 letter (ECF No. 225) seeking to file the Joint Pretrial Order ("JPTO") under seal.

      Defendants' submission should be stricken as improper under the Court's inherent authority. Courts are vested with inherent authority to strike any filed paper that is "abusive or otherwise improper under the circumstances." *See, e.g., Diallo v. New York City*, 2025 WL 522514, at *4 (S.D.N.Y. Feb. 18, 2025). The letter goes far beyond a sealing application and introduces prejudicial and immaterial allegations—even though Defendants represented during conferral that their sole request was to redact the witness's initials, a proposal to which Plaintiff consented without objection

      The letter also gratuitously recites unproven allegations from Plaintiff's criminal proceedings, including specific charges and inflammatory characterizations that serve no legitimate purpose in resolving the narrow redaction issue. Such details have no bearing on whether the initials should be redacted under the governing sealing standard. When a filing is "irrelevant to any issue before this Court and does not request any action from this Court," that further underscores why it should be stricken. *See Lively v. Wayfarer Studios LLC*, 2025 WL 1410702, at *1 (S.D.N.Y. May 15, 2025).

      This Court has previously sealed documents containing information from Plaintiff's criminal proceedings. *See* ECF Nos. 117, 118, 195, 197. Defendants' public filing of the same material circumvents those prior sealing orders and undermines the privacy interests the Court has already recognized. The Second Circuit has likewise cautioned that court filings may be

**Hon. J. Paul Oetken**
Oct. 8, 2025
Page 2 of 2

misused to publicize potentially defamatory statements under the protection of litigation privilege. *See, e.g., Brown v. Maxwell*, 929 F.3d 41, 52 (2d Cir. 2019). Put differently, Defendants' extensive recitation of criminal allegations—particularly the nature of the charges—appears calculated to prejudice rather than to address the limited sealing question.

Properly framed, then, Defendants' letter is needlessly scandalous, contains immaterial and prejudicial allegations, and fails to apply the Second Circuit's controlling sealing framework. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

\*   \*   \*

For these reasons, Plaintiff respectfully requests that the Court strike Defendants' letter (ECF No. 225), or alternatively disregard it, and direct that any future submission be limited to the *Lugosch* standard and related authorities.

Thank you for very much for the Court's consideration.

Very truly yours,

_____/s/_____
Sami Elamad