# The Atlantic Foundation

October 10, 2025

**BY ECF**

The Honorable J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *Thompson v. City of New York, et al.*, No. 22-cv-1458 (JPO) (KHP)

Dear Judge Oetken:

    I write respectfully on behalf of Plaintiff Kwaine Thompson in reply to Defendants' opposition (ECF No. 232) to Plaintiff's letter-motion seeking two narrow, court-managed measures to aid the jury at the upcoming October 27 trial.

    At the outset, I emphasize that Plaintiff's requests are aimed solely at assisting the jury and ensuring clarity at trial. The City frames this as a request to reopen discovery, which would of course give them an upper hand if that were the case. But it is not. Plaintiff seeks no new facts and proposes nothing that would expand the evidentiary record—only limited illustrative aids tied to testimony and stipulations. The relief requested falls squarely within the Court's inherent trial-management authority, including FRE 611(a) (to make the presentation effective for determining the truth and avoid wasting time) and Rule 16(c)(2)(K) (procedures for managing proof).

    While Rule 45 expressly contemplates subpoenas "to permit inspection of premises" for non-parties, Plaintiff invokes it here only by analogy. The Rule underscores that the Federal Rules already anticipate narrowly tailored inspections under protective conditions. Plaintiff ultimately relies on the Court's trial-management powers and is content to proceed, if the Court prefers, with a joint neutral diagram anchored to stipulated dimensions and sightlines so that the same demonstrative purpose is achieved without any new photography.

    As to the witness identifications, the City argues that a photo array should have occurred during discovery. The point here is not discovery but trial efficiency and accuracy. The Department already possesses the DOC photo IDs—it is data entirely within their control. Producing or allowing limited counsel-only review would not require meaningful time or resources. Moreover, Plaintiff largely litigated this case pro se for years without the benefit of counsel to manage discovery from start to finish. When discovery was later reopened in a limited

**Hon. J. Paul Oetken**
Oct. 10, 25
Page 2 of 2

way, the City repeatedly resisted and withheld information. *See, e.g.,* ECF No. 160 ("since the Court first re-opened discovery earlier this year, Defendants have not been transparent or forthcoming in the discovery process and, more to the point, ignored their obligation").

      A counsel-only, no-copy review would reduce unnecessary witness logistics and prevent juror confusion where multiple uniformed witnesses look similar. Alternatively, Plaintiff would accept a stipulated in-court identification protocol (for example, a name or assignment board prepared by the City) to accomplish the same purpose without headshots. Put simply, Plaintiff is only asking for a practical identification method that avoids calling unnecessary witnesses to trial.

      In sum, the requested measures are narrow and self-limiting, impose minimal burden, and for trial only. They will save time (fewer witnesses, fewer foundation detours, clearer presentations) and reduce dispute risk during openings and examinations. Plaintiff has proposed the least-intrusive versions first (City-run neutral capture; or, failing that, stipulations/diagrams), which eliminates the City's expressed security concerns

*   *   *

Thank you very much. I sincerely appreciate the Court's attention to this matter.

Very truly yours,

_____/s/_____
Sami Elamad