UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KWAINE THOMPSON,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF NEW YORK, *et al.*,<br><br>Defendants. | No. 22-cv-1458 (JPO) |

## PLAINTIFF'S PROPOSED VOIR DIRE

Plaintiff Kwaine Thompson, by and through his undersigned counsel, respectfully submits the following questions for prospective jurors in accordance with the Court's scheduling order of September 2, 2025 (ECF No. 219) and Rule 47 of the Federal Rules of Civil Procedure.

Dated: October 13, 2025                    Respectfully submitted,

By: _____/s/_____
Sami Elamad
The Atlantic Foundation
450 Lexington Ave.
Box 69
New York, NY 10163
(646) 685-3954

**Instructions**: Please indicate if your answer to any of the following questions is "yes" by circling the number of that question. If your answer to a question is "no," you need not do anything. Do not write your name or make any other marks on the questionnaire. The only marks you should make are circles around the questions for which the answer is "yes." If, when asked about a "yes" answer, there is a particularly sensitive issue, please say so and we will speak at the bench.

    A.    **Service & Hardship**

1. This trial is expected to last approximately four to five days. Will serving on the jury pose a serious hardship for you because of work, health, caregiving, or financial reasons?

2. Do you have any upcoming obligations that would make it difficult to attend court each day or give your full attention to the evidence?

3. Do you have any issues with hearing, vision, sitting for long periods, or understanding spoken English that might interfere with your ability to serve?

    B.    **Knowledge of the Case**

4. Have you read, seen, or heard anything about a case involving Kwaine Thompson or the New York City Department of Correction?

5. Do you have any personal knowledge of the people, facilities, or incidents that may be mentioned in this case?

6. If you have heard about events on Rikers Island in the news, would you be able to set that aside and decide this case solely on the evidence presented here?

    C.    **Background Information**

7. Please tell us the city or town where you live and how long you've lived there.

8. What is your current occupation? If you're retired or not working, what kind of work did you do most recently?

1

9. Who else lives in your household, and what type of work do they do?

10. Do you have friends or family members who work for the City of New York, any city agency, or any law-enforcement or correctional department?

11. Do you belong to or participate in any civic, community, political, or volunteer organizations?

12. What are your main sources of news or information—for example, television, print, social media, or online outlets—that you rely on regularly?

    **D.    Connections to Law Enforcement, Corrections, or Government**

13. Have you, or anyone close to you, ever worked for the New York City Department of Correction, the New York Police Department, or any other law-enforcement agency?

14. Have you, or anyone close to you, ever worked in a jail, prison, or detention facility such as Rikers Island, GRVC, AMKC, or VCBC?

15. Have you, or someone you know, ever been detained or incarcerated in any facility operated by the City or State of New York?

    **E.    Prior Jury Service or Litigation**

16. Have you ever served on a jury before? If so, was it a civil or criminal case, and did that experience affect how you feel about jury service?

17. Have you ever been a party to a lawsuit or a witness in a court case? Did that experience leave you with strong feelings about the legal system or lawsuits in general?

**F.    Views/Attitudes Toward Lawsuits and Damages**

18. Do you have any concerns or strong opinions about people bringing lawsuits against the City of New York or its employees?

19. What are your general views about lawsuits alleging misconduct against law enforcement and/or correctional officers?

20. Do you believe that lawsuits alleging abuse or misconduct by correctional officers are usually exaggerated?

21. If the law and evidence supported it, would you have any difficulty awarding money damages for physical or emotional harm?

22. Do you have any personal or moral beliefs that would prevent you from awarding damages for emotional distress?

**G.    Experiences with Crime, Police, and/or Incarceration**

22. Have you, or someone close to you, ever been the victim of a crime or accused of one?

23. Have you, or someone close to you, ever had an encounter—positive or negative—with law enforcement or correctional officers that stands out in your mind?

24. Have you, or someone close to you, ever worked or been housed at Rikers Island, the Vernon C. Bain Center ("The Boat"), or any facility like them?

3

### H.     Evaluating Testimony

25. Do you believe that correction officers or law-enforcement officers are more likely, less likely, or about as likely as anyone else to tell the truth in court?

26. Would you give more or less weight to a witness's testimony simply because they wear a uniform or work for the City?

27. Would a witness's criminal history or background affect how much weight you give to their testimony?

28. Would knowing that a witness has a criminal record influence how you evaluate their credibility?

29. "Do you believe a person with a criminal background can still be a truthful and reliable witness?

30. Would you have difficulty fairly evaluating testimony by a detainee or inmate witness?

### I.     Knowledge of the People and Facilities in This Case

28. Do you know any of the following people, either personally or by name recognition:

    - Plaintiff Kwaine Thompson
    - Correction Officer Katrese Brumfield
    - Correction Officer Jessica Simmons
    - Captain Debbie Palmer-Campbell
    - Correction Officer Tiffany Francis
    - Correction Officer Chandra Davis
    - Captain Tony Montague
    - Attorney Sami Elamad (plaintiff's counsel)
    - Attorney Gregory Accarino (New York City Law Department)
    - Attorney Kathleen Reilly (New York City Law Department)

29. Have you ever had contact with any of the following places that may come up during trial:

    - George R. Vierno Center (GRVC)
    - Vernon C. Bain Correctional Center (VCBC), also known as "The Boat"
    Anna M. Kross Center (AMKC)
    Brooklyn House
    - Manhattan House
    - Otis Bantum Correctional Center (OBCC)
    - Any other Rikers facilities
    - Elmira or Mid-State Correctional Facility (state prisons)

    **J.     Attitudes and Impartiality**

30. This case involves allegations of sexual assault and failure to protect within correctional facilities. Do you have any personal beliefs, experiences, or discomfort discussing such topics that might make it difficult to serve fairly?

31. Would hearing about sexual abuse or medical evidence (such as health records or testing) make it hard for you to stay impartial?

32. Do you have any strong feelings about the credibility of men or women who allege sexual abuse while in custody?

33. Can you assure both sides that you will decide this case solely on the evidence presented in court, not on sympathy or prejudice for either party?

34. Have you, or someone close to you, ever experienced or been affected by sexual abuse, assault, or harassment in any way?

    1. If so, do you feel that experience might affect your ability to be fair and impartial in a case where such issues could be discussed or referenced.

    **K.     Evidence and Exhibits**

34. During the trial, you may see evidence such as Department of Correction reports, video footage from Rikers facilities, or medical and investigative records. Would reviewing this type of evidence cause you any discomfort or make it hard for you to remain objective?

35. The Court may admit exhibits involving disciplinary records, internal investigations, or PREA-related (Prison Rape Elimination Act) documents. Would you be able to consider such evidence neutrally, following the judge's instructions on what may or may not be considered?

36. Would hearing testimony or evidence that involves sexual abuse or assault cause you discomfort or make it difficult for you to remain objective?

    **L.**    **Closing/Misc.**

36. Do you know of any reason—personal, professional, or otherwise—that would make you feel you could not be a fair and impartial juror in this case?

37. Is there anything we have not asked that you think the Court or the parties should know about your ability to serve fairly?