UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KWAINE THOMPSON,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF NEW YORK, *et al.*,<br><br>Defendants. | No. 22-cv-1458 (JPO) |

**VERDICT FORM**

    **Instructions:** All Jurors must agree unanimously to the answers to each question. Please follow the directions in this form closely and move through the form in the order that the questions are asked.

**Question No. 1**
**42 U.S.C. § 1983 – Fourteenth Amendment Right To Be Free From Sexual Abuse**

Has Plaintiff shown by a preponderance of the evidence that any of the following defendants violated his constitutional right to be free from sexual abuse? Answer "YES" or "NO" to each defendant listed.

- Katrese Brumfield: _____
- Jessica Simmons: _____
- Debbie Palmer-Campbell: _____

Did the action or inaction of these defendants substantially and foreseeably cause Plaintiff injury? Answer 'YES' or 'NO' with respect to each defendant listed.

- Katrese Brumfield: _____
- Jessica Simmons: _____
- Debbie Palmer-Campbell: _____

If you answered "YES" and "YES" for at least one defendant, continue to Question 1.2.
If you answered NO for all, proceed to Question 2.

**Question No. 1.2**
**Damages**

**(a) Compensatory damages**

State the total dollar amount, if any, that will fairly compensate Plaintiff for the injuries you find were caused by each individual defendant's constitutional violation(s).

- Katrese Brumfield: _____
- Jessica Simmons: _____
- Debbie Palmer-Campbell: _____

**(b) Nominal damages**

If you found a constitutional violation but no actual compensable injury as to any individual defendant, award nominal damages of $1 against each defendant by selecting "YES."

- Katrese Brumfield: ☐ YES   ☐ NO
- Jessica Simmons: ☐ YES   ☐ NO

- Debbie Palmer-Campbell: ☐ YES   ☐ NO

**(c) Punitive damages**

You may award punitive damages against an individual defendant if Plaintiff has proven by a preponderance of the evidence that the defendant's conduct was malicious or wanton, or showed reckless or callous indifference to Plaintiff's federally protected rights. You may not award punitive damages against the City of New York.

State the total dollar amount, if any, awarded for punitive damages: $_____

**Question No. 2**
**42 U.S.C. § 1983 – Failure to Intervene**

Has Plaintiff shown by a preponderance of the evidence that any of the defendants listed below knew or had reason to know that Plaintiff's Fourteenth Amendment rights were being violated and had a realistic opportunity to intervene but failed to do so? Answer "YES" or "NO" to each defendant listed.

- Tony Montague: _____
- Tiffany Francis: _____
- Chandra Davis: _____

Did the action or inaction of these defendants substantially and foreseeably cause Plaintiff to suffer injury or damages? Answer 'YES' or 'NO' with respect to each defendant listed.

- Tony Montague: _____
- Tiffany Francis: _____
- Chandra Davis: _____

If you answered "YES" and "YES" for at least one defendant, proceed to Question 2.2
If you answered NO to all defendants, proceed to Question 3

**Question No. 2.2**
**Damages**

**(a) Compensatory damages**

State the total dollar amount, if any, that will fairly compensate Plaintiff for the injuries you find were caused by each individual defendant's constitutional violation(s).

- Tony Montague: _____
- Tiffany Francis: _____

3

- Chandra Davis: _____

**(b) Nominal damages**

If you found a constitutional violation but no actual compensable injury as to any individual defendant, award nominal damages of $1 against each defendant by selecting "YES."

- Tony Montague: ☐ YES   ☐ NO
- Tiffany Francis: ☐ YES   ☐ NO
- Chandra Davis: ☐ YES   ☐ NO

**(c) Punitive damages**

You may award punitive damages against an individual defendant if Plaintiff has proven by a preponderance of the evidence that the defendant's conduct was malicious or wanton, or showed reckless or callous indifference to Plaintiff's federally protected rights. You may not award punitive damages against the City of New York.

State the total dollar amount, if any, awarded for punitive damages: $_____

**Question No. 3**
**Battery/Sexual Touching**

Has Plaintiff shown by a preponderance of the evidence that any of the following defendants intentionally engaged in offensive or sexual touching, causing harm? Answer "YES" or "NO" to each defendant listed.

- Katrese Brumfield: _____
- Jessica Simmons: _____

Did the conduct of each defendant substantially cause Plaintiff to suffer injury or damages? Answer "YES" or "NO" to each defendant listed.

- Katrese Brumfield: _____
- Jessica Simmons: _____

If you answered "YES" and "YES" for at least one defendant, proceed to Question 3.2.
If you answered NO to all defendants, proceed to Question 4.

4

**Question No. 3.2**
**Damages: Battery/Sexual Touching**

State the total dollar amount, if any, that will fairly compensate Plaintiff for the injuries caused by each defendant's conduct.

- Katrese Brumfield: _____
- Jessica Simmons: _____

You may also award punitive damages if the defendant's conduct was willful, wanton, or showed a conscious disregard of Plaintiff's rights.

Total punitive damages (if any): $ _____

**Question No. 4**
**Negligence – Pattern Jury Instructions**

Has Plaintiff shown by a preponderance of the evidence that any of the following defendants was negligent?

- City of New York: _____
- Tony Montague: _____
- Tiffany Francis: _____
- Chandra Davis: _____

Was such negligence a proximate cause of Plaintiff's injury?

- City of New York: _____
- Tony Montague: _____
- Tiffany Francis: _____
- Chandra Davis: _____

If you answered "YES" and "YES" for at least one defendant, go to Question 4.2
If you answered NO to all defendants, proceed to Question 5.

///

**Question No. 4.2**
**Damages: Negligence**

State the total dollar amount, if any, that will fairly compensate Plaintiff for injuries caused by each negligent defendant.

- City of New York: _____
- Tony Montague: _____
- Tiffany Francis: _____
- Chandra Davis: _____


**Question No. 5**
**Negligent Hiring and Supervision – Pattern Jury Instructions**

Has Plaintiff shown by a preponderance of the evidence that the City of New York was negligent in its training, supervision, and retention of its employees?

Circle one:          YES                    NO

Was such negligence a proximate cause of Plaintiff's injuries?

Circle one:          YES                    NO


If you answered "YES" and "YES", go to Question 5.2
If you answered NO to all defendants, proceed to Question 6.


**Question No. 5.2**
**Damages: Negligent Hiring and Supervision**

State the total dollar amount, if any, that will fairly compensate Plaintiff for injuries caused by the City's negligent hiring, training, supervision, or retention.

Total damages (if any): $ _____

**Question No. 6**
**Negligent Infliction of Emotional Distress – Pattern Jury Instructions**

Has Plaintiff shown by a preponderance of the evidence that any of the following defendants acted negligently in a manner that unreasonably endangered Plaintiff's physical safety or caused Plaintiff to fear for his safety, resulting in serious emotional distress?

- City of New York: _____
- Tony Montague: _____
- Tiffany Francis: _____
- Chandra Davis: _____

**Question No. 6.2**
**Damages: Negligent Infliction of Emotional Distress**

State the total dollar amount, if any, that will fairly compensate Plaintiff for injuries caused by each defendant's negligent infliction of emotional distress.

- City of New York: _____
- Tony Montague: _____
- Tiffany Francis: _____
- Chandra Davis: _____

*   *   *

**Your deliberations are complete. The jury foreperson must complete and sign the last page, and please inform the Court that you have reached a verdict.**

Dated: _____, 2025
New York, NY

I attest the foregoing reflects the jury's decision.

_____
Foreperson