**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KWAINE THOMPSON, | No. 22-cv-1458 (JPO) |
| Plaintiff, | |
| vs. | |
| CITY OF NEW YORK, *et al.*, | |
| Defendants. | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff Kwaine Thompson, by and through his undersigned counsel, respectfully submits the following proposed jury instructions in accordance with the Court's scheduling order of September 2, 2025 (ECF No. 219). These proposed instructions are submitted to supplement the Court's standard jury instructions. Should the Court require a complete or revised set, Plaintiff respectfully requests leave to re-file accordingly.

Dated: October 14, 2025                    Respectfully submitted,

By: _____/s/_____
Sami Elamad
The Atlantic Foundation
450 Lexington Ave.
Box 69
New York, NY 10163
(646) 685-3954

## 1. GENERAL PRELIMINARY INSTRUCTIONS

### 1.1 Opening Instructions

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who sues is called the plaintiff. In this action, plaintiff is Kwaine Thompson. The parties being sued are called the defendants. In this action, the defendants are the City of New York, Katrese Brumfield, Jessica Simmons, Debbie Palmer-Campbell, Tiffany Francis, Chandra Davis, and Tony Montague,

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received in to evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence the lawyer believes is not admissible. You should not be biased or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other

comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The lawyers are not allowed to speak with you during this case. When you see the lawyers at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

3 Fed. Jury Prac. & Instr. (7th ed.)

**1.2    Order of Trial**

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline or summary to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, plaintiff [name of plaintiff] will present evidence in support of plaintiff's claims and defendant [name of defendant]'s lawyer may cross-examine the witnesses. At the conclusion of plaintiff's case, the defendant may introduce evidence and plaintiff's lawyer may cross-examine the witnesses. Defendant is not required to introduce any evidence or to call any witnesses. [If defendant introduces evidence, plaintiff may then present rebuttal evidence.]

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence. Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

**1.4**     **Province of Judge and Jury**

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. I must stress that you must accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

**1.5    Jury Conduct**

To insure fairness, you must obey the following rules:

1. Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

2. Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell people you are a juror, but do not tell them anything else about the case.

3. Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended. If someone should try to talk to you about the case during the trial, please report it to me immediately.

4. During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5. Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

6. Do not do any research, such as checking dictionaries, or make any investigation about the case on your own.

7. Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

8. If you need to tell me something, simply give a signed note to the Marshal or Clerk to give to me.

**1.6     Note-Taking Permitted**

During this trial, I will permit you to take notes. You are not required to take notes. If you do not take notes, you should not be influenced by another juror's notes, but should rely upon your own recollection of the evidence.

Because many courts do not permit notetaking by jurors, a word of caution is in order. You must not allow your notetaking to distract you from the proceedings.

Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented and not written down may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case.

**1.7    Evidence in the Case**

The evidence in the case will consist of the following:

1.  The sworn testimony of the witnesses, no matter who called a witness.

2.  All exhibits received in evidence, regardless of who may have produced the exhibits.

3.  All facts that may have been judicially noticed and that you must take as true for purposes of this case.


I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

**1.8**    **Direct and Circumstantial Evidence**

"Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did.

"Circumstantial evidence" is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

**1.9     Credibility of Witnesses**

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

**1.10   What Is Not Evidence**

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

## 2.      JURY INSTRUCTIONS FOR THE END OF TRIAL

### 2.1    General Introduction

When you retire to the jury room to deliberate, you may take with you these instructions, your notes, and the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

**2.2     Use of Notes**

You may use the notes taken by you during the trial. The notes, however, should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

**2.3     All Parties Equal Before the Law — Individuals**

This case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be treated as equals.

**2.4     Evidence in the Case (End-of-Trial Clarification)**

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

**2.5    Law Enforcement Officer Testimony**

You are required to evaluate the testimony of a law enforcement officer as you would the testimony of any other witness. No special weight may be given to an officer's testimony because the officer is a law enforcement officer.

**2.6    Inferences**

You are to consider only the evidence in the case. You are not limited, however, to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

**2.7    Impeachment — Inconsistent Statement or Conduct**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**2.8    Standard of Proof — Preponderance of the Evidence**

Plaintiff has the burden in a civil action, such as this, to prove every essential element of plaintiff's claim by a preponderance of the evidence. If plaintiff should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, you should find for defendant(s) as to that claim.

"To prove by a preponderance of the evidence" means to prove something is more likely than not so. In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

The defendants have the burden of proving each element of their affirmative defenses. I shall shortly instruct you on the elements of their defenses. If you find that any one of the elements of either of defendants' defenses has not been proven by a preponderance of the evidence, you must disregard the defense.

## 3.    SUBSTANTIVE LAW

### 3.1    Elements of Plaintiff's §1983 Claim

Plaintiff's claim is brought under a federal civil rights law, 42 USC § 1983. This law provides a remedy for persons who have been deprived of their federal constitutional and statutory rights under color of state law. Section 1983 provides in part that:

Every person who, under color of [state law], subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and [federal] laws, shall be liable to the party injured [for damages].

Section 1983 creates a remedy for violations of constitutional and federal rights. The law was passed by Congress to enforce the Fourteenth Amendment of the Constitution, which provides that no state shall deprive any person of life, liberty, or property, without due process of law nor deny to any person within its jurisdiction the equal protection of the laws.

To establish a claim under section 1983, plaintiff AB must prove, by a preponderance of the evidence, the following three elements:

First, that defendant CD's conduct was under color of state law;

Second, that this conduct deprived AB of a right protected by the Constitution of the United States (or a federal statute); and

Third, that CD's conduct caused the injuries and damages claimed by AB.

**3.2**    **Compensatory Damages**

If Plaintiff has proved all of the elements of his claims, then you must award him a sum of money that you believe will provide fair and just compensation for any injury caused by Defendants' misconduct. These are known as "compensatory damages." Plaintiff has the burden of proving damages by a preponderance of the evidence.

In determining the amount of the damages to award Plaintiff, you should consider the following types of compensatory damages:

- Physical harm to Plaintiff during and after the events at issue, including ill health, physical pain, or discomfort, and any such physical harm that Plaintiff is reasonably certain to experience in the future.

- Emotional and mental harm to Plaintiff during and after the events at issue, including fear, humiliation, and mental anguish, and any such emotional and mental harm that Plaintiff is reasonably certain to experience in the future.

With respect to all of these different kinds of compensatory damages, your verdict must not be based on speculation. It must be based on the evidence presented at trial. Although your damages verdict must be based on evidence, and not mere speculation, no evidence of the dollar value of physical harm and emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded in these categories. You are to determine an amount that will provide fair compensation for the injuries and losses sustained by Plaintiff.

### 3.3     Punitive Damages

If you find for Plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights.

**3.4      Nominal Damages**

If you return a verdict for Plaintiff, but find that he has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of damages in some nominal or token amount, not to exceed the sum of One Dollar ($1.00).

Nominal damages must be awarded when the plaintiff has been deprived by defendants of a constitutional right but has suffered no actual damage as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that plaintiff has suffered no injury as a result of defendants' conduct, other than the fact of a constitutional deprivation, you must award nominal damages, not to exceed One Dollar.

## 4.     Deliberations and Verdict

### 4.1    Duty to Deliberate

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans; you are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.