UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KWAINE THOMPSON,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF NEW YORK, *et al.*,<br><br>Defendants. | No. 22-cv-1458 (JPO) (KHP) |

MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFF'S MOTION IN *LIMINE*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

INTRODUCTION ........................................................................................................................ 1

LEGAL STANDARDS ................................................................................................................ 1

ARGUMENT ................................................................................................................................ 2

    I.   The Court Should Preclude Recordings of Plaintiff's Phone Calls with Family and Friends (Def. Exs. I–Q)................................................................................................................ 2

    II.  Defendants Waived Any Qualified Immunity Defense and Should Be Precluded from Asserting It at Trial ............................................................................................................ 4

    III. Defendants Should Be Precluded from Introducing Details of Plaintiff's Criminal History Beyond What Rule 609 Strictly Permits............................................................................ 5

CONCLUSION............................................................................................................................. 7

# **TABLE OF AUTHORITIES**

**Cases**

*Ash v. Johnston,*
2021 WL 2821258 (N.D.N.Y. July 7, 2021) ................................................................................... 6

*Baxter Diagnostics, Inc. v. Novatek Med., Inc.,*
No. 94-CV-5220, 1998 WL 665138 (S.D.N.Y. Sept. 25, 1998) ..................................................... 2

*Blissett v. Coughlin,*
66 F.3d 531 (2d Cir. 1995) ............................................................................................................. 4

Boddie v. Schnieder,
105 F.3d 857 (2d Cir. 1997) ........................................................................................................... 4

*Crawford v. Cuomo,*
796 F.3d 252 (2d Cir. 2015) ........................................................................................................... 4

*Farmer v. Brennan,*
511 U.S. 825 (1994) ....................................................................................................................... 4

*Foster v. Lee,*
93 F. Supp. 3d 223 (S.D.N.Y. 2015) .............................................................................................. 4

*Harris v. Miller,*
818 F.3d 49 (2d Cir. 2016) ............................................................................................................. 4

*Jackson v. City of White Plains,*
2016 WL 234855 (S.D.N.Y. Jan. 19, 2016) ................................................................................... 6

*Lewis v. Velez,*
149 F.R.D. 474 (S.D.N.Y. 1993) ................................................................................................... 6

*Luce v. United States,*
469 U.S. 38 (1984) ......................................................................................................................... 1

*Marshall v. Port Auth. of N.Y. & N.J.,*
2022 WL 17491006 (S.D.N.Y. Dec. 5, 2022) ................................................................................ 2

*Rahman v. Chung Lee,*
2024 WL 4043697 (S.D.N.Y. Sept. 4, 2024) ................................................................................. 6

*Tang Cap. Partners, LP v. BRC Inc.,*
2025 WL 1785245 (S.D.N.Y. June 27, 2025) ................................................................................ 4

*United States v. White,*
692 F.3d 235 (2d Cir. 2012) ............................................................................................. 1

*Williams v. Henderson,*
451 F. Supp. 328 (E.D.N.Y. 1978) .................................................................................. 6

**Rules and Statutes**

Fed. R. Evid. 401 . ................................................................................................1, 2, 3, 7

Fed. R. Evid. 402 ..................................................................................................... 1, 2

Fed. R. Evid. 403 ................................................................................................ 1, 2, 3, 6, 7

Fed. R. Evid. 404(b) ................................................................................................ 1, 3, 7

Fed. R. Evid. 608(b) ................................................................................................ 1, 3, 7

Fed. R. Evid. 609 ..................................................................................................... 5, 6

Fed. R. Evid. 611 .................................................................................................... 1, 3, 7

Fed. R. Evid. 801–805 ............................................................................................. 1, 3, 7

Fed. R. Evid. 901 .................................................................................................... 1, 3, 7

Fed. R. Evid. 902 ......................................................................................................... 1, 7

Fed. R. Evid. 1002 ................................................................................................... 1, 3, 7

**PRELIMINARY STATEMENT**

Plaintiff Kwaine Thompson ("Plaintiff" or "Thompson") respectfully submits the following in support of his motion *in limine* to preclude the admission of certain Defendants' proposed exhibits listed in the Joint Pretrial Order ("JPTO"), based on Plaintiff's specific objections therein and pursuant to Federal Rules of Evidence 401–403, 404(b), 608(b), 611, 801–805, 901, 902, and 1002. Plaintiff further seeks to exclude any reference to alleged criminal history, any suggestion or argument concerning qualified immunity, and any other improper or prejudicial evidence or argument lacking relevance or foundation. This motion seeks to preclude such evidence and arguments so that the jury may decide this case on the facts and the law, not on confusion or unfair prejudice.

**INTRODUCTION**

Defendants have repeatedly sought to inject improper, irrelevant, and prejudicial material into this case, most of which consist of telephoned recordings between Plaintiff and family and friends. For the reasons explained below, Defendants' exhibits are irrelevant, unduly prejudicial, lack proper foundation, and contain multiple layers of hearsay.

**LEGAL STANDARDS**

A motion *in limine* refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see* Fed. R. Evid. 401, 402, and 403. Evidence must be relevant to be admissible at trial. *See id*. Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "[U]nless an exception applies, all '[r]elevant evidence is admissible.'" *United States v. White*, 692 F.3d 235, 246 (2d Cir. 2012) (quoting Fed. R. Evid. 402).

1

District courts have broad discretion to rule on such motions in order to ensure that trials proceed efficiently and without the introduction of improper evidence. *See, e.g., Marshall v. Port Auth. of N.Y. & N.J.,* No. 19-CV-2168 (LJL), 2022 WL 17491006, at *2 (S.D.N.Y. Dec. 5, 2022). Ultimately, the purpose of a motion *in limine* is to streamline the trial, avoid unfair prejudice, and ensure that only properly admissible evidence reaches the jury. A court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds. *Id.; see also Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94-CV-5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998).

## ARGUMENT

### I.  The Court Should Preclude Recordings of Plaintiff's Phone Calls with Family and Friends (Def. Exs. I–Q)

Defendants propose to introduce a series of monitored jail calls in which Plaintiff engages in personal, romantic, and colloquial exchanges with friends or family. None of the calls contain admissions, contradictions, or statements relevant to the claims or defenses in this action. The City's only stated purpose—to suggest that Plaintiff is "money-motivated"—rests on stray, ambiguous references to having lawsuits or speaking to lawyers. That is not evidence of fabrication or bias, and any probative value is vastly outweighed by the prejudicial impact of playing profanity-laden, irrelevant calls to the jury.

Plaintiff objects to the admission of Defendants' proposed telephone recordings under Rules 401, 403, 404(b), 608(b), 611, 802, 901, and 1002.

As a threshold matter, Defendants have failed to identify who is speaking in the recordings, the context or purpose of the calls, or any authenticating foundation for their admissibility. Without certified transcripts or any indication of accuracy or completeness, these recordings are also inadmissible under Rule 1002. On those grounds alone, the Court may

exclude such evidence. Even putting authentication aside, the content of these recordings is inherently ambiguous. The calls are informal, colloquial, and selective excerpts of private conversations. Injecting snippets of such conversations would serve no legitimate evidentiary purpose beyond casting Plaintiff in a negative light. The recordings would mislead and inflame the jury, invite collateral disputes over meaning.

On the merits, the Department of Correction relied on these recordings as part of its internal investigation to conclude that Plaintiff's allegations were "unfounded." The only apparent reason was that, in one or more calls, Plaintiff mentioned the possibility of filing a lawsuit or receiving a settlement. Merely discussing one's legal rights or hopes for redress does not bear on the underlying misconduct alleged here and certainly has no probative value as to whether the assault occurred.

The only potentially arguable "motive" evidence the City might cite is Plaintiff's mention that he has "lawsuits" or is "talking to lawyers." That is not an improper motive. Rather, it simply reflects that Plaintiff is actively pursuing legitimate grievances. None of the recordings show an intent to fabricate or exaggerate for money. More to the point, there is no statement suggesting greed, dishonesty, or ulterior motive. Even the mild references to lawyers or cases are expected for an incarcerated civil-rights plaintiff. Any minimal probative value is substantially outweighed by unfair prejudice and jury confusion.

In sum, the City has not authenticated the speakers, dates, or completeness, and has no certified transcripts. The Court should preclude these recordings under Rules 401, 403, 802, 901, and 1002. If Plaintiff opens the door by denying any monetary interest, the Court can revisit a narrowly tailored impeachment excerpt with proper foundation and a limiting instruction.

///

## II. Defendants Waived Any Qualified Immunity Defense and Should Be Precluded from Asserting It at Trial

Defendants should be precluded from presenting or suggesting any argument grounded in qualified immunity at trial.

First, Defendants waived the defense long ago. "[B]ecause qualified immunity is an affirmative defense, it is incumbent upon the defendant to plead, and adequately develop, a qualified immunity defense during pretrial proceedings . . . ." *Blissett v. Coughlin*, 66 F.3d 531, 538 (2d Cir. 1995). Defendants did not move for summary judgment on qualified immunity grounds, despite having had ample opportunity to do so. *See* ECF No. 111 at 13 (citing *Harris v. Miller*, 818 F.3d 49, 63 (2d Cir. 2016)). Where a defendant elects not to raise qualified immunity at summary judgment, as here, the defense is forfeited. Having chosen not to test that defense before trial, Defendants cannot now revive it through argument, insinuation, or jury instruction. *Cf. Tang Cap. Partners, LP v. BRC Inc.*, No. 22-CV-3476 (RWL), 2025 WL 1785245, at *12 (S.D.N.Y. June 27, 2025) (waiving defense where defendant failed to litigate) (citing, *inter alia, Foster v. Lee*, 93 F. Supp.3d 223, 229-30 (S.D.N.Y. 2015)).

Second, even if the defense had not been waived, it would fail on the merits. The rights at issue in this case—namely, a pretrial detainee's right to be free from sexual assault by correctional staff and the right to be protected from known risks of such assault—were clearly established well before the events at Rikers Island giving rise to this action. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Boddie v. Schnieder*, 105 F.3d 857 (2d Cir. 1997); *see also* ECF No. 111 at 8 (citing, *inter alia*, *Crawford v. Cuomo*, 796 F.3d 252 (2d Cir. 2015)). In other words, no reasonable correctional officer could have believed that the conduct alleged here was lawful, nor could the City reasonably claim uncertainty as to its constitutional obligations.

Third, Defendants' vague references to "discretionary function immunity" are equally misplaced. That doctrine has no application to § 1983 claims and, at most, could be relevant only to state-law negligence theories—and even then, only for discretionary, not ministerial, acts involving a considered policy judgment. Nothing of the sort is at issue here.

It also bears emphasizing that any determination regarding qualified immunity is a question of law reserved for the Court, not the jury. *See* JPTO at 5 n.5. Allowing Defendants to inject this issue at trial—whether through testimony, argument, or proposed jury instructions— would improperly invite jurors to speculate about legal doctrines beyond their province and risk confusing the issues.

### III. Defendants Should Be Precluded from Introducing Details of Plaintiff's Criminal History Beyond What Rule 609 Strictly Permits.

Defendants may seek to impeach Plaintiff with prior convictions. Plaintiff's record[1] includes a 2023 conviction for Robbery in the Second Degree and a related Criminal Contempt offense, as well as a 2017 conviction for Assault in the Third Degree. None of these offenses contains an element of deceit or false statement and therefore fall under Federal Rule of Evidence 609(a)(1)—not 609(a)(2).

To that end, Defendants should be barred from eliciting the names, nature, or details of any of Plaintiff's prior convictions. *See* Fed. R. Evid. 609, 403. At most, "[b]ecause none of the crimes for which Plaintiff was previously convicted required proof of a dishonest act or false statement as an element to establish guilt," the Court should impose appropriate guardrails.

---

[1] Plaintiff provides these limited details regarding his criminal record solely to assist the Court in conducting the Rule 609/403 analysis and expressly reserves all objections to the admissibility of such information. Defendants' recent filing has already disclosed many of these details inappropriately—effectively "letting the cat out of the bag"—but Plaintiff maintains that none of this material is relevant or admissible at trial. If necessary, and with leave of Court, Plaintiff can file his certified rap sheet under seal to clarify the record.

5

*Rahman v. Chung Lee*, No. 23-cv-5665 (LAP), 2024 WL 4043697, at *8 (S.D.N.Y. Sept. 4, 2024). If any impeachment is permitted, it should be strictly limited to the number of felony convictions, the judgment dates, and the sentences imposed, without reference to the underlying offenses. *See id.; Ash v. Johnston*, 2021 WL 2821258, at *8 (N.D.N.Y. July 7, 2021) (precluding the names and details of prior crimes). The risk of unfair prejudice is particularly acute here, where the core allegations involve sexual assault within a detention facility—a context in which jurors may be especially prone to making impermissible character inferences based on prior convictions.

Even apart from that, the impeachment value of these convictions is negligible, while their prejudicial effect—particularly in a case alleging sexual abuse within a correctional facility—is extreme. Naming or describing these crimes would risk inflaming the jury, inviting impermissible propensity inferences, and distracting from the merits of Plaintiff's civil-rights claims. Second Circuit courts consistently exclude prior arrests and convictions of civil-rights plaintiffs because the probative value is minimal compared to the substantial danger of unfair prejudice. *See, e.g., Jackson v. City of White Plains*, 2016 WL 234855, at 4 (S.D.N.Y. Jan. 19, 2016); *Lewis v. Velez*, 149 F.R.D. 474, 481–83 (S.D.N.Y. 1993) ("[V]iolent-crime convictions skirt too close to the impermissible suggestion that the plaintiff had a propensity toward violence.") (citing *Williams v. Henderson*, 451 F. Supp. 328, 331 (E.D.N.Y. 1978) ("Violent or assaultive crimes generally do not reflect directly on credibility.")).

For these reasons, the Court should preclude any reference to the names or nature of Plaintiff's prior convictions and, if any impeachment is permitted, limit it to the number of convictions, the judgment dates, and the sentences imposed.

///

**CONCLUSION**

For the reasons set forth above and in Plaintiff's objections contained within the Joint Pretrial Order, Plaintiff respectfully requests that the Court grant this motion in limine. Alternatively, Plaintiff respectfully requests the Court impose appropriate foundational, authentication, and completeness safeguards to prevent the admission of unreliable or prejudicial evidence. Such relief is necessary to ensure a fair and orderly presentation of the case consistent with Rules 401–403, 404(b), 608(b), 611, 802–805, and 901–902.

Dated: October 14, 2025

THE ATLANTIC FOUNDATION

By: _____/s/_____
Sami Elamad
450 Lexington Ave.
Box 69
New York, NY 10163
Tel. (646) 685-3954
Fax (646) 712-9501
sami@the-atlantic-foundation.org

*Attorneys for
Plaintiff Kwaine Thompson*

7