Docket No. 22 Civ. 1458 (JPO) (KHP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KWAINE THOMPSON,

                                 Plaintiff,

-against-

CITY OF NEW YORK, ET AL.

                                 Defendants.

**DEFENDANTS' MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S
MOTIONS *IN LIMINE***

***MURIEL GOODE-TRUFANT***
*Corporation Counsel of the City of New York*
    *Attorney for Defendants City, Katrese Brumfield, Jessica Simmons, Debbie Palmer-Campbell, Chandra Davis, Tiffany Francis, and Tony Montague*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Gregory J.O. Accarino*
*Tel: (212) 356-1945*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

ARGUMENT………………...……………………………………………………………………1

    POINT I

        THE COURT SHOULD NOT PRECLUDE EXHIBITS I THROUGH Q AS THEY CONTAIN RELEVANT AND HIGHLY PROBATIVE STATEMENTS MADE BY THE PLAINTIFF .................................................................................................................... 1

    POINT II

        DEFENDANTS DID NOT WAIVE QUALIFIED IMMUNITY BY NOT ARGUING IT IN THEIR SUMMARY JUDGMENT MOTION ........................................................................... 5

    POINT III

        DEFENDANTS SHOULD NOT BE PRECLUDED FROM INTRODUCING DETAILS OF PLAINTIFF'S ADMISSIBLE CRIMINAL CONVICTIONS ........................................................ 8

CONCLUSION ................................................................................................................................ 11

# TABLE OF AUTHORITIES

**Cases**                                                                                                          **Pages**

*Baar v. Jefferson Cty. Bd. of Educ.*,
   476 F. App'x 621 (6th Cir. 2012) ..................................................................................6

*Blissett v. Coughlin*,
   66 F.3d 531 (2d Cir. 1995)............................................................................................7

*Campbell v. Greer*,
   831 F.2d 700 (7th Cir. 1987) ........................................................................................9

*Daniels v. Loizzo*,
   986 F. Supp. 245 (S.D.N.Y. 1997) ..............................................................................10

*Guzman-Rivera v. Rivera-Cruz*,
   98 F.3d 664 (1st Cir. 1996) ....................................................................................... 5-6

*Jackson v. City of White Plains,*
   2016 WL 234855 (S.D.N.Y. Jan. 19, 2016) ...............................................................10

*Lewis v. Velez*,
   149 F.R.D. 474 (S.D.N.Y. 1993) ..........................................................................10, 11

*Miller v. City of New York*,
   No. 17-CV-8593 (JPO), 2023 U.S. Dist. LEXIS 2132
   (S.D.N.Y. Jan. 5, 2023) (Oetken, J.)..........................................................................6, 7

*Stephenson v. Doe*,
   332 F.3d 68 (2d Cir. 2003)..........................................................................................5, 6

*Thomas v. Leifeld*,
   No. 13-CV-321 (MAD) (TWD),
   2018 U.S. Dist. LEXIS 116008 (N.D.N.Y. July 12, 2018).........................................8

*United States v. Estrada*,
   430 F. 3d 606 (2d Cir. 2005)...............................................................................8, 9, 10

*United States v. Howell*,
   285 F.3d 1263 (10th Cir. 2002) ...................................................................................8

*Villante v. VanDyke*,
   93 F. App'x 307 (2d Cir. 2004) ...................................................................................6

*Williams v. Henderson*,
   451 F. Supp. 328 (E.D.N.Y. 1978) ............................................................................10

| **Statutes** | **Pages** |
| --- | --- |
| Fed. R. Evid. 403 | 8 |
| Fed. R. Evid. 609 | 8, 10 |
| Fed. R. Evid. 609(a) | 11 |
| Fed. R. Evid. 609(a)(1) | 8, 10 |
| Fed. R. Evid. 609(b)(2) | 9 |

**PRELIMINARY STATEMENT**

Plaintiff Kwaine Thompson moved *in limine* to (1) preclude recordings of his own phone calls discussing this lawsuit and the incidents alleged; (2) preclude defendants from asserting qualified immunity because defendants did not argue qualified immunity during summary judgment; and (3) precluding details regarding plaintiff's admissible criminal convictions.

Plaintiff's Motions *in limine* should be denied because, *inter alia*, (1) the telephone call recordings defendants have listed as exhibits contain relevant and highly probative statements made by plaintiff that contradict plaintiff's allegations in this lawsuit; (2) the defense of qualified immunity is not waived simply because a defendant did not raise the defense in connection with a motion for summary judgment and, in any event, it was inappropriate to argue qualified immunity at summary judgment since, at that stage, the Court was required to view the facts in the light most favorable to plaintiff; and (3) certain details of plaintiff's admissible criminal convictions are necessary for the jury to properly assess the weight of the those convictions as they relate to plaintiff's credibility.

**ARGUMENT**

**POINT I**

**THE COURT SHOULD NOT PRECLUDE EXHIBITS I THROUGH Q AS THEY CONTAIN RELEVANT AND HIGHLY PROBATIVE STATEMENTS MADE BY THE PLAINTIFF**

Plaintiff seeks to preclude defendants' Exhibits I through Q, which plaintiff alleges are irrelevant "recordings of plaintiff's phone calls with family and friends. *See* Dkt. No. 240, Plaintiff's Memorandum of Law in Support of Plaintiff's Motion *in Limine* ("Pl. Memo.) at 2. However, these exhibits contain relevant and highly probative opposing party statements that

plaintiff made regarding the allegations in this lawsuit, which directly contract other sworn accounts plaintiff has provided.

As an initial matter, defendants' Exhibits I through Q are all impeachment exhibits, but were listed by the defendants out of an abundance of caution. In any event, to the extent that plaintiff brings up issues regarding authenticity in his motion, plaintiff himself concedes that he made these phone calls. *See* Pl. Memo. at 2 ("Defendants propose to introduce a series of monitored jail calls in which *Plaintiff* engages in personal romantic, and colloquial exchanges with friends or family.") (emphasis added). Furthermore, as discussed below, plaintiff identifies himself by name in many of the phone calls, and, in addition confirmed he was the speaker of several phone calls in his sworn deposition testimony, as discussed below. Therefore, there is no dispute as to whether or not it was plaintiff who made these phone calls. Moreover, these exhibits that are phone calls (excluding Exhibit P, which is a written statement) are all full recordings and not excerpts. In any event, defendants have listed, as a possible witness, a Custodian of the Records from the New York City Department of Correction, as Defendants' Witness No. 7, to testify about, *inter alia*, authenticating telephone calls made by plaintiff while in DOC custody, should it be necessary.

Plaintiff also mischaracterizes Exhibit J, K, P, and Q as calls to "family and friends," as Exhibits J, K, and Q are calls that plaintiff made to 311 reporting his allegations against defendants Brumfield and Palmer-Campbell, and Exhibit P is not a phone call at all, but rather a written grievance plaintiff submitted reporting allegations against defendant Brumfield at issue in this lawsuit. For these reasons alone, plaintiff's motion to preclude these four exhibits should be denied, as plaintiff has completely mischaracterized what these exhibits are, and therefore, none of his arguments in favor of preclusion even apply to them.

2

Plaintiff argues that Exhibits I through Q should be precluded because the only purpose the defendants have to introduce these calls is to "suggest that plaintiff is 'money-motivated,'" and therefore the "probative value is vastly outweighed by the prejudicial impact." *See id.* As an initial matter, plaintiff's arguments fail because offering evidence of plaintiff's motivations for fabricating his allegations against the defendants are clearly relevant and proper. Nevertheless, plaintiff is mistaken about defendants' bases for listing Exhibits I through Q. Rather, contrary to plaintiff's assertion that "[n]one of the calls contain admissions, contradictions, or statements relevant to the claims or defenses in this action," these exhibits contain plaintiff's own statements concerning plaintiff's allegations in this lawsuit, which directly contradict his prior sworn testimony. *See* Pl. Memo. at 2.

For example, defendants' Exhibits J and K are recordings of 311 calls that plaintiff made on June 13, 2021, in which he identified himself by first and last name and reported sexual harassment allegations against defendant Brumfield (plaintiff seeks to admit Defendants' Exhibit K himself under Plaintiff's Exhibit 13). Defendants' Exhibit Q is a recording of a another 311 call that plaintiff made on December 19, 2021, in which he identified himself by first and last name and reported sexual harassment allegations against defendant Palmer-Campbell. Plaintiff's calls to 311 reporting sexual harassment allegations against defendants Brumfield and Palmer-Campbell, in which plaintiff references these defendants by name, as well as the date and location of the alleged incidents, are relevant to the claims at issue and highly probative to plaintiff's credibility, especially because they contradict his sworn testimony regarding his allegations against these defendants. Therefore, these exhibits are admissible and should not be precluded.

As explained, defendants' Exhibit P is not a phone call at all, but a written grievance plaintiff filed against defendant Brumfield, which plaintiff himself also seeks to admit under

3

Plaintiff's Exhibit 12.  Plaintiff's written statements regarding his allegations against defendant Brumfield at issue in this lawsuit are relevant to the claims at issue and highly probative to plaintiff's credibility.  Therefore, this exhibit is admissible and should not be precluded.

Furthermore, defendants' Exhibits I, L, M, N, and O, are relevant to the claims at issue and highly probative to plaintiff's credibility, as plaintiff's statements during these phone calls discuss the alleged incident with defendant Brumfield and contradict plaintiff's sworn testimony regarding these same allegations against defendant Brumfield, which are discussed in greater detail below.  In addition, these exhibits are relevant as they demonstrate plaintiff's motivation to sue individuals for retaliation.

Defendants' Exhibit I is a recording of a phone call plaintiff made to Andrea Thornton, who plaintiff has listed as a witness that he intends to call at trial despite never properly disclosing her, on June 13, 2021 at 12:59 p.m., recounting, *inter alia*, an incident that plaintiff had with defendant Brumfield earlier that morning on June 13, 2021.  Notably, in that phone call, while plaintiff alleges that he got into an argument with defendant Brumfield about an entry in the logbook, he does not mention any alleged sexual assault or harassment by defendant Brumfield.  Furthermore, at plaintiff's deposition, plaintiff listened to this recording and confirmed that it was his voice. *See* Dkt. No. 195-2, Plaintiff's Deposition at 122:16 – 123:17, March 18, 2025 (123:17 "That is my voice.").

Defendants' Exhibit L is a recording of a phone call plaintiff made on June 13, 2021 at 17:35 p.m., in which he references, *inter alia*, an argument that plaintiff had with defendant Brumfield earlier that day stating, *inter alia*, "what happened to me today, I'm including this bitch in my lawsuit to get some more money," without mentioning any allegations of sexual assault or harassment.  Furthermore, at plaintiff's deposition, plaintiff listened to this recording and

4

confirmed that it was his voice. *See* Dkt. No. 195-2, Plaintiff's Deposition at 124:16 – 124:24, March 18, 2025 (124:24 "Yeah, that's me").

Defendants' Exhibit M is a recording of a voice mail message left by plaintiff on June 14, 2021 at 12:37 p.m., in which he stated, *inter alia*, that he had a big argument the day prior with a female officer, cursing her out, and he will be adding her to his lawsuit, without any mention of sexual assault or harassment.

Defendants' Exhibit N is a recording of a phone call plaintiff made to Andrea Thornton on June 14, 2021 at 12:44 p.m., in which plaintiff stated, *inter alia*, that he had a big argument with a female officer the day prior and would be adding her to a lawsuit, referencing his interaction with defendant Brumfield, again without any mention of sexual assault or harassment.

Defendants' Exhibit O is a recording of a phone call plaintiff made to Andrea Thornton on June 14, 2021 at 18:20 p.m., in which plaintiff stated, *inter alia*, that two of his lawsuits are already won, without referencing his interaction with defendant Brumfield at all. Exhibit O will only be used for impeachment purposes and not be admitted affirmatively.

Accordingly, for the foregoing reasons, defendants' Exhibit I through Q are admissible and should not be precluded.

## POINT II

### DEFENDANTS DID NOT WAIVE QUALIFIED IMMUNITY BY NOT ARGUING IT IN THEIR SUMMARY JUDGMENT MOTION

Plaintiff argues that defendants waived their defense of qualified immunity by not moving "for summary judgment on qualified immunity, despite having had ample opportunity to do so." *See* Pl. Memo. at 4. However, this is not the law. *See, e.g. Stephenson v. Doe*, 332 F.3d 68, 76-77 (2d Cir. 2003) ("[F]ailure to seek summary judgment on qualified immunity does not, on this record, amount to a waiver of the defense."); *Guzman-Rivera v. Rivera-Cruz,* 98 F.3d 664,

5

669 (1st Cir. 1996) (noting that even though defendants did not assert the defense of qualified immunity at summary judgment stage, the defense remained available for subsequent stages of litigation); *see also, e.g., Baar v. Jefferson Cty. Bd. of Educ.,* 476 F. App'x 621, 625 (6th Cir. 2012) ("A 'waiver' of qualified immunity at one stage of the litigation does not necessarily constitute a waiver for all future stages."). Furthermore, the Second Circuit has "never required defendants who have properly pled their defense in their answer to also file a motion for summary judgment…to preserve the defense." *Villante v. VanDyke*, 93 F. App'x 307, 309 (2d Cir. 2004).

Defendants have not waived their qualified immunity defense because they asserted it in each of their Answers, the parties proposed Joint Pretrial Statement, and the defendants' Proposed Jury Charge. See Dkt. No. 41, Answer to Plaintiff's Amended Complaint at ¶ 161, October 14, 2022; Dkt. No. 49, Answer to SAC for defendants City, Simmons, Palmer-Campbell, Francis, Davis, and Montague, at ¶ 161, November 3, 2022; Dkt. No. 50, Answer to SAC on behalf of defendant Brumfield, at ¶ 161, December 2, 2022; Dkt. No. 224, Joint Pretrial Statement at 5, October 6, 2025; Dkt. No. 242, Defendants' Proposed Jury Charge at 1 n. 2, October 14, 2025.

In fact, this Court has previously rejected this very same argument. *See*, *Miller v. City of New York,* No. 17-CV-8593 (JPO), 2023 U.S. Dist. LEXIS 2132 at *11-12 (S.D.N.Y. Jan. 5, 2023) (Oetken, J.) ("Here, the claims that Plaintiffs argued at summary judgment and during the trial differed significantly from the claims and facts that they argue now; on the previous allegations — that [defendant] conducted a body cavity search on [plaintiff] — qualified immunity would have been inappropriate.") (citing *Stephenson v. Doe*, 332 F.3d 68, 77 (2d Cir. 2003) (holding that qualified immunity was not waived despite not being raised at summary judgment because "in order to reach [defendant's] claim of qualified immunity the jury had to resolve various factual disputes in his favor")).

Plaintiff's allegations are that defendants Brumfield, Simmons, and Palmer-Campbell sexually assaulted plaintiff, with defendants Davis, Francis, and Montague aware of said sexual assaults, but failing to intervene. Therefore, qualified immunity would be inappropriate based on these specific allegations. However, should a different evidentiary record be developed at trial, or should a fact finder make different determinations, defendants should not be precluded from asserting qualified immunity. *See Miller*, 2023 U.S. Dist. LEXIS 2132 at *11-12.

"Where summary judgment is inappropriate, and the case proceeds to trial, the defense of qualified immunity may be presented to the jury or may be decided by the court in a motion for judgment as a matter of law." *Blissett v. Coughlin,* 66 F.3d 531, 538 (2d Cir. 1995). Defendants respectfully submit that qualified immunity will be a question of law for the Court based on the trial record and any necessary factual findings by the jury, which is contrary to what plaintiff argues in his opposition, and consistent with what defendants have asserted in their jury charge. *See* Pl. Memo at 9; Dkt. No. 242, Defendants' Proposed Jury Charge at 1 n. 2, October 14, 2025. Defendants submit that at the conclusion of plaintiff's case, or at the conclusion of trial, the Court will be able to determine whether qualified immunity applies based on the evidentiary record. In addition, there will likely be a strong qualified immunity argument for defendants Davis, Francis, and Montague, to have their claims dismissed earlier in the proceeding based on the evidentiary record. These defendants' theory of liability is only based on their alleged awareness of the sexual assaults and their alleged failure to intervene, which defendants contend that, because, *inter alia*, no such alleged sexual assaults occurred, defendants Davis, Francis, and Montague were not aware of any alleged sexual assaults, and, at the very least, did not have a reasonable opportunity to intervene.

Accordingly, defendants should not be precluded from asserting qualified immunity at the close of plaintiff's case, or at the end of trial, and have not waived this defense.

### POINT III

**DEFENDANTS SHOULD NOT BE PRECLUDED FROM INTRODUCING DETAILS OF PLAINTIFF'S ADMISSIBLE CRIMINAL CONVICTIONS**

Plaintiff seeks to preclude the names and nature of plaintiff's prior convictions in any anticipated impeachment of plaintiff. His argument, however, seeks to improperly limit Defendants' questioning of plaintiff in contravention of the Federal Rules of Evidence, and Defendants should be allowed to introduce evidence of plaintiff's convictions as permitted under Fed. R. Evid. 609.

Fed. R. Evid. 609(a)(1) "requires district courts to admit the name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Thomas v. Leifeld*, No. 13-CV-321 (MAD) (TWD), 2018 U.S. Dist. LEXIS 116008, at *4 (N.D.N.Y. July 12, 2018) (citing *United States v. Estrada*, 430 F. 3d 606, 621 (2d Cir. 2005)). "[W]hile it might be proper to limit, under Rule 609(a)(1), evidence of the underlying facts or details of a crime of which a witness was convicted, inquiry into the 'essential facts' of the conviction, including the nature or statutory name of each offense, its date, and the sentence imposed is presumptively required by the Rule, subject to balancing under Rule 403." *Estrada*, 430 F. 3d at 616; *see United States v. Howell*, 285 F.3d 1263, 1267-68 (10th Cir. 2002) (evidence of the number and nature of felony offenses is ordinarily required under Rule 609(a)(1) because a witness's convictions bear to differing degrees on credibility depending on these

characteristics); *Campbell v. Greer*, 831 F.2d 700, 707 (7th Cir. 1987) (concluding in a civil case that the "crime must be named" because the jury cannot evaluate a witness's credibility "if all it is told is that the witness was convicted of a 'felony'").

Here, the "essential facts" of plaintiff's convictions – specifically, the nature or statutory name of each offense – are necessary for the jury to evaluate plaintiff's credibility. Just weeks ago, on October 8, 2025, plaintiff pled guilty to the following felony charges: one count of Rape in the First Degree, three counts of Criminal Sexual Act in the First Degree, and one count of Strangulation, under New York County Indictment No. 794-2019. That same day, plaintiff also pled guilty to three counts of Aggravated Criminal Contempt, one count of Bribing a Witness, one count of Tampering with a Witness in the Third Degree, and one count of Intimidating a Victim or Witness in the Third Degree, all felonies, charged under New York County Indictment No. 72723-2023. In addition, on February 23, 2023, plaintiff pled guilty to Robbery in the Second Degree, under New York County Indictment No. 801-2019, and on December 20, 2016, plaintiff pled guilty to Bail Jumping in the Second Degree under New York County Indictment No. 1421-2019 – all felony charges.

Plaintiff's plea on January 30, 2017 for Attempted Grand Larceny in the Fourth Degree, under New York County Docket No. 2014NY061072, should also be admitted pursuant to Fed. R. Evid. 609(b)(2). Despite being a misdemeanor, the probative value substantially outweighs the prejudicial effect, as "theft" crimes bear heavily on a witness's propensity to testify truthfully. *See United States v. Estrada*, 430 F.3d 606, 618-19 (2d Cir. 2005). The same holds true for plaintiff's November 13, 1996 felony conviction for felony Criminal Possession of Stolen Property in the Fourth Degree, under New York County Indictment No. 5211996 – despite being more than (10) years prior, it also goes to truthfulness. *Id.*

9

"Plaintiff's credibility on the stand is [] of decisive importance." *Daniels v. Loizzo*, 986 F. Supp. 245, 250-51 (S.D.N.Y. 1997). This is particularly true here, where plaintiff and Defendants "will testify to radically divergent versions of what occurred," and that "[f]aced with these conflicting stories, the jury's central task will be to determine who is telling the truth." *Id.* Thus, the nature and name of the offenses for which plaintiff was convicted are necessary for the jury to assess the weight of the evidence – *i.e.* the extent to which each specific conviction bears on the witness's credibility. Indeed, "the balancing requirement incorporated into Rule 609(a)(1) presumes that some details of a witness's felony convictions will be considered." *Estrada*, 430 F.3d at 616 (internal citation omitted). Plaintiff has not, and cannot, demonstrate that the probative value of his felony convictions is substantially outweighed by any prejudicial effect. In fact, what plaintiff argues is prejudicial is, in fact, what is probative – it is the nature of the offense that allows the jury to assess evidence of character for truthfulness. Plaintiff's request to withhold the nature of the convictions in contrary to Rule 609's balancing test, as the jury cannot evaluate the probative value of plaintiff's conviction without knowing the nature of the crimes.

Plaintiff's reliance on *Jackson v. City of White Plains* is misplaced. No. 05–CV 0491 (NSR), 2016 WL 234855, at *13-14 (S.D.N.Y. Jan. 19, 2016). In that case, the defendant did not intend to offer evidence of plaintiff's multiple convictions; nevertheless, the Court held that, if "Defendant [sought] to introduce at trial evidence of Plaintiff's prior convictions occurring within the past ten years," it would rule at such time – and thus did not exclude plaintiff's prior convictions. *Id.* And *Lewis v. Velez*, 149 F.R.D. 474, 481–83 (S.D.N.Y. 1993), and *Williams v. Henderson*, 451 F. Supp. 328, 331 (E.D.N.Y. 1978), are similarly unpersuasive. In each case, the court declined to admit the plaintiffs' prior convictions, finding "they bear a close resemblance to actions alleged in the current case" and may "cause unfair prejudice to the party against whom

10

they are offered by suggesting that the party has a propensity to commit such acts." *Lewis*, 149 F.R.D. at 483. Here, there is no risk of unfair prejudice that the convictions will be seen as propensity evidence, as plaintiff is not on trial and it is not his "bad acts" that are at issue. Contrary to plaintiff's argument, there are no "impermissible propensity inferences," as plaintiff is not the one accused of sexual assault – here, plaintiff is the accuser.

As such, defendants should be permitted to introduce evidence of plaintiff's prior convictions, including the nature or statutory name of each offense, the date, and the sentence imposed,[1] as permitted under Fed. R. Evid. 609(a). Thus, the Court should deny plaintiff's motion *in limine* and grant defendants' motion *in limine* on this same issue. *See* Dkt. No. 245, Defendants' Memorandum of Law in Support of their Motions *in Limine*, at 39, Point XI, October 14, 2025.

## **CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court deny plaintiff's motions *in limine* in their entirety, together with such other and further relief as the Court deems just.

Dated:   New York, New York
         October 21, 2025

                                                MURIEL GOODE-TRUFANT
                                                Corporation Counsel of the City of New York
                                                *Attorney for Defendants*
                                                New York, New York 10007
                                                (212) 356-1945

                                          By:   */s/ Gregory J.O. Accarino*
                                                     Gregory J.O. Accarino
                                                     *Senior Counsel*

cc:   Sami Elamad (by ECF)
      *Attorney for plaintiff*

---

[1] Defendants do not intend to elicit the details of the underlying offenses.