UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KWAINE THOMPSON,<br><br>                    Plaintiff,<br><br>             -v-<br><br>KATRESE BRUMFIELD, JESSICA<br>SIMMONS, and DEBBIE PALMER-<br>CAMPBELL,<br><br>                    Defendants. | 22-CV-1458 (JPO)<br><br>ORDER |

For clarity of the record, attached to this Order is a copy of the Court's draft jury charge as provided to counsel for the parties by email on October 28, 2025, at 5:33 p.m., as discussed during the charge conference on October 29, 2025.

SO ORDERED.

Dated:  October 30, 2025
        New York, New York

_____
            J. PAUL OETKEN
        United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KWAINE THOMPSON,

                              Plaintiff,


              -v-


KATRESE BRUMFIELD, JESSICA
SIMMONS, and DEBBIE PALMER-
CAMPBELL,

                              Defendants.

Case No. 22-CV-1458 (JPO)

## **JURY INSTRUCTIONS**

**TABLE OF CONTENTS**

I.    GENERAL INSTRUCTIONS ................................................................................ 1
      A.    Introductory Remarks .......................................................................... 1
      B.    Role of the Court ................................................................................ 2
      C.    Role of the Jury ................................................................................. 2
      D.    Role of Counsel .................................................................................. 3
      E.    Sympathy or Bias ............................................................................... 3
      F.    Burden of Proof .................................................................................. 4
      G.    What Is and Is Not Evidence ............................................................... 5
      H.    Direct and Circumstantial Evidence ..................................................... 6
      I.    Witness Credibility ............................................................................. 8
      J.    Prior Inconsistent Statement ............................................................... 10
      K.    Use of Deposition Testimony ............................................................... 10
II.   SUBSTANTIVE INSTRUCTIONS ........................................................................ 10
      A.    42 U.S.C Section 1983 - Sexual Assault Claim ...................................... 11
            1.    First Element—Action under Color of State Law .......................... 12
            2.    Second Element—Deprivation of a Federal Right ......................... 12
            3.    Third Element—Proximate Cause ............................................... 14
            4.    Summary of Section 1983 Claim ............................................... 15
      B.    Assault and Battery ........................................................................... 15
            1.    Assault ................................................................................ 16
            2.    Battery ................................................................................ 16
III.  DAMAGES .................................................................................................... 17
      A.    Compensatory Damages ...................................................................... 18
      B.    Nominal Damages .............................................................................. 19
      C.    Punitive Damages .............................................................................. 20
IV.   DELIBERATIONS OF THE JURY ....................................................................... 21
      A.    Selection and Duties of Foreperson ..................................................... 21
      B.    Right to See Exhibits and Hear Testimony; Communication with the Court ....... 21
      C.    Notes .............................................................................................. 22
      D.    Duty to Deliberate; Unanimous Verdict ................................................ 22
      E.    Verdict Form .................................................................................... 23
      F.    Return of Verdict .............................................................................. 24
V.    CONCLUSION ............................................................................................... 24

# I.    GENERAL INSTRUCTIONS

## A.    Introductory Remarks

Members of the jury, you have now heard all of the evidence in the case as well as the final arguments of the parties.  We have reached the point where you are about to undertake your final function as jurors.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

My duty at this point is to instruct you as to the law.  There are five parts to these instructions.  First, I'm going to give you some general instructions about your role and about how you are to decide the facts of the case.  These instructions really would apply to just about any trial.  Second, I will give you instructions relating to how to evaluate evidence.  Third, I'll give you some specific instructions about the legal rules applicable to this particular case.  Fourth, I will give you instructions about how to assess possible damages.  Fifth, I'll give you some final instructions about procedure.

It is your duty to accept these instructions of law and to apply them to the facts as you determine them.  With respect to legal matters, you must take the law as I give it to you.  If any attorney or witness has stated a legal principle differently from any that I state to you in my instructions, it is my instructions that you must follow.  You must not substitute your own notions or opinions of what the law is or ought to be.

Listening to these instructions may not be easy.  It is important, however, that you listen carefully and concentrate.  I ask you for patient cooperation and attention.  You'll notice that I'm reading these instructions from a prepared text.  It would be more lively, no doubt, if I just improvised.  But it's important that I not do that.  The law is made up of words, and those words are very carefully chosen.  So, it's critical that I use exactly the right words.

You'll have copies of what I'm reading in the jury room to consult, so don't worry if you miss a word or two. But for now, listen carefully and try to concentrate on what I'm saying. Remember, you are to consider these instructions together as a whole; you are not to isolate or give undue weight to any single instruction.

**B.     Role of the Court**

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and to apply them to the facts as you determine them. With respect to legal matters, you must take the law as I give it to you. If any attorney or witness has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You must not substitute your own notions or opinions of what the law is or what you think it ought to be. You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

**C.     Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts. You evaluate the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case. Any opinion I might have regarding the facts is of absolutely no consequence.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts and to render judgment impartially and fairly, solely on the evidence in this case and the applicable law.

### D.    Role of Counsel

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. It is my job to rule on those objections. Therefore, why an objection was made or why I ruled on it the way I did is not your concern. You should draw no inference from the fact that an attorney objects to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection. If I sustained the objection, you may not consider the testimony or exhibit at issue; if I overruled the objection, you may consider the testimony or exhibit just as you would any other evidence in the case.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed opinions or had reactions of any kind to the lawyers here, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those opinions or reactions should not enter into your deliberations.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question. You should draw no inference against the attorney or the client. It is the duty of the attorneys to advocate on behalf of their clients.

From time to time, the lawyers and I have had conferences out of your hearing. These conferences involved procedural and other legal matters, and should not enter into your deliberations at all.

### E.    Sympathy or Bias

You must evaluate the evidence calmly and objectively, without prejudice or sympathy. You must be completely fair and impartial. Your verdict must be based solely on the evidence presented at this trial, or the lack of evidence.

You may not consider, in deciding the facts of the case, any personal feelings you may have about the race, religion, national origin, gender, age, sexual orientation, disability, or physical appearance of any party or witness. It is equally improper for you to allow any personal feeling that you might have about the nature of the claims or defenses to influence you in any way. The parties in this case are entitled to a trial free from prejudice and bias. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

The case should be decided by you as an action between parties of equal standing in the community, of equal worth, and holding the same or similar stations in life. The defendants are not to be favored or disfavored because they are corrections officers, nor is the plaintiff to be favored or disfavored because of his status or background. All parties are entitled to the same fair trial by you.

### F.    Burden of Proof

At various times in these instructions I will use the term "burden of proof." As this is a civil case, the standard of proof is a preponderance of the evidence.

The party who has the burden of proof on a particular issue has the burden of establishing their position on that issue by a preponderance of the evidence. If you conclude that the party who has the burden of proof on an issue has failed to establish their position by a preponderance of the evidence, you must decide against that party on that issue. Here, Plaintiff, Kwaine Thompson, has the burden of proof to prove his claims and damages by a preponderance of the evidence.

What does a "preponderance of the evidence" mean? To establish by a preponderance of evidence means to prove something is more likely so than not so. A preponderance of the

evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties, then you must decide that issue against the party having this burden of proof, here the Plaintiff.  That is because the party bearing this burden must prove more than simple equality of evidence – the party must prove the element at issue by a preponderance of the evidence.  On the other hand, Plaintiff need prove no more than a preponderance of the evidence.  So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof, here the Plaintiff, then that element will have been proved by a preponderance of the evidence.

One final note on the burden of proof: some of you may have heard of "proof beyond a reasonable doubt."  As I told you at the beginning of the trial, "beyond a reasonable doubt" is the standard of proof in a criminal trial.  It does not apply to a civil case such as this and you should put it out of your mind.

### G.    What Is and Is Not Evidence

In determining the facts, you must rely upon your own recollection of the evidence.  The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.

The only exhibits that are evidence in this case are those that were received in evidence.  Exhibits marked for identification but not admitted are not evidence.  Some exhibits have

redactions on them, or places where the text has been blocked out. You should not concern yourself with what was redacted, nor why anything was redacted from a document.

As I told you at the start of this case, statements and arguments by the lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. If your recollection of the facts differs from the lawyers' statements, however, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions, restatements of exhibits, or summarizing of the witness's testimony as evidence. It is the witnesses' answers to those questions, evaluated in the context of the question asked, or the exhibits themselves that are evidence. Similarly, any statements that I may have made do not constitute evidence. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Finally, this means, of course, that anything you may have heard or read outside of this courtroom—on the internet, in the news media, or anywhere else—may play no role in your deliberations. Your decision in this case must be made solely on the evidence presented at trial.

### H.    Direct and Circumstantial Evidence

Generally, there are two types of evidence that you may consider in reaching your verdict. One type of evidence is direct evidence. Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses—something the witness has seen, felt, touched, or heard. For example, if a witness testified that when he or she left the house this morning, it was raining, that would be direct evidence about the weather. Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence from which you may infer the existence of certain facts. For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella, which was dripping wet. Then a few minutes later another person entered with a wet raincoat. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So, you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact. As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion that you might reasonably draw from other facts that have been proven. Many material facts—such as what a person was thinking or intending—are not easily proven by direct evidence. Proof of such matters may be established by circumstantial evidence.

Circumstantial evidence is as valuable as direct evidence. The law makes no distinction between direct and circumstantial evidence.

There are times when different inferences may be drawn from the evidence. The plaintiff asks you to draw one set of inferences. The defendants ask you to draw another. It is for you, and for you alone, to decide what inferences you will draw.

## I.    Witness Credibility

You have had the opportunity to observe the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness's bias or impartiality, the reasonableness of the witness's statement, the strength or weakness of the witness's recollection viewed in the light of all other testimony, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. How did the witness appear?  Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent or contradictory?  Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

In passing upon the credibility of a witness, you may consider any inconsistencies or contradictions as to material matters in his or her testimony.  You should also consider any evidence that the witness who testified may benefit in some way from the outcome in this case. Likewise, you should note any evidence of hostility or affection that the witness may have

toward one of the parties. Such bias or interest in the outcome creates a motive to testify falsely. It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony and bear that factor in mind when evaluating the credibility of the testimony.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

If you find that any witness has willfully testified falsely as to any material fact, you have the right to reject the testimony of that witness in its entirety. On the other hand, even if you find that a witness has testified falsely about one matter, you may reject as false that portion of his or her testimony and accept as true any other portion of the testimony which you find credible or which you may find corroborated by other evidence in this case. A witness may be inaccurate, contradictory, or even untruthful in some aspects, and yet be truthful and entirely credible in other aspects of his or her testimony.

You have heard testimony from witnesses who are correction officers. You should not give the testimony of a correction officer any more or less weight solely because they are a correction officer. You must evaluate a correction officer's testimony in the same way that you would evaluate the testimony of any other witness.

Finally, you have heard evidence about Plaintiff's prior convictions. That evidence may only be used to assess Plaintiff's credibility. It may not be used to infer a propensity for breaking the law or violence.

The ultimate question for you to decide in passing upon credibility is: did the witness tell the truth before you? It is for you to say whether his or her testimony at this trial was truthful in whole or in part.

### J.      Prior Inconsistent Statement

You have heard evidence that certain witnesses may have made statements on earlier occasions which counsel argue are inconsistent with their trial testimony.  If you find that a witness made an earlier statement that conflicts with that witness's trial testimony, you may consider that fact in deciding how much of the trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

### K.      Use of Deposition Testimony

Some of the testimony before you is in the form of a deposition which has been received in evidence.  A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial.  This is part of the pretrial discovery process, and each side is entitled to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at this trial.

## II.      SUBSTANTIVE INSTRUCTIONS

I will turn now to my instructions on the substantive law to be applied to this case.

This is a civil case with claims brought by the plaintiff against the defendants. Parties who bring claims are called plaintiffs. The Plaintiff in this case is Kwaine Thompson. After a plaintiff brings claims, the defendants are then called upon to respond to the claims. The Defendants in this case are Correction Officers Katrese Brumfield, Jessica Simmons, and Debbie Palmer-Campbell.

I will now discuss each of the claims in this case and the elements of each of these claims.

**A.    42 U.S.C Section 1983 - Sexual Assault Claim**

In order to find for Mr. Thompson on his Section 1983 claim, you must find by a preponderance of the evidence that a defendant sexually assaulted plaintiff as he alleges.

Mr. Thompson alleges that the Defendants Brumfield, Simmons, and Palmer-Campbell violated his Fourteenth Amendment rights by sexually assaulting him while he was an inmate on Rikers Island. Defendants dispute Mr. Thompson's version of events in its entirety. Therefore, you must first determine whose version of events you believe. This means that if you find that Mr. Thompson was sexually assaulted, then you must find for Mr. Thompson on his Fourteenth Amendment claim. However, if you find that Mr. Thompson has not met his burden of proof and has not shown that he was sexually assaulted then you must find for the Defendants on this claim.

To establish a claim under Section 1983, a plaintiff must demonstrate, by a preponderance of the evidence, the following three elements:

First, that the acts complained of were committed by the defendant acting under color of state law;

11

Second, that this conduct deprived the plaintiff of a right protected by the United States Constitution; and

Third, that the defendant's conduct was a proximate cause of the injuries and damages sustained by the plaintiff.

I will now explain each of these elements in greater detail.

### 1. First Element—Action under Color of State Law

As to the first element—whether the defendants were acting under color of state law—I instruct you that there is no dispute in this case that, during their interactions with Mr. Thompson, Defendants were acting as on-duty correction officers for New York City, and that they were therefore acting under color of state law. Mr. Thompson has therefore established this element, and you do not have to consider it.

### 2. Second Element—Deprivation of a Federal Right

For Mr. Thompson to establish this second element of a Section 1983 claim, he must show that Defendants' actions caused Mr. Thompson to suffer the loss of his right to be free bodily integrity; and that Defendants performed these acts intentionally or recklessly, rather than accidently.

Specifically, in order for Mr. Thompson to establish this element of a Section 1983 claim, he must prove two things by a preponderance of the evidence with respect to each Defendant:

First, the plaintiff must prove by a preponderance of the evidence that the defendant you are considering took actions that the plaintiff claims violated plaintiff's constitutional rights. Section 1983 does not require the plaintiff to demonstrate that the defendant you are considering acted with the specific intent to violate plaintiff's federally protected rights. It only requires that

the effects of defendant's actions with respect to plaintiff were not accidental effects of otherwise lawful conduct.

Second, the plaintiff must prove that the defendant's conduct caused plaintiff to suffer the loss of a constitutional right, here the right to bodily integrity.

Before I continue, I also wish to instruct you that you must consider separately each defendant's involvement, if any, in the alleged deprivation of bodily integrity and return a separate verdict for each defendant. In reaching your verdict, bear in mind that liability is individual. Your verdict must be based solely upon the evidence, or lack of evidence, concerning each defendant. In other words, each defendant is entitled to a fair consideration of her own defense, and is not to be prejudiced by any finding you make regarding any other defendant.

In this case, Mr. Thompson alleges that the Defendants Brumfield, Simmons, and Palmer-Campbell violated his Fourteenth Amendment rights by sexually assaulting him while he was an inmate on Rikers Island. Defendants dispute Mr. Thompson's version of events in its entirety. You must first determine whose version of events you believe. This means that if you find that Mr. Thompson was sexually assaulted by any of the Defendants, then you must find for Mr. Thompson on his Fourteenth Amendment claim. However, if you find that Mr. Thompson has not met his burden of proof and has not shown that he was sexually assaulted then you must find for the Defendants on this claim.

The due process protection of the Fourteenth Amendment protects citizens from the sexual misconduct of state actors. This type of constitutional injury is grounded in the right to personal bodily integrity, a so-called substantive due process right. That is, a person has a right to bodily integrity—a right to be free from unwanted sexual intimacy or touching. If a state actor

13

violates this right, he or she has committed a constitutional due process violation. The question before you on this claim is whether Mr. Thompson has proven by a preponderance of the evidence that the Defendants' actions, as he alleges, deprived him of his constitutional right to bodily integrity.

### 3.    Third Element—Proximate Cause

As I stated earlier, three elements are required for the plaintiff to establish a claim under Section 1983. To recap, those elements are: (1) that the conduct complained of was committed by a person acting under color of state law; (2) that this conduct deprived the plaintiff of a federal right; and (3) that the defendants' acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

The third element that Mr. Thompson must prove is that Defendants' acts were a proximate cause of the injuries Mr. Thompson sustained. Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by Mr. Thompson. If you find that any of Defendants' acts or omissions were a substantial factor in bringing about or actually causing Mr. Thompson's injury, that is, if the injury was a reasonably foreseeable consequence of any of Defendants' acts or omissions, then Defendants' acts or omissions were a proximate cause of Mr. Thompson's injuries. If an injury was a direct result or a reasonably probable consequence of Defendants' acts or omissions, it was proximately caused by such acts or omissions. Stated another way, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, Mr. Thompson must show, by a preponderance of evidence, that his injury would not have occurred without the acts or omissions

of one or more of the Defendants.  If you find that Defendants have proven, by a preponderance of the evidence, that Mr. Thompson complain about an injury that would have occurred even in the absence of Defendants' acts or omissions, you must find that Defendants did not proximately cause Mr. Thompson's injury.

A proximate cause need not always be the nearest cause either in time or space.  In addition, there may be more than one proximate cause of an injury.  Many factors or the conduct of two or more people may operate at the same time, either independently or together to cause an injury.  Defendants are not liable if they did not cause Mr. Thompson's injuries or if Mr. Thompson's injuries were caused by a new or independent source that intervened between Defendants' acts or omissions and Mr. Thompson's injuries and produced a result that was not immediately foreseeable by Defendants.

### 4. Summary of Section 1983 Claim

To summarize for you very briefly, I have described the three elements that Mr. Thompson must prove by a preponderance of the evidence to prove his claim under Section 1983 against each of the individual defendants.  First: that Defendants acted under color of state law, which is not disputed in this case.  Second: that Defendants' conduct deprived Mr. Thompson of a federal right—in this case, the right to bodily integrity, that is to be free from unwanted sexual intimacy or touching.  Third: that Defendants' acts proximately caused Mr. Thompson's injuries.

### B. Assault and Battery

Mr. Thompson also claims that defendants Brumfield and Simmons committed assault and battery against him.  I will explain the elements of both claims, as well as how they apply to defendants Brumfield and Simmons.

### 1.    Assault

An assault is the intentional placing of another person in apprehension of imminent harmful or offensive contact.  To prove assault, Mr. Thompson must—subject to additional instruction I'll give you shortly—prove each of the following elements by a preponderance of the evidence:

First, that defendants Brumfield and Simmons had the real or apparent ability to cause an imminent harmful or offensive contact with Mr. Thompson;

Second, that defendants Brumfield and Simmons intentionally committed an act that threatened Mr. Thompson with such contact; and

Third, that defendants Brumfield and Simmons's actions placed Mr. Thompson in an imminent apprehension of harmful contact.

Notice that I used the word "intentionally" in defining an assault.  Intent involves the state of mind with which an act is done.  For purposes of the assault and battery claims, if a person acts voluntarily with a desire to bring about a result, the person is said to have intended that result.  Further, even if a person has no desire to bring about the result, if he or she does the act knowing, with substantial certainty, that the result will follow, the person is also considered to have intended that result.

### 2.    Battery

A battery occurs when a person touches another person without that person's consent and with the intention of causing harm.  In order to prove that the defendant you are considering committed a battery against him, Mr. Thompson must—again, subject to additional instruction I'll give you shortly—prove each of the following elements by a preponderance of the evidence:

First, that defendants Brumfield and Simmons had bodily contact with Mr. Thompson;

Second, that the contact was harmful or offensive; and

Third, that defendants Brumfield and Simmons intended to have offensive or harmful bodily contact with Mr. Thompson.

As with assault, a person intends to commit a battery not only if he or she acts with the desire to bring about offensive or harmful bodily contact, but also if he or she knows with substantial certainty that the bodily contact he or she intends to have with another will be offensive or harmful.

### III.    DAMAGES

If you find that Mr. Thompson has proved, by a preponderance of the evidence, all of the elements of one or more of his claims for relief against Defendants, you must then decide if he suffered any injuries as a result of the violation of his rights and the appropriate damages to award.

The fact that I am instructing you as to the proper measure of damages does not indicate any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance only in the event that you should find that Mr. Thompson has proven all of the element of one or more of his claims in accordance with my other instructions.

If you decide that Defendants are liable for violating Mr. Thompson's rights, then you must simply determine the amount of damages that will fairly and justly compensate Mr. Thompson for any injury.  The verdict form I will give you will assist you in recording the determinations, if any, that you make as to damages.

There are three types of damages you may consider: compensatory damages, nominal damages, and punitive damages.  I will discuss each in turn.

### A.    Compensatory Damages

If you return a verdict for Mr. Thompson on one or more of his claims, then you may award him such sum of money as you believe will fairly and justly compensate him for any injury—including pain and suffering—that you believe he actually sustained as a direct consequence of the conduct of Defendants.  These damages are called compensatory damages. The purpose of compensatory damages is to make a plaintiff whole—that is, to compensate a plaintiff for the damage that he has proven by a preponderance of the credible evidence.

Compensatory damages are not only for out-of-pocket expenses that a plaintiff may have borne.  A prevailing plaintiff is also entitled to compensatory damages for physical injury, pain and suffering, and emotional and mental anguish that the plaintiff suffered because of the defendant's conduct.

Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant.  You should not award compensatory damages for speculative injuries, but only for those injuries—including pain and suffering—which the plaintiff has actually suffered, or that the plaintiff is reasonably likely to suffer in the future.

Moreover, you shall award actual damages only for those injuries that you find Mr. Thompson has proven by a preponderance of credible evidence to have been the direct result of conduct by the defendants you have found liable.  That is, you may not simply award actual damages for any injury suffered by Mr. Thompson—you must award actual damages only for those injuries that are a direct result of actions by Defendants, and that are a direct result of conduct by Defendants that was a violation of Mr. Thompson's rights.

The damages that you award must be fair and reasonable, neither inadequate nor excessive.  It is Mr. Thompson's burden to prove the amount of his damages and to prove that

the damages were caused by Defendants' actions.  If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Your determination of damages must not be based on speculation or sympathy.  However, the law does not require a plaintiff to prove the amount of losses with mathematical precision, but only with the as much definiteness and accuracy as the circumstances permit.  If you award compensatory damages you will have to determine, based on your common sense and experience, that amount of money that will fairly and reasonably make Mr. Thompson whole or compensate Mr. Thompson for the injuries and pain and suffering that he sustained as a consequence of any acts that violated his rights.

Mr. Thompson may not recover for any injury that existed prior to the incidents at issue, or for any injury which he suffered after the incident or that was not caused by the violation of his rights at issue here.  You may, however, compensate Mr. Thompson to the extent that you find that Defendants' violations of his rights further exacerbated prior injuries.

In addition, there is no claim in this case that Mr. Thompson sustained any loss of income or other economic loss.  So, in calculating compensatory damages, you may not include any amount for such losses.

In sum, your award of compensatory damages, if any, should reasonably compensate Mr. Thompson for such injury—including pain and suffering—as you find that he has sustained as a direct result of conduct by the defendants that was a violation of his rights.

### B.    Nominal Damages

If you return a verdict for Mr. Thompson but find that he has failed to prove by a preponderance of the credible evidence that he is entitled to any actual compensatory damages, then you must return an award of damages in the sum of one dollar.  This is to show that liability

has been proved and that Mr. Thompson has been deprived of a constitutional right or has suffered assault and battery, but that Mr. Thompson has not proven that he suffered an actual injury as a result of those harms. This type of damages is called "nominal damages."

### C.     Punitive Damages

If you find that Mr. Thompson has proven one or more of his claims against Defendants, then you must decide whether, in your discretion, to award Mr. Thompson punitive damages.

Keep in mind that the fact that I am giving you instructions on punitive damages should not be considered as an indication of any view on my part as to what your verdict should be or on whether punitive damages should be awarded. It is entirely up to you to decide whether or not punitive damages should be awarded in this case.

You may award punitive damages if you believe that Defendants should be punished for conduct that was motivated by an evil motive or intent, or that involved callous disregard or reckless indifference to Mr. Thompson's rights.

Mr. Thompson is not entitled to punitive damages as a matter of right. You must make a judgment about Defendants' conduct. To make that judgment, it is important to keep in mind the reasons for awarding punitive damages: to punish a defendant for malicious conduct against a plaintiff or callous disregard or reckless indifference for a plaintiff's rights, and to deter the defendant or others like the defendant from engaging in similar conduct. Thus, you should consider whether the award of punitive damages will accomplish this dual purpose of punishment and deterrence.

## IV.    DELIBERATIONS OF THE JURY

Ladies and gentlemen of the jury, that concludes the substantive portion of my instructions to you.  You are about to go into the jury room and begin your deliberations.  I will now give you a few final instructions on those deliberations.

### A.    Selection and Duties of Foreperson

The first thing that you should do when you retire to deliberate is to select one of you to function as your foreperson.  You are free to select any member as your foreperson.  The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the Court.  The foreperson will send out any notes, and when the jury has reached a verdict, the foreperson will notify the marshal that the jury has reached a verdict, and you will come into open court and give the verdict.

### B.    Right to See Exhibits and Hear Testimony; Communication with the Court

All of the exhibits admitted into evidence will be sent to the jury room with you.  If you want any of the testimony read back, you may request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

Any communications with the Court should be made to me in writing, signed, dated, and timed by your foreperson, and given to the marshal.  Please make any notes as clear and precise as possible.  Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached and announced in open court by your foreperson.

**C.    Notes**

Some of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are solely to assist you as an aid to your memory.  Do not share your notes with other jurors during deliberations.  Notes that any of you may have taken may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  All jurors' recollections are equal.  If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

**D.    Duty to Deliberate; Unanimous Verdict**

Shortly, you will retire to decide the case.  You are to discuss the case only when all jurors are present.  A majority of jurors together are only a gathering of individuals.  Only when all jurors are present do you constitute the jury, and only then may you deliberate.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for any party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case. Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

If you are divided, do *not* report how the vote stands, and if you have reached a verdict, do not report what it is until you are asked in open court.

### E.    Verdict Form

In a few moments, I will give you the verdict form with the questions for you to answer and you will retire to deliberate on your decision. As I stated, the questions are not to be taken as any indication that I have any opinion as to how they should be answered. I have no such opinion, and even if I did, it would not be binding on you.

You should answer every question except where the verdict form indicates otherwise. You should also proceed through the questions in the order in which they are listed and follow all instructions. Remember, all answers must be unanimous.

**F.      Return of Verdict**

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the marshal outside your door that you are ready to return to the courtroom.

Each of you must be in agreement with the verdict which is announced in court.  Once your verdict is announced and officially recorded, it cannot ordinarily be revoked.

## V.      CONCLUSION

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors, consider all of the evidence, apply your common sense, and follow my instructions on the law, you will reach a fair verdict here.  Thank you for your time and attention.